**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
                                              (State)

Case number (*If known*): _____ Chapter 11 ___

☐ Check if this is an
   amended filing

Modified Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**

   DISH DBS Corporation

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   8 4 – 1 3 2 8 9 6 7

4. **Debtor's address**

   **Principal place of business**

   | 9601 | South Meridian Boulevard |
   |------|--------------------------|
   | Number | Street |

   | Englewood | CO | 80112 |
   |-----------|-----|-------|
   | City | State | ZIP Code |

   | Douglas County | | |
   |----------------|--|--|
   | County | | |

   **Mailing address, if different from principal place of business**

   | | |
   |--|--|
   | Number | Street |

   | P.O. Box 6655 | | |
   |---------------|--|--|
   | P.O. Box | | |

   | Englewood | CO | 80155 |
   |-----------|-----|-------|
   | City | State | ZIP Code |

   **Location of principal assets, if different from principal place of business**

   | | |
   |--|--|
   | Number | Street |

   | | | |
   |--|--|--|
   | City | State | ZIP Code |

5. **Debtor's website** (URL)

   See Rider 1

Debtor ___DISH DBS Corporation_____     Case number *(if known)*_____
           Name

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___See Rider 2___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☑ A plan is being filed with this petition.

   ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                        MM / DD / YYYY

         District _____   When _____   Case number _____
                                        MM / DD / YYYY

Debtor    DISH DBS Corporation
          _____    Case number (*if known*)_____
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❏ No

◼ Yes.   Debtor   See Rider 3 _____   Relationship   Affiliate _____

District   Southern District of Texas _____   When   06/30/2026 _____
                                                        MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

❏ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

◼ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

◼ No

❏ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

❏ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

❏ It needs to be physically secured or protected from the weather.

❏ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

❏ Other _____

**Where is the property?**_____
                                 Number        Street

_____

_____   _____
City                                    State ZIP Code

**Is the property insured?**

❏ No

❏ Yes. Insurance agency _____

Contact name   _____

Phone   _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

◼ Funds will be available for distribution to unsecured creditors.

❏ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

❏ 1-49
❏ 50-99
❏ 100-199
❏ 200-999

❏ 1,000-5,000
❏ 5,001-10,000
◼ 10,001-25,000

❏ 25,001-50,000
❏ 50,001-100,000
❏ More than 100,000

Debtor   DISH DBS Corporation
         _____
         Name

Case number (*if known*)_____

| | | |
|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>■ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>■ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/30/2026
              _____
              MM / DD / YYYY

✗ /s/ John Swieringa
_____
Signature of authorized representative of debtor

John Swieringa
_____
Printed name

Title   Authorized Signatory
        _____

**18. Signature of attorney**

✗ /s/ Charles R. Koster
_____
Signature of attorney for debtor

Date   06/30/2026
       _____
       MM   / DD / YYYY

Charles R. Koster
_____
Printed name

White & Case LLP
_____
Firm name

609         Main Street, Suite 2900
_____
Number      Street

Houston                              Texas      77002
_____      _____  _____
City                                 State       ZIP Code

713-496-9700                         charles.koster@whitecase.com
_____      _____
Contact phone                        Email address

24128278                             Texas
_____      _____
Bar number                           State

**<u>Rider 1</u>**

**Debtors' Websites**

As of the date hereof, one or more of the affiliated Debtors listed on <u>Rider 3</u> maintain the following websites (URLs).

- https://www.dish.com/
- https://www.sling.com/
- https://www.boostmobile.com/

## Rider 2

### NAICS Codes

The NAICS (North American Industry Classification System) 4-digit code that best describes substantially all of the Debtors is one or more of the following codes.

- 5162 (Media Streaming Distribution Services, Social Networks, and Other Media Networks and Content Providers)
- 5171 (Wired and Wireless Telecommunications (except Satellite))
- 5174 (Satellite Telecommunications)

**Rider 3**

**Affiliated Debtors**

On the date hereof, each of the affiliated Debtors listed below filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of DISH DBS Corporation.

1.  DISH Broadcasting Corporation
2.  DISH Wireless L.L.C.
3.  DISH DBS Corporation
4.  DISH Infinite Corporation
5.  DISH Network L.L.C.
6.  Dish Network Service L.L.C.
7.  DISH Operating L.L.C.
8.  DISH Technologies Holding Corporation
9.  DISH Technologies L.L.C.
10. DISH Wireless Leasing L.L.C.
11. DISH Wireless Retail Holding L.L.C.
12. DISH Wireless Retail Operating L.L.C.
13. Neyland Networks LLC
14. Sling Media L.L.C.
15. Sling TV Gift Card Corporation
16. Sling TV Holding L.L.C.
17. Sling TV L.L.C.
18. Sling TV Purchasing L.L.C.

**Fill in this information to identify the case:**

Debtor Name: DISH DBS Corporation, et. al.,

United States Bankruptcy Court for the: Southern District of Texas

Case Number (if known):

☐ Check if this is an amended filing

Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claims is contingent, unliquidated or disputed | Amount of Unsecured Claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claims |
| 1 | WILMINGTON SAVINGS FUND SOCIETY FSB, AS TRUSTEE FOR 7.750 SENIOR NOTES DUE 2026<br>500 DELAWARE AVENUE<br>WILMINGTON, DE 19801 | CONTACTS:<br>PATRICK SIBLEY, AS COUNSEL<br>PHONE: 212-326-0152<br>PSIBLEY@PRYORCASHMAN.COM<br><br>ARSALA KIDWAI, AS COUNSEL<br>AKIDWAI@PRYORCASHMAN.COM<br><br>SETH LIEBERMAN, AS COUNSEL<br>SLIEBERMAN@PRYORCASHMAN.COM<br><br>MATTHEW SILVERMAN, AS COUNSEL<br>MSILVERMAN@PRYORCASHMAN.COM | 7.750 SENIOR NOTES DUE 2026 | | | | $ 2,000,000,000.00 |
| 2 | US BANK TRUST COMPANY, N.A., AS TRUSTEE FOR<br>5.125 NOTES DUE 2029<br>60 LIVINGSTON AVENUE<br>ST. PAUL, MN 55107 | CONTACTS:<br>ERIN SNYDER, AS COUNSEL<br>PHONE: 612-672-8399<br>ERIN.SNYDER@MASLON.COM<br><br>BRIAN KLEIN, AS COUNSEL<br>BRIAN.KLEIN@MASLON.COM<br><br>CLARK WHITMORE, AS COUNSEL<br>CLARK.WHITMORE@MASLON.COM<br><br>ELIZABETH FRAYER, AS COUNSEL<br>ELIZABETH.FRAYER@THOMPSONHINE.COM | 5.125 NOTES DUE 2029 | | | | $ 1,506,406,525.00 |
| 3 | US BANK TRUST COMPANY, N.A., AS TRUSTEE FOR<br>7.375 NOTES DUE 2028<br>60 LIVINGSTON AVENUE<br>ST. PAUL, MN 55107 | CONTACTS:<br>ERIN SNYDER, AS COUNSEL<br>PHONE: 612-672-8399<br>ERIN.SNYDER@MASLON.COM<br><br>BRIAN KLEIN, AS COUNSEL<br>BRIAN.KLEIN@MASLON.COM<br><br>CLARK WHITMORE, AS COUNSEL<br>CLARK.WHITMORE@MASLON.COM<br><br>ELIZABETH FRAYER, AS COUNSEL<br>ELIZABETH.FRAYER@THOMPSONHINE.COM | 7.375 NOTES DUE 2028 | | | | $ 1,000,000,000.00 |
| 4 | ESPN INC<br>500 SOUTH BUENA VISTA STREET<br>BURBANK, CA 91512 | CONTACT: SEAN BREEN<br>PHONE: 612-801-4442<br>SEAN.BREEN@DISNEY.ESPN.COM | TRADE DEBT | | | | $ 69,430,079.75 |
| 5 | TURNER NETWORK SALES INC<br>1050 TECHWOOD DRIVE NW<br>ATLANTA, GA 30318-5605 | CONTACT: AMAR MELWANI<br>PHONE: 347.409.3660<br>AMAR.MELWANI@WBD.COM | TRADE DEBT | | | | $ 42,731,804.65 |
| 6 | NEXSTAR INC<br>1502 CLEVELAND AVE<br>JOPLIN, MO 64801 | CONTACT: JOE FELBER<br>PHONE: 215.713.5063<br>JFELBER@NEXSTAR.TV | TRADE DEBT | | | | $ 40,584,957.93 |
| 7 | FOX CORPORATION<br>1211 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036-8799 | CONTACT: JESICA FANG<br>PHONE: 310-369-0760<br>JESSICA.FANG@FOX.COM | TRADE DEBT | | | | $ 38,690,854.39 |
| 8 | USA NETWORK<br>30 ROCKEFELLER PLAZA<br>NEW YORK, NY 10112 | CONTACT: AMY GEARY<br>PHONE: 917-568-6790<br>AMY.GEARY@NBCUNI.COM | TRADE DEBT | | | | $ 34,314,331.45 |
| 9 | SINCLAIR TELEVISION GROUP INC<br>10706 BEAVER DAM ROAD<br>COCKEYSVILLE, MARYLAND 21030 | CONTACT: WILL BELL<br>PHONE: 443.838.8697<br>WCBELL@SBGTV.COM | TRADE DEBT | | | | $ 30,527,414.06 |
| 10 | MTV NETWORKS DBA TV LAND CMT TNN MTV MTV2 VH1 NICKELODEON NICK AT NIGHT<br>1515 BROADWAY, 16TH FLOOR, ATTN: RAY HOPKINS, PRESIDENT US NETWORKS DISTRIBUTION, NEW YORK, NY 10036 | CONTACT: MIKE CORREIA<br>PHONE: 917.975.0339<br>MIKE.CORREIA@PARAMOUNT.COM | TRADE DEBT | | | | $ 30,442,061.17 |
| 11 | SCRIPPS MEDIA INC<br>312 WALNUT STREET, 28TH FLOOR<br>CINCINNATI, OHIO 45202 | CONTACT: MATT HIJUELOS<br>PHONE: 917-647-0661<br>MATTHEW.HIJUELOS@SCRIPPS.COM | TRADE DEBT | | | | $ 24,288,659.51 |
| 12 | DISCOVERY COMMUNICATIONS INC<br>30 HUDSON YARDS, NEW YORK, NY 10001, ATTN: EVP, DISTRIBUTION BUSINESS AND LEGAL AFFAIRS | CONTACT: JESICA FANG<br>PHONE: 310-369-0760<br>JESSICA.FANG@FOX.COM | TRADE DEBT | | | | $ 18,599,726.34 |

**Footnote:** This includes the consolidated list of creditors holding the 30 largest unsecured claims against the following Debtors: (a) DISH DBS Corporation; (b) DISH Broadcasting Corporation; (c) DISH Network L.L.C.; (d) Dish Network Service L.L.C.; (e) DISH Operating L.L.C.; (f) DISH Technologies Holding Corporation; (g) DISH Technologies L.L.C.; (h) Sling Media L.L.C.; (i) Sling TV Gift Card Corporation; (j) Sling TV Holding L.L.C.; (k) Sling TV L.L.C.; and (l) Sling TV Purchasing L.L.C.

**Footnote:** The claim amount for the 5.125% Senior Notes due 2029, issued by DISH DBS Corporation, reflects the outstanding principal balance with interest accrued through the Petition Date.

Official Form 204     Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td><td></td></tr>
<tr><td>Debtor Name: DISH DBS Corporation, et. al.,</td><td></td></tr>
<tr><td>United States Bankruptcy Court for the: Southern District of Texas</td><td></td></tr>
<tr><td>Case Number (if known):</td><td></td></tr>
</table>

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claims is contingent, unliquidated or disputed | Amount of Unsecured Claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claims |
| 13 | TEGNA INC 8350 BROAD STREET TYSONS, VIRGINIA 22102 | CONTACT: CHRIS GILPATRIC PHONE: 310-617-7116 CGILPATRIC@TEGNA.COM | TRADE DEBT | | | | $ 17,340,078.24 |
| 14 | UNIVISION NETWORK LTD PARTNERSHIP 5999 CENTER DRIVE, LOS ANGELES, CA 90045 | CONTACT: MICHAEL ANGUS PHONE: 310-846-2880 MANGUS@TELEVISAUNIVISION.COM | TRADE DEBT | | | | $ 17,215,037.29 |
| 15 | A AND E TELEVISION NETWORKS LLC 235 EAST 45TH STREET NEW YORK, NEW YORK 10017 | CONTACT: EMORY WALTON PHONE: 310-880-9941 EMORY.WALTON@AEGM.COM | TRADE DEBT | | | | $ 16,212,139.49 |
| 16 | NBC UNIVERSAL LLC DBA UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP NBCUNIVERSAL L 30 ROCKEFELLER CENTER PLAZA L 1221 CAMPUS – 27 L NEW YORK, NY 10112 | CONTACT: AMY GEARY PHONE: 917-568-6790 AMY.GEARY@NBCUNI.COM | TRADE DEBT | | | | $ 15,242,613.01 |
| 17 | MSNBC NBCUNIVERSAL L 30 ROCKEFELLER CENTER PLAZA L 1221 CAMPUS – 27 L NEW YORK, NY 10112 | CONTACT: AMY GEARY PHONE: 917-568-6790 AMY.GEARY@NBCUNI.COM | TRADE DEBT | | | | $ 12,484,660.59 |
| 18 | AMAZON WEB SERVICES LLC PO BOX 84023 SEATTLE, WA 98124-8423 | CONTACT: JOHN BURGESS PHONE: 925-788-2459 JOHBURJ@AMAZON.COM | TRADE DEBT | | | | $ 11,490,438.92 |
| 19 | HEARST TELEVISION INC 300 WEST 57TH STREET, 39TH FLOOR NEW YORK, NY 10019 | CONTACT: JOHN ROBERTSON PHONE: 212-887-6806 JROBERTSON@HEARST.COM | TRADE DEBT | | | | $ 11,207,340.29 |
| 20 | AMC NETWORK ENTERTAINMENT LLC 11 PENNSYLVANIA PLAZA 16TH FLOOR, NEW YORK, NY 10001 | CONTACT: BARBARA KALOSIEH PHONE: 201.563.1829 BARBARA.KALOSIEH@AMCNETWORKS.COM | TRADE DEBT | | | | $ 9,395,773.12 |
| 21 | FOX CABLE NETWORKS INC 10201 W. PICO BLVD. | BLDG. 88, #305 | LOS ANGELES, CA | 90064 | CONTACT: JESICA FANG PHONE: 310-369-0760 JESSICA.FANG@FOX.COM | TRADE DEBT | | | | $ 9,171,460.09 |
| 22 | DISNEY CHANNEL 77 WEST 66TH STREET, 8TH FLOOR NEW YORK, NEW YORK 10023 | CONTACT: SEAN BREEN PHONE: 612-801-4442 SEAN.BREEN@DISNEY.ESPN.COM | TRADE DEBT | | | | $ 8,574,663.37 |
| 23 | STARZ DBA STARZ ENTERTAINMENT LLC 100 PARK AVENUE, 19TH FLOOR, NEW YORK, NY 10017 | CONTACT: MITCH CARBULLIDO PHONE: 212-905-4200 MITCH.CARBULLIDO@STARZ.COM | TRADE DEBT | | | | $ 8,241,728.28 |
| 24 | DIGITAL BROADCASTING SYSTEM 601 CONGRESS AVE., SUITE 600 AUSTIN, TX 78701 | CONTACT: FRED I. WILLIAMS WILLIAMS SIMONS & LANDIS PLLC, AS COUNSEL PHONE: 512-543-1354 FWILLIAMS@WSLTRIAL.COM | LITIGATION | C/U/D | | | UNLIQUIDATED |
| 25 | CLEARPLAY INC 701 N. 44TH STREET PHOENIX, AZ 85008  36 S. STATE STREET, SUITE 1400 SALT LAKE CITY, UT 84111 | CONTACTS: LEO R. BEUS BEUS GILBERT MCGRODER PLLC, AS COUNSEL PHONE: 480-429-3000 LBEUS@BEUSGILBERT.COM  SAMUEL C. STRAIGHT RAY QUINNEY & NEBEKER PC, AS COUNSEL PHONE: 801-532-1500 SSTRAIGHT@RQN.COM | LITIGATION | C/U/D | | | UNLIQUIDATED |
| 26 | TQ DELTA 500 W. MADISON STREET, 34TH FLOOR CHICAGO, IL 60661  919 N. MARKET STREET, 12TH FLOOR WILMINGTON, DE 19801 | CONTACTS: PETER J. MCANDREWS, MCANDREWS HELD & MALLOY LTD, AS COUNSEL PHONE: 312-775-8000  BRIAN FARNAN FARNAN LLP, AS COUNSEL PHONE: 302-777-0300 BFARNAN@FARNANLAW.COM | LITIGATION | C/U/D | | | UNLIQUIDATED |
| 27 | ENTROPIC COMMUNICATIONS LLC 10100 SANTA MONICA BLVD., 8TH FLOOR LOS ANGELES, CA 90067 | CLAIM 1: CONTACTS: JAMES SHIMOTA K&L GATES LLP, AS COUNSEL PHONE: 312-372-1121 JIM.SHIMOTA@KLGATES.COM  WESLEY HILL WARD SMITH & HILL PLLC, AS COUNSEL PHONE: 903-757--6400 WH@WSFIRM.COM  CLAIM 2: CONTACT: CHRISTINA GOODRICH K&L GATES LLP, AS COUNSEL PHONE: 310-552-5000 CHRISTINA.GOODRICH@KLGATES.COM | LITIGATION | C/U/D | | | UNLIQUIDATED |

Official Form 204    Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims

2

**Fill in this information to identify the case:**

Debtor Name: DISH DBS Corporation, et. al.,

United States Bankruptcy Court for the: Southern District of Texas

Case Number (if known):

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders  12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claims is contingent, unliquidated or disputed | Amount of Unsecured Claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claims |
| 28 | SGCI HOLDINGS III LLC AND SOOHYUNG KIM TEN POST OFFICE SQUARE 8TH FLOOR SOUTH PMB #706 BOSTON, MA  02109 | CONTACT: TYLER GREEN CONSOVOY MCCARTHY PLLC, AS COUNSEL PHONE: 703-243-9423 | LITIGATION | C/U/D | | | UNLIQUIDATED |
| 29 | BURSOR & FISHER CLAIMANTS 1330 AVENUE OF THE AMERICAS NEW YORK, NY  10019 | CONTACT: YITZCHAK KOPEL BURSOR & FISHER PA, AS COUNSEL PHONE: 646-837-7127 VKOPEL@BURSOR.COM | LITIGATION | C/U/D | | | UNLIQUIDATED |
| 30 | JONES, LAQUITA ET AL. 65 MAIN STREET CHESTER, CT 06412 | CONTACT: JAMES MILLER MILLER SHAH LLP PHONE: 866-540-5505 JEMILLER@MILLERSHAH.COM | LITIGATION | C/U/D | | | UNLIQUIDATED |

Official Form 204   **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims**

3

**OMNIBUS RESOLUTIONS OF GOVERNING BODIES**
**OF CERTAIN ENTITIES**

**June 28, 2026**

The undersigned constitute the applicable governing body (each, a "<u>Governing Body</u>" and, collectively, the "<u>Governing Bodies</u>") of each of the entities set forth on Annex A attached hereto (each, a "<u>Company</u>" and, collectively, the "<u>Companies</u>"). Each Governing Body consists of, as applicable, the sole member, all voting members, a special committee of the board of managers, or all members of the board of directors or board of managers of the applicable Company.

Except with respect to DISH DBS Corporation and DISH Wireless L.L.C., whose respective Governing Bodies adopted the following resolutions at duly convened meetings held on June 28, 2026, each Governing Body hereby approves the following resolutions by written consent in lieu of a special meeting, as of the date first written above.  With respect to all other Companies, these resolutions shall have the same force and effect as if adopted at a duly convened formal meeting of such Governing Body, pursuant to the applicable organizational documents of each Company and the laws of its state of organization as set forth on Annex A.

As used herein, references to "Governing Body" or "Governing Bodies" with respect to DISH Wireless L.L.C. ("<u>DISH Wireless</u>") shall refer to the DISH Wireless Special Committee (as defined below), acting pursuant to the authority delegated to it by the DISH Wireless Board of Managers in resolutions adopted on March 3, 2026 (the "<u>Board Authorization</u>"), including in DISH Wireless's capacity as Sole Member of DISH Wireless Leasing L.L.C., DISH Wireless Retail Holding L.L.C., and DISH Wireless Retail Operating L.L.C.

**WHEREAS**, the Companies consist of the following:

(a)     (i) DISH DBS Corporation; (ii) DISH Broadcasting Corporation; (iii) DISH Network L.L.C.; (iv) Dish Network Service L.L.C.; (v) DISH Operating L.L.C.; (vi) DISH Technologies Holding Corporation; (vii) DISH Technologies L.L.C.; (viii) Sling Media L.L.C.; (ix) Sling TV Gift Card Corporation; (x) Sling TV Holding L.L.C.; (xi) Sling TV L.L.C.; and (xii) Sling TV Purchasing L.L.C. (collectively, the "<u>DBS Debtors</u>"); and

(b)     (i) DISH Wireless L.L.C.; (ii) DISH Wireless Leasing L.L.C.; (iii) DISH Wireless Retail Holding L.L.C.; (iv) DISH Wireless Retail Operating L.L.C.; (v) DISH Infinite Corporation; and (vi) Neyland Networks LLC (collectively, the "<u>DISH Wireless Debtors</u>");

**WHEREAS**, DISH Wireless is a Colorado limited liability company managed by a board of managers (the "<u>DISH Wireless Board of Managers</u>");

**WHEREAS**, on March 3, 2026, the DISH Wireless Board of Managers adopted resolutions establishing a special committee of the DISH Wireless Board of Managers (the "<u>DISH Wireless Special Committee</u>") composed of managers Gerard Uzzi and Vikram Jindal and delegating to the DISH Wireless Special Committee, to the fullest extent permitted by applicable

law, authority with respect to specified matters involving actual or potential conflicts of interest between DISH Wireless or its subsidiaries, on the one hand, and EchoStar Corporation ("EchoStar") or one or more of its subsidiaries (other than DISH Wireless and its subsidiaries), on the other hand, including the authority to review, consider, evaluate, negotiate, approve, authorize and implement restructuring transactions and related investigations;

WHEREAS, the DBS Debtors previously executed that certain restructuring support agreement dated March 19, 2026 (as may be amended from time to time and including all exhibits and schedules thereto, the "Restructuring Support Agreement") with, among other parties, EchoStar, DISH Network Corporation and certain holders of notes issued by DISH DBS Corporation regarding the terms of a restructuring as set forth in the Restructuring Support Agreement, and now seek to authorize commencement of the Chapter 11 Cases contemplated thereby;

WHEREAS, the Restructuring Support Agreement further provides that, upon exercise of the Chapter 11 Election (as defined in the Restructuring Support Agreement), chapter 11 cases may also be commenced for the DISH Wireless Debtors, among other parties, as necessary or desirable to implement the "Refinancing Transactions" (as defined in the Restructuring Support Agreement) and resolve trade obligations and other issues, and that each such DISH Wireless Debtor that commences a chapter 11 case shall execute and deliver a counterpart signature page to the Restructuring Support Agreement;

WHEREAS, the Governing Bodies have reviewed and considered presentations by management and the Companies' respective financial and legal advisors regarding the current capital structure, assets, liabilities, contractual obligations, creditor rights, operations, liquidity, and general financial condition of each Company, the strategic alternatives available to them, and the impact of the foregoing on each Company's businesses, and have had adequate opportunity to consult with management and such advisors, obtain additional information, and fully consider all available strategic alternatives;

WHEREAS, the Governing Bodies have determined, based on their review of the materials presented and the advice of management and the Companies' respective financial and legal advisors, that it is advisable and in the best interests of each Company, its equity holders, creditors and other parties in interest for each Company to seek relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), including to implement the "Refinancing Transactions" by making the "Chapter 11 Election" (each as defined in the Restructuring Support Agreement), and that commencement of such chapter 11 cases (collectively, the "Chapter 11 Cases") is necessary or advisable to preserve and maximize value for the benefit of their stakeholders;

WHEREAS, the Governing Bodies of each applicable DISH Wireless Debtor have reviewed, considered and negotiated, with the assistance of their legal and financial advisors, that certain Asset Purchase Agreement (as may be amended, supplemented or restated from time to time, the "Stalking Horse Agreement"), by and among DISH Wireless, as seller, each of the subsidiaries of DISH Wireless listed on Schedule I thereto, and EchoStar, as purchaser, in

2

connection with a proposed sale under section 363 of the Bankruptcy Code, together with any related schedules, exhibits, ancillary agreements, instruments, certificates, pleadings, motions, proposed orders or other filings, including any bidding procedures motion, bidding procedures order, sale motion, sale order, in each case to the extent entered into or filed by DISH Wireless or any other applicable DISH Wireless Debtor (collectively, the "Sale Documents");

WHEREAS, the Governing Bodies of each applicable DISH Wireless Debtor have reviewed and considered, with the assistance of its legal and financial advisors, analyses regarding the executory contracts and unexpired leases to which each such DISH Wireless Debtor is a party (collectively, the "Contracts or Leases") and the personal property located on the premises subject to such Leases, including the burden of continuing to perform, the impossibility or impracticability of continuing to perform, or the need to continue to perform under such Contracts or Leases in connection with the decommissioning of the facilities-based 5G network formerly operated by the DISH Wireless Debtors, as the case may be;

WHEREAS, the Governing Bodies of each applicable DISH Wireless Debtor have reviewed and considered, with the assistance of its legal and financial advisors, that certain Debtor-in-Possession Loan and Security Agreement (the "DIP Credit Agreement"), by and among DISH Wireless, as borrower, and EchoStar, as lender, pursuant to which EchoStar has agreed to provide DISH Wireless with a secured debtor-in-possession credit facility in an aggregate principal amount of up to $85,000,000 (the "DIP Facility"), subject to the terms and conditions set forth therein, together with (i) any related guaranty agreements, pledge agreements, security agreements and other collateral documents, (ii) any related schedules, exhibits, ancillary agreements, instruments and certificates, and (iii) any related pleadings, motions, proposed orders or other filings to be submitted to the Bankruptcy Court in connection with approval of the DIP Facility and the transactions contemplated thereby, including any interim DIP order and final DIP order, in each case to the extent entered into or filed by DISH Wireless or any other applicable DISH Wireless Debtor (collectively, the "DIP Documents");

WHEREAS, the Governing Bodies of each applicable DISH Wireless Debtor have determined, with the assistance of their legal and financial advisors, that (i) the DISH Wireless Debtors require immediate access to liquidity in order to, among other things, fund the administration of the Chapter 11 Cases, preserve and maintain the value of their assets, fund costs associated with the decommissioning or wind down of certain assets and operations, and facilitate emergence from bankruptcy, (ii) the DIP Facility, on the terms set forth in the DIP Credit Agreement, represents the best financing available under the circumstances, (iii) the terms of the DIP Facility are fair and reasonable and are in the best interests of the DISH Wireless Debtors and their stakeholders, and (iv) the DISH Wireless Debtors would not be able to obtain adequate financing on terms more favorable than those set forth in the DIP Documents;

WHEREAS, the Companies, with the assistance of their advisors, have formulated a joint prepackaged chapter 11 plan (as may be amended, supplemented, or restated from time to time, the "Plan") under chapter 11 of the Bankruptcy Code and a disclosure statement (as may be amended, supplemented, or restated from time to time, the "Disclosure Statement"), together with all related exhibits thereto, for soliciting votes in favor of the Plan among the classes of creditors permitted to vote to accept or reject the Plan under the Bankruptcy Code;

3

**WHEREAS**, the DISH Wireless Special Committee has determined that the transactions set forth herein fall within the scope of the authority delegated to it pursuant to the Board Authorization, and each member of the DISH Wireless Special Committee has confirmed that he has no material interest in the outcome of the transactions contemplated by the Sale Documents, the disposition of Contracts and Leases, the DIP Documents, the Restructuring Support Agreement, or the Chapter 11 Cases, and the DISH Wireless Special Committee has determined that each of its members remains independent with respect to such transactions;

**WHEREAS**, the DISH Wireless Special Committee has reviewed and considered, with the assistance of its legal and financial advisors, the Plan and the Disclosure Statement and has determined that the solicitation of support for the Plan among holders of claims entitled to vote thereon is in the best interests of DISH Wireless and its stakeholders;

**WHEREAS**, the DISH Wireless Special Committee has further determined that the grant of security interests, liens and superpriority administrative expense claims in favor of EchoStar in connection with the DIP Facility, as more fully described in the DIP Documents, is necessary and appropriate to induce EchoStar to extend credit under the DIP Facility, and that DISH Wireless will obtain reasonably equivalent value and benefits therefrom;

**WHEREAS**, EchoStar's willingness to enter into the DIP Facility and the Stalking Horse Agreement is contingent upon, among other things, the DISH Wireless Debtors' entry into the Restructuring Support Agreement;

**WHEREAS**, the DISH Wireless Special Committee has considered that (i) it has reviewed and considered the terms of the Sale Documents and the likelihood of obtaining a superior alternative transaction, and has determined that no superior alternative transaction is reasonably available under the circumstances, (ii) entry into the Sale Documents is expected to preserve and maximize the value of DISH Wireless's estate and support DISH Wireless's efforts in the Chapter 11 Cases, (iii) the DISH Wireless Debtors will obtain reasonably equivalent value and benefits from entering into the Sale Documents, and (iv) it has considered its fiduciary duties under applicable law and the organizational documents of DISH Wireless and the interests of DISH Wireless's stakeholders to the extent required under applicable law;

**NOW, THEREFORE, BE IT HEREBY RESOLVED AS FOLLOWS:**

**Chapter 11 Filing:**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of the Companies, including after considering the interests of their creditors and other parties in interest, to file, or cause to be filed, voluntary petitions for relief thereby commencing Chapter 11 Cases under the Bankruptcy Code in the Bankruptcy Court and any other petition, motion, application, pleading, proposed order or other document that may be necessary, advisable or appropriate under applicable law, and to take any and all actions that such Governing Body or any Authorized Signatory (as defined below) deems necessary, advisable or appropriate

to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan.

**RESOLVED**, that John Swieringa, Paul Orban, and each officer of each Company is each hereby designated as an "Authorized Signatory" (and, collectively, the "Authorized Signatories") for all purposes of these resolutions.

**RESOLVED**, that each Authorized Signatory, acting alone or together with one or more other Authorized Signatories, is hereby authorized, empowered, and directed, together with such Company's advisors, to execute and file on behalf of each Company all petitions, schedules, lists, motions, applications, pleadings, papers, and other documents, and to take any and all actions deemed necessary or proper to obtain such relief, including any action necessary to maintain the ordinary course operations of each Company and to prosecute and administer the Chapter 11 Cases.

**Retention of Professionals:**

**RESOLVED**, that each Authorized Signatory, acting individually with full power of delegation, is hereby authorized, empowered, and directed to employ the following professionals on behalf of the applicable Company: (i) White & Case LLP, as general bankruptcy counsel; (ii) FTI Consulting, Inc. and FTI Capital Advisors, LLC, as restructuring and financial advisor and investment banker, respectively; (iii) Epiq Corporate Restructuring, LLC, as claims, noticing, and solicitation agent; (iv) Steptoe LLP, as special regulatory counsel; (v) Dentons US LLP, as independent counsel to the DISH Wireless Special Committee; and (vi) such other professionals, including legal counsel, accountants, financial advisors, investment bankers, and other professionals, as may be necessary or appropriate to assist the Companies in carrying out their duties under the Bankruptcy Code, each to represent and assist the Companies in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law, and to take any and all action to advance the rights and obligations of the Companies, including filing any motions, objections, replies, applications, or pleadings.

**RESOLVED**, that each Authorized Signatory is hereby further authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or following the commencement of the Chapter 11 Cases, and file appropriate applications with the Bankruptcy Court seeking authority to retain such professionals, in each case as such Authorized Signatory deems necessary or appropriate.

**Sale Documents for DISH Wireless Debtors:**

**RESOLVED**, that each applicable DISH Wireless Debtor be, and hereby is, authorized, empowered and directed to execute, deliver and perform under the Restructuring Support Agreement and the Sale Documents to which it is a party, generally on the terms presented to the applicable Governing Body, subject to management negotiating such other terms as management determines to be necessary or appropriate, and to consummate the transactions contemplated thereby, including, as applicable, the sale of the assets described in the Stalking Horse Agreement

5

to EchoStar pursuant to sections 105 and 363 of the Bankruptcy Code, subject to approval of the Bankruptcy Court.

**RESOLVED**, that each applicable DISH Wireless Debtor be, and hereby is, authorized to market the assets subject to the Stalking Horse Agreement, solicit and evaluate higher or otherwise better bids, conduct any auction or other sale process approved by the Bankruptcy Court, designate one or more successful bidders and backup bidders, negotiate, execute, deliver and perform any purchase agreement or related transaction documents with any successful bidder or backup bidder, and consummate any sale transaction approved by the Bankruptcy Court, in each case as any Authorized Signatory deems necessary, advisable or appropriate and consistent with any applicable order of the Bankruptcy Court.

**Rejection of Contracts and Leases and Abandonment of Personal Property:**

**RESOLVED**, that each applicable DISH Wireless Debtor be, and hereby is, authorized, empowered, and directed to reject any Contract or Lease pursuant to section 365 of the Bankruptcy Code, and to abandon any personal property pursuant to section 554 of the Bankruptcy Code, in each case as any Authorized Signatory, with the advice of advisors, determines in such Authorized Signatory's reasonable business judgment to be necessary, advisable, or appropriate in connection with the decommissioning of the facilities-based 5G network formerly operated by the DISH Wireless Debtors and the administration of the Chapter 11 Cases, subject, to the extent required, to the approval of the Bankruptcy Court.

**DIP Financing for DISH Wireless Debtors:**

**RESOLVED**, that each applicable DISH Wireless Debtor be, and hereby is, authorized, empowered and directed to execute, deliver and perform under the Restructuring Support Agreement and the DIP Documents to which it is to be a party, generally on the terms presented to the applicable Governing Body, including the terms imposed by EchoStar as a condition to its willingness to enter into the DIP Documents and subject to management negotiating such other terms as management determines to be necessary or appropriate, and to consummate the transactions contemplated thereby, including, as applicable, the borrowing of loans and incurrence of obligations under the DIP Facility, the use of proceeds thereof in accordance with the DIP Documents, any approved budget and any applicable order of the Bankruptcy Court, and the granting of security interests, liens, superpriority administrative expense claims and any administrative expense claims, in favor of EchoStar as contemplated by the DIP Documents and any applicable order of the Bankruptcy Court.

**RESOLVED**, that the applicable DISH Wireless Debtors be, and hereby are, authorized to seek approval of the DIP Facility and the DIP Documents pursuant to sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code, including, as applicable, authority to incur postpetition secured indebtedness, grant security interests, liens and superpriority administrative expense claims, provide adequate protection and obtain related relief, in each case as contemplated by the DIP Documents and any interim or final order approving the DIP Facility.

6

**Plan and Disclosure Statement:**

**RESOLVED**, that the filing, prosecution, solicitation, confirmation and consummation of the Plan and the Disclosure Statement be, and hereby are, authorized, approved and adopted, and each Authorized Signatory be, and hereby is, authorized, empowered and directed to prepare, execute, file, distribute and/or implement, as applicable, the Restructuring Support Agreement, the Plan, the Disclosure Statement, any solicitation procedures, ballots, notices, plan supplement documents, confirmation order, and any other agreements, instruments, certificates or documents necessary, advisable or appropriate to solicit acceptances of, obtain confirmation of, and consummate the Plan, including the occurrence of the effective date thereof, in each case with such changes, additions or modifications thereto as any Authorized Signatory, with the advice of advisors, may approve.

**General:**

**RESOLVED**, that each Authorized Signatory, and each officer of each Company, acting in the name and on behalf of the applicable Company, is hereby authorized, empowered, and directed to: (i) amend, supplement, or otherwise modify the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in these resolutions; (ii) take any and all further actions, and execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, and other documents; (iii) pay all expenses, including taxes and filing fees; and (iv) do or refrain from doing any act or thing, in each case as such signatory may deem necessary, advisable, or desirable in such signatory's reasonable business judgment to fully carry out the intent and purposes of these resolutions and the transactions contemplated hereby.

**RESOLVED**, that all acts, actions, and transactions and certifications relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certification has been specifically authorized in advance by resolution of each Governing Body.

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatories to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) and each officer of each Company, be, and hereby is, authorized and empowered to take all actions, or refrain from taking, any and all actions in the name of each respective Company with respect to the transactions contemplated by these resolutions hereunder, as such signatory shall deem

7

necessary or desirable in such signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

**RESOLVED**, that notwithstanding anything to the contrary in these resolutions, nothing herein shall be deemed to delegate to any Authorized Signatory, or to authorize any Authorized Signatory to exercise, any authority with respect to matters as to which the DISH Wireless Special Committee has exclusive authority to act in its capacity as independent managers pursuant to the Board Authorization, and the authority of the DISH Wireless Special Committee with respect to all such matters is hereby expressly preserved and reserved in all respects.

\*\*\*\*

8

IN WITNESS WHEREOF, the undersigned, being an authorized officer of each of the Sole Members and Voting Members identified below, has executed these resolutions on behalf of each such Sole Member or Voting Member, as applicable, acting in its capacity as the Governing Body of the Companies set forth opposite its name below, on the date first written above.

By: _____

Name: Paul W. Orban

Title:   Executive Vice President and Chief Financial Officer

**on behalf of the following Sole Members, each acting in its capacity as Sole Member of the Companies indicated:**

**DISH DBS CORPORATION,** AS SOLE MEMBER OF DISH NETWORK L.L.C., DISH NETWORK SERVICE L.L.C., AND NEYLAND NETWORKS LLC

**DISH NETWORK L.L.C.,** AS SOLE MEMBER OF DISH OPERATING L.L.C.

**DISH NETWORK L.L.C.,** AS VOTING MEMBER OF SLING TV HOLDING L.L.C.

**SLING TV HOLDING L.L.C.,** AS SOLE MEMBER OF SLING TV L.L.C. AND SLING TV PURCHASING L.L.C.

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the DISH Wireless Special Committee, hereby execute these resolutions (i) in their capacity as members of the DISH Wireless Special Committee, acting pursuant to the authority delegated by the DISH Wireless Board of Managers in the Board Authorization, as the applicable Governing Body with respect to DISH Wireless L.L.C., and (ii) on behalf of DISH Wireless L.L.C., acting in its capacity as Sole Member of DISH Wireless Leasing L.L.C., DISH Wireless Retail Holding L.L.C., and DISH Wireless Retail Operating L.L.C., in each case on the date first written above.

THE SPECIAL COMMITTEE OF THE
BOARD OF MANAGERS OF DISH
WIRELESS L.L.C.

Signed by:

Gerard Uzzi

52D9C5AC18F7410...

Name: Gerard Uzzi

_____

Name: Vikram Jindal

[*Signature Page to Omnibus Written Consent*]

IN WITNESS WHEREOF, the undersigned, being all of the members of the DISH Wireless Special Committee, hereby execute these resolutions (i) in their capacity as members of the DISH Wireless Special Committee, acting pursuant to the authority delegated by the DISH Wireless Board of Managers in the Board Authorization, as the applicable Governing Body with respect to DISH Wireless L.L.C., and (ii) on behalf of DISH Wireless L.L.C., acting in its capacity as Sole Member of DISH Wireless Leasing L.L.C., DISH Wireless Retail Holding L.L.C., and DISH Wireless Retail Operating L.L.C., in each case on the date first written above.

THE SPECIAL COMMITTEE OF THE
BOARD OF MANAGERS OF DISH
WIRELESS L.L.C.

_____

Name: Gerard Uzzi

DocuSigned by:

Vikram Jindal

6147B648709A466...

Name: Vikram Jindal

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being the Directors of DISH DBS Corporation, hereby execute this written consent in their capacity as the Board of Directors of DISH DBS Corporation, on the date first written above.

**DIRECTORS**

_____

Name: Charles W. Ergen

_____

Name: Jeffrey H. Blum

_____

Name: Tom A. Ortolf

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned, being the Directors of DISH DBS Corporation, hereby execute this written consent in their capacity as the Board of Directors of DISH DBS Corporation, on the date first written above.

**DIRECTORS**

_____

Name: Charles W. Ergen

Signed by:

A2EE76E45BCC47B...

Name: Jeffrey H. Blum

_____

Name: Tom A. Ortolf

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being the Directors of DISH DBS Corporation, hereby execute this written consent in their capacity as the Board of Directors of DISH DBS Corporation, on the date first written above.

**DIRECTORS**

_____

Name: Charles W. Ergen

_____

Name: Jeffrey H. Blum

*/s/Tom A. Ortolf*
_____

Name: Tom A. Ortolf

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being the Directors of DISH Technologies Holding Corporation, hereby execute this written consent in their capacity as the Board of Directors of DISH Technologies Holding Corporation, and on behalf of DISH Technologies Holding Corporation, acting in its capacity as Sole Member of DISH Technologies L.L.C., and on behalf of DISH Technologies L.L.C., acting in its capacity as Sole Member of Sling Media L.L.C., on the date first written above.

**DIRECTORS**

Name: Charles W. Ergen

Name: Jeffrey H. Blum

Name: Tom A. Ortolf

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned, being the Directors of DISH Technologies Holding Corporation, hereby execute this written consent in their capacity as the Board of Directors of DISH Technologies Holding Corporation, and on behalf of DISH Technologies Holding Corporation, acting in its capacity as Sole Member of DISH Technologies L.L.C., and on behalf of DISH Technologies L.L.C., acting in its capacity as Sole Member of Sling Media L.L.C., on the date first written above.

**DIRECTORS**

_____

Name: Charles W. Ergen

Signed by:

A2EE76E45BCC47B...

Name: Jeffrey H. Blum

_____

Name: Tom A. Ortolf

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being the Directors of DISH Technologies Holding Corporation, hereby execute this written consent in their capacity as the Board of Directors of DISH Technologies Holding Corporation, and on behalf of DISH Technologies Holding Corporation, acting in its capacity as Sole Member of DISH Technologies L.L.C., and on behalf of DISH Technologies L.L.C., acting in its capacity as Sole Member of Sling Media L.L.C., on the date first written above.

**DIRECTORS**

_____

Name: Charles W. Ergen

_____

Name: Jeffrey H. Blum

*/s/Tom A. Ortolf*
_____

Name: Tom A. Ortolf

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being the Directors of Sling TV Gift Card Corporation, hereby execute this written consent in their capacity as the Board of Directors of Sling TV Gift Card Corporation, on the date first written above.

**DIRECTORS**

Name: Charles W. Ergen

Name: Jeffrey H. Blum

Name: Tom A. Ortolf

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being the Directors of Sling TV Gift Card Corporation, hereby execute this written consent in their capacity as the Board of Directors of Sling TV Gift Card Corporation, on the date first written above.

**DIRECTORS**

_____

Name: Charles W. Ergen

Signed by:

A2EE76E45BCC47B...

Name: Jeffrey H. Blum

_____

Name: Tom A. Ortolf

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being the Directors of Sling TV Gift Card Corporation, hereby execute this written consent in their capacity as the Board of Directors of Sling TV Gift Card Corporation, on the date first written above.

**DIRECTORS**

_____

Name: Charles W. Ergen

_____

Name: Jeffrey H. Blum

_/s/Tom A. Ortolf_
_____

Name: Tom A. Ortolf

[_Signature Page to Omnibus Written Consent_]

**IN WITNESS WHEREOF**, the undersigned, being the Directors of DISH Broadcasting Corporation, hereby execute this written consent in their capacity as the Board of Directors of DISH Broadcasting Corporation, on the date first written above.

**DIRECTORS**

Name: Charles W. Ergen

Name: Jeffrey H. Blum

Name: Tom A. Ortolf

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being the Directors of DISH Broadcasting Corporation, hereby execute this written consent in their capacity as the Board of Directors of DISH Broadcasting Corporation, on the date first written above.

**DIRECTORS**

_____

Name: Charles W. Ergen

_____

Name: Jeffrey H. Blum

_____

Name: Tom A. Ortolf

[*Signature Page to Omnibus Written Consent*]

IN WITNESS WHEREOF, the undersigned, being the Directors of DISH Broadcasting Corporation, hereby execute this written consent in their capacity as the Board of Directors of DISH Broadcasting Corporation, on the date first written above.

**DIRECTORS**

_____

Name: Charles W. Ergen

_____

Name: Jeffrey H. Blum

*/s/Tom A. Ortolf*
_____

Name: Tom A. Ortolf

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned, being the sole Director of DISH Infinite Corporation, hereby executes this written consent in his capacity as the Board of Directors of DISH Infinite Corporation, on the date first written above.

**DIRECTOR**

Name: Charles W. Ergen

[*Signature Page to Omnibus Written Consent*]

## Annex A

## Companies

| | Company Name | Jurisdiction of Incorporation | Governing Body |
|---|---|---|---|
| 1. | DISH Broadcasting Corporation | Colorado | Board of Directors<br><br>Charles W. Ergen<br>Tom A. Ortolf<br>Jeffrey H. Blum |
| 2. | DISH DBS Corporation | Colorado | Board of Directors<br><br>Charles W. Ergen<br>Jeffrey H. Blum<br>Tom A. Ortolf |
| 3. | DISH Infinite Corporation | Nevada | Board of Directors<br><br>Charles W. Ergen |
| 4. | DISH Network L.L.C. | Colorado | Sole Member<br><br>DISH DBS Corporation |
| 5. | Dish Network Service L.L.C. | Colorado | Sole Member<br><br>DISH DBS Corporation |
| 6. | DISH Operating L.L.C. | Colorado | Sole Member<br><br>DISH Network L.L.C. |
| 7. | DISH Technologies Holding Corporation | Colorado | Board of Directors<br><br>Charles W. Ergen<br>Tom A. Ortolf<br>Jeffrey H. Blum |
| 8. | DISH Technologies L.L.C. | Colorado | Sole Member<br><br>DISH Technologies Holding Corporation |
| 9. | DISH Wireless Leasing L.L.C. | Colorado | Sole Member<br><br>DISH Wireless L.L.C. |
| 10. | DISH Wireless L.L.C. | Colorado | Special Committee of the Board of Managers<br><br>Gerard Uzzi<br>Vikram Jindal |
| 11. | DISH Wireless Retail Holding L.L.C. | Colorado | Sole Member<br><br>DISH Wireless L.L.C. |
| 12. | DISH Wireless Retail Operating L.L.C. | Colorado | Sole Member<br><br>DISH Wireless L.L.C. |

|  | Company Name | Jurisdiction of Incorporation | Governing Body |
|---|---|---|---|
| 13. | Neyland Networks LLC | Texas | <u>Sole Member</u><br><br>DISH DBS Corporation |
| 14. | Sling Media L.L.C. | Delaware | <u>Sole Member</u><br><br>DISH Technologies L.L.C. |
| 15. | Sling TV Gift Card Corporation | Colorado | <u>Board of Directors</u><br><br>Charles W. Ergen<br>Tom A. Ortolf<br>Jeffrey H. Blum |
| 16. | Sling TV Holding L.L.C. | Colorado | <u>Voting Member</u><br><br>DISH Network L.L.C. |
| 17. | Sling TV L.L.C. | Colorado | <u>Sole Member</u><br><br>Sling TV Holding L.L.C. |
| 18. | Sling TV Purchasing L.L.C. | Colorado | <u>Sole Member</u><br><br>Sling TV Holding L.L.C. |

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, | ) | Case No. 26-[●] ([●]) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**CONSOLIDATED CORPORATE OWNERSHIP
STATEMENT AND LIST OF EQUITY INTEREST HOLDERS
PURSUANT TO FED. BANKR. P. 1007(A)(1), 1007(A)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit 1** is an organizational list reflecting all of the ownership interests in the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**").  The Debtors respectfully represent as follows:

1.      The equity of each of the Debtors identified on **Exhibit 1** is owned by the parties identified as equity holders on **Exhibit 1** in the percentage(s) set forth therein.

2.      Neyland Networks LLC is the direct or indirect parent of each of the other Debtors set forth in rows two through six in **Exhibit 1** and its equity interests are wholly owned by debtor DISH DBS Corporation.  Moreover, DISH DBS Corporation is the direct or indirect parent of each of the other Debtors set forth in rows eight through eighteen in **Exhibit 1** and its equity interests

---

[1]     The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS.  The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

are wholly owned by non-debtor DISH Orbital Corporation.  EchoStar Corporation, a publicly

held corporation, is the ultimate indirect parent of each of the Debtors.


*[Remainder of page intentionally left blank.]*

**Exhibit 1**

| Debtor | Equity Holder(s) | Type of Interest | Percentage Ownership | Last Known Address of Equity Holder(s) |
|---|---|---|---|---|
| 1. Neyland Networks LLC | DISH DBS Corporation | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 2. DISH Wireless Leasing L.L.C. | DISH Wireless L.L.C. | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 3. DISH Wireless L.L.C. | Neyland Networks LLC | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 4. DISH Wireless Retail Holding L.L.C. | DISH Wireless L.L.C. | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 5. DISH Infinite Corporation | DISH Wireless Retail Holding L.L.C. | Stock | 100% | 112 North Curry Street, Carson City, NV 89703, USA |
| 6. DISH Wireless Retail Operating L.L.C. | DISH Wireless L.L.C. | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 7. DISH DBS Corporation | DISH Orbital Corporation | Stock | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 8. DISH Network L.L.C. | DISH DBS Corporation | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 9. Dish Network Service L.L.C. | DISH DBS Corporation | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 10. DISH Operating L.L.C. | DISH Network L.L.C. | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 11. DISH Technologies Holding Corporation | DISH Network L.L.C. | Stock | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 12. DISH Technologies L.L.C. | DISH Technologies Holding Corporation | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 13. DISH Broadcasting Corporation | DISH Operating L.L.C. | Stock | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |

| Debtor | Equity Holder(s) | Type of Interest | Percentage Ownership | Last Known Address of Equity Holder(s) |
|---|---|---|---|---|
| 14. Sling Media L.L.C. | DISH Technologies L.L.C. | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 15. Sling TV Gift Card Corporation | Sling TV Holding L.L.C. | Stock | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 16. Sling TV Holding L.L.C. | DISH Network L.L.C. (Voting Member) / DISH Technologies L.L.C. (Non-Voting Member) | Membership | 90% / 10% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 17. Sling TV L.L.C. | Sling TV Holding L.L.C. | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |
| 18. Sling TV Purchasing L.L.C. | Sling TV Holding L.L.C. | Membership | 100% | 9601 S. Meridian Blvd., Englewood, CO 80112, USA |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, DISH WIRELESS L.L.C. *et al.*,[1] | ) | Case No. 26-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ATTACHMENT TO VOLUNTARY PETITION FOR
NON-INDIVIDUAL FILING FOR BANKRUPTCY UNDER CHAPTER 11**

1.      The SEC file number for the Debtor DISH DBS Corporation's securities registered under Section 12 of the Securities Exchange Act of 1934 is 333-31929.

2.      The following financial data is the latest available information and refers to DISH DBS Corporation's condition as of December 31, 2025, except as set forth below.

   a.   Total assets:                                                    $8,408,626,000.[2]

   b.   Total debts (including debts listed in 2.c., below):     $14,309,626,000.[3]

   c.   Debt securities held by more than 500 holders:

| | | | | | Approximate numbers of holders: |
|---|---|---|---|---|---|
| secured ■ | unsecured ☐ | subordinated ☐ | $2.75 billion of DBS Senior Secured Notes due 2026 | | Unknown[4] |
| secured ■ | unsecured ☐ | subordinated ☐ | $2.5 billion in DBS Senior Secured Notes due 2028 | | Unknown[4] |
| secured ☐ | unsecured ■ | subordinated ☐ | $2 billion in DBS Senior Notes due 2026 | | Unknown[4] |
| secured ☐ | unsecured ■ | subordinated ☐ | $1 billion in DBS Senior Notes due 2028 | | Unknown[4] |

---

[1]   The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS.  The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

[2]   This figure reflects Total Assets of DISH DBS Corporation as presented in the December 31, 2025 Form 10-K and is on a consolidated basis.

[3]   This figure reflects Total Debts of DISH DBS Corporation as presented in the December 31, 2025 Form 10-K and is on a consolidated basis.

[4]   DISH DBS Corporation is unable to identify the precise number of beneficial holders of any publicly traded debt securities that it has issued.

| | | | $1.5 billion in DBS Senior Notes due 2029 | |
|---|---|---|---|---|
| secured ☐ | unsecured ■ | subordinated ☐ | | Unknown[4] |

    d.   Number of shares of preferred stock:      None.

    e.   Number of shares of common stock:      1,000,000.[5]

    f.   Comments, if any:      N/A.

3.      Brief description of debtor's business:  Factual background and information regarding DISH DBS Corporation, including its business operations, corporate and capital structure, and the events leading to the commencement of the chapter 11 cases, are set forth in detail in the *Declaration of John Swieringa in Support of Chapter 11 Petitions and Requests for First Day Relief* filed concurrently herewith.

4.      List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor DISH DBS Corporation:
- DISH Orbital Corporation (direct parent of DISH DBS Corporation; 100%).
- DISH Network Corporation (direct parent of DISH Orbital Corporation; 100%).
- EchoStar Corporation (ultimate indirect parent of DISH DBS Corporation; 100%).[6]

---

[5]   The number of shares authorized of common stock reflected herein is based upon the December 31, 2025 Form 10-K.

[6]   Charles W. Ergen and Cantey M. Ergen hold 5% or more of the voting securities of EchoStar Corporation as of March 11, 2025, as set forth in EchoStar Corporation's Schedule 14A filed on March 21, 2025.

**Fill in this information to identify the case and this filing:**

Debtor Name __DISH DBS Corporation__

United States Bankruptcy Court for the: __Southern__   District of __Texas__
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __List of Equity Security Holders and Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/30/2026__         ✖ /s/ John Swieringa
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

                                                        John Swieringa
                                                        Printed name

                                                        Authorized Signatory
                                                        Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**