**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| DISH DBS CORPORATION, | ) Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C. *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) **Re: Docket No. ___** |
| | ) |

**ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF EPIQ CORPORATE RESTRUCTURING, LLC
AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

The Court has considered the Debtors' application (the "**Application**")[2] to employ and

retain Epiq Corporate Restructuring, LLC ("**Epiq**") as their claims, noticing, and solicitation agent

in these Chapter 11 Cases.  The Court finds that *ex parte* relief is appropriate.  The Court orders

that:

1.      The Debtors are authorized to employ and retain Epiq under the terms of the

Engagement Letter attached to the Application, as modified by this Order.

2.      Epiq is authorized and directed to perform the services as described in the

Application, the Engagement Letter, and this Order.  If a conflict exists, this Order controls.

3.      The Clerk shall provide Epiq with Electronic Case Filing ("**ECF**") credentials that

allow Epiq to receive ECF notifications and file certificates and/or affidavits of service.

---

[1]     The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388.  A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS.  The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

4.      Epiq is a custodian of court records and is designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases.  Epiq shall maintain the official claims register(s) in these Chapter 11 Cases.  Epiq must make complete copies of all proofs of claim available to the public electronically without charge.  Proofs of claim and all attachments may be redacted only as ordered by the Court.

5.      Epiq must not transmit or utilize the data obtained by Epiq in exchange for direct or indirect compensation from any person other than the Debtors.

6.      Epiq shall provide the Clerk with a certified duplicate of the official claims register(s) upon request.

7.      Epiq shall provide (a) an electronic interface for filing proofs of claim in these Chapter 11 Cases; and (b) a post office box or street mailing address for the receipt of proofs of claim sent by United States Mail or overnight delivery.

8.      Epiq is authorized to take such other actions as are necessary to comply with all duties and provide the services set forth in the Application and the Engagement Letter.

9.      Epiq shall provide detailed invoices setting forth the services provided and the rates charged on a monthly basis to the Debtors, their counsel, the U.S. Trustee, counsel for any official committee in these Chapter 11 Cases, and any party in interest who specifically requests service of the monthly invoices in writing.

10.      Epiq shall not be required to file fee applications.  Upon receipt of Epiq's invoices, the Debtors are authorized to compensate and reimburse Epiq for all undisputed amounts in the ordinary course in accordance with the terms of the Engagement Letter.  All amounts due to Epiq will be treated as administrative expenses under section 503(b) of the Bankruptcy Code.  Epiq may apply its advance in accordance with the Engagement Letter and the terms of this Order.

11.     The Debtors shall indemnify Epiq under the terms of the Engagement Letter, as modified and limited by this Order.  Notwithstanding the foregoing, Epiq is not indemnified for, and may not receive any contribution or reimbursement with respect to:

a.     Matters or services arising before these cases are closed; or any matter or service not approved by an order of this Court.

b.     Any matter determined by a final order of a court of competent jurisdiction to arise from (i) Epiq's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty; (ii) a contractual dispute if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) any situation in which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002).  No matter governed by this paragraph may be settled without this Court's approval.

c.     This paragraph does not preclude Epiq from seeking an order from this Court requiring the advancement of indemnity, contribution, or reimbursement obligations in accordance with applicable law.

12.     Epiq shall not cease providing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.  In the event Epiq is unable to provide the services set forth in this Order and/or the Engagement Letter, Epiq will immediately notify the Clerk and the Debtors' counsel and cause all original proofs of claim and data to be turned over to such persons as directed by the Court.

13.     After entry of an order terminating Epiq's services, Epiq shall deliver to the Clerk an electronic copy in .pdf format of all proofs of claim.  Once the electronic copy has been received by the Clerk, Epiq may destroy all proofs of claim in its possession sixty days after filing a Notice of Intent to Destroy on the Court's docket.

14.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

3

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Epiq's services may be altered only on further order of this Court.


Dated: _____, 2026
Houston, Texas

                                                                      _____

CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

4