**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, | ) | Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**DECLARATION OF GLENN TOBIAS IN SUPPORT
OF THE DISH WIRELESS DEBTORS' BIDDING PROCEDURES MOTION**

I, Glenn Tobias, declare pursuant to 28 U.S.C. § 1746 as follows:

1.    I am Senior Managing Director of FTI Capital Advisors, LLC ("**FTICA**"), the US investment banking practice of FTI Consulting, Inc. ("**FTI Consulting**" and, together with FTICA, "**FTI**"), the proposed investment banker for the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned Chapter 11 Cases.  I am over the age of 18 and qualified to submit this declaration (the "**Declaration**").  I submit this Declaration on behalf of the DISH Wireless Debtors in support of the *DISH Wireless Debtors' Emergency Motion for Entry of an Order (I) Approving Bidding Procedures for the Sale of the DISH Wireless Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Related Notices, (IV) Authorizing Entry into the Stalking Horse Agreement, (V) Authorizing the Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, and (VI) Granting Related*

---

[1]    The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388.  A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS.  The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

*Relief*, filed contemporaneously herewith (the "**Motion**").[2]  If called to testify, I would testify to each of the facts set forth in this Declaration.

2.      I am authorized to submit this Declaration on behalf of the DISH Wireless Debtors. I have reviewed and am familiar with the Motion and the relief sought therein.  Unless otherwise indicated, all statements in this Declaration are based on (a) my personal knowledge, (b) information learned from my review of relevant documents, and (c) information I received from the DISH Wireless Debtors or their advisors.

3.      I am not being compensated specifically for this testimony other than indirectly through payments received by FTICA on account of its retention prior to the Petition Date and proposed retention in these Chapter 11 Cases.

### Background and Qualifications

4.      FTI is a leading global advisory firm with professionals located across the United States and internationally.  FTI has extensive experience in providing financial advisory services and enjoys an excellent reputation for the services it has rendered in large and complex domestic and cross-border restructurings.  FTI's professionals, including those within FTICA, have provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to these Chapter 11 Cases.  FTI has provided or is providing restructuring and/or investment banking services across a variety of industries, including telecommunications, technology, and numerous other sectors.

5.      I joined FTI in January 2009 and have served as Senior Managing Director and Chief Executive Officer of FTICA since 2017.  While at FTI, and at previous employers including

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion or in the *Joint Prepackaged Chapter 11 Plan of DISH DBS Corporation, DISH Wireless L.L.C., and Their Respective Affiliated Debtors and Debtors in* Possession, as applicable.  For the avoidance of doubt, the relief requested in the Motion does not pertain to the DBS Debtors.

BNP Paribas and Global Crossing, Ltd., I have worked on numerous M&A, financing, and restructuring advisory transactions.  I hold FINRA Series 24, 79, Series 82, and Series 63 investment banking licenses.  I have a B.S. in Finance from Lehigh University.

6.      In forming the views set forth herein, I have relied upon and/or considered, among other things, the following:  (a) my experience as an investment banker conducting sales, mergers, and acquisitions; (b) the Motion, the Bidding Procedures, and the proposed order approving the Motion and the exhibits attached thereto; (c) the First Day Declaration; (d) discussions with the DISH Wireless Debtors' management concerning the DISH Wireless Debtors' business and finances; and (e) discussions with certain other professionals at FTI and other advisors to the DISH Wireless Debtors.

**FTICA's Retention**

7.      On June 17, 2026, the DISH Wireless Debtors retained FTICA as their proposed exclusive financial advisor to, among other things, advise the DISH Wireless Debtors in connection with one or more transactions involving any merger, consolidation, business combination, exchange, sale, transfer, or other disposition pursuant to which the DISH Wireless Debtors' Assets are sold, combined with, or transferred to a potential purchaser.

8.      Since our engagement, members of my team and I have worked with the DISH Wireless Debtors' management and other advisors to become familiar with the DISH Wireless Debtors' Assets.

9.      I am aware that, prior to my engagement, the DISH Wireless Debtors undertook efforts to market certain of their assets, including two rounds of requests for proposals in connection with the wireless inventory and discrete asset sales.

**The Motion**

10.     The DISH Wireless Debtors are seeking authority to continue to conduct an efficient and value-maximizing marketing process for the Assets (the "**Marketing Process**"), including through the proposed Bidding Procedures, to enable the DISH Wireless Debtors to solicit indications of interest and bids from prospective purchasers and select the highest or otherwise best offer or offers for all or any portion of the Assets, whether such offer is the Stalking Horse Agreement or an offer from a competing bidder.

11.     I believe that the relief requested in the Motion will enable the DISH Wireless Debtors to explore meaningful alternatives for obtaining and consummating the transaction for the Assets that provides for the highest and best value for the benefit of all stakeholders.

**The DISH Wireless Debtors' Marketing Process**

12.     The DISH Wireless Debtors, with the assistance of FTICA, acting at the direction and under the supervision of the Special Committee, are undertaking a comprehensive Marketing Process aimed at soliciting bids for the Assets in accordance with the Bidding Procedures and the sale process contemplated by the Motion, including marketing the Assets to determine whether any party is willing to submit a bid that is higher or otherwise better than the transaction contemplated by the Stalking Horse Agreement.

13.     Immediately after FTICA's engagement by the DISH Wireless Debtors, FTICA began preparing to launch the Marketing Process.  As part of our preparation, FTICA began an outreach to contact certain prospective competing bidders to gauge potential market interest in pursuing a potential purchase of the Assets.  Additionally, FTICA has prepared an initial teaser and a form of non-disclosure agreement ("**NDA**") that will be shared with prospective competing bidders and is continuing to prepare additional "go to market" materials, including a confidential information memorandum.  FTICA has also established a virtual data room (the "**Data Room**")

4

and prepared a comprehensive list of prospective competing bidders, including strategic and financial parties.  FTICA will continue to conduct outreach to prospective competing bidders, coordinate execution of NDAs, and provide parties that execute NDAs with access to the Data Room and relevant diligence materials.  FTICA will facilitate calls and meetings between the DISH Wireless Debtors' management and prospective competing bidders as appropriate.  Further, my team and I will work with prospective competing bidders and the DISH Wireless Debtors' proposed restructuring counsel to facilitate expanded diligence and solicit final bids.

14.    As described in the Motion, the DISH Wireless Debtors are seeking approval of the following proposed timeline (the "**Timeline**") to establish a fair and open process for the solicitation, receipt, and evaluation of bids:

| Event | Proposed Date and Time |
|---|---|
| Deadline to serve Sale Notice | Within three (3) Business Days after the entry of the Bidding Procedures Order |
| Deadline to publish Sale Notice | Within five (5) Business Days after the entry of the Bidding Procedures Order |
| Deadline for bidders to submit binding Bids (the "**Bid Deadline**") | August 10, 2026, at 5:00 p.m. (prevailing Central Time) |
| Deadline for DISH Wireless Debtors to designate Qualified Bids | August 11, 2026 |
| Auction(s) (if any) | August 12, 2026, at 10:00 a.m. (prevailing Central Time) |
| Deadline to File Successful Bidder Notice | Within one (1) business day following completion of the Auction (if any), or if no Auction occurs, the date on which the Auction would have occurred |
| Sale Transaction(s) Objection Deadline | August 14, 2026, at 5:00 p.m. (prevailing Central Time) |

5

| Sale Hearing | August 17, 2026 at _:__ _.m. (prevailing Central Time), subject to the Court's availability. |
|---|---|

15.     With respect to the above Timeline, I understand that the DISH Wireless Debtors reserve their right to modify the Bidding Procedures, including by seeking extensions of the Bid Deadline or the Sale Hearing to dates that are no later than September 9, 2026, and September 14, 2026, respectively.  Based on my experience, I believe that the Timeline, including the flexibility afforded to the DISH Wireless Debtors to adjust the Timeline in accordance with the Bidding Procedures, provides the DISH Wireless Debtors with an appropriate amount of time to continue to conduct the Marketing Process and the opportunity to solicit and identify competitive, value-maximizing bids.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 30, 2026                                         */s/ Glenn Tobias*
                                                                        Glenn Tobias