**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION | ) | Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER**
**(I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE**
**STATEMENT, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES,**
**(III) APPROVING THE FORM OF BALLOTS AND NOTICES, (IV) APPROVING**
**CERTAIN DATES AND DEADLINES IN CONNECTION WITH THE SOLICITATION**
**AND CONFIRMATION OF THE PLAN, (V) SCHEDULING A COMBINED HEARING**
**ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION**
**OF THE PLAN, (VI) CONDITIONALLY WAIVING THE REQUIREMENTS THAT (A)**
**THE U.S. TRUSTEE CONVENE A CREDITORS' MEETING FOR THE DBS DEBTORS**
**AND (B) THE DBS DEBTORS FILE SCHEDULES OF ASSETS AND LIABILITIES**
**AND STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 REPORTS, AND**
**(VII) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 2:30 p.m. (prevailing Central Time) on July 1, 2026.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 1, 2026 at 2:30 p.m. (prevailing Central Time) in Courtroom 402, 4th Floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click**

---

[1] The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388. A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS. The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

> **the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):[1]

## Relief Requested

1.      The Debtors request entry of an order, substantially in the form attached hereto (the "**Order**"), granting the following relief:

a)      ***Combined Hearing***. Scheduling the combined hearing to consider final approval of the adequacy of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**");

b)      ***Disclosure Statement***. Conditionally approving, to the extent necessary, the adequacy of the Disclosure Statement;

c)      ***Solicitation and Voting Procedures***. Approving the solicitation, balloting, tabulation, and related procedures in connection with the votes to accept or reject the Plan (the "**Solicitation and Voting Procedures**"), substantially in the form attached to the Order as **Exhibit 1**;

d)      ***Solicitation Cover Letter***. Approving the form and manner of the solicitation cover letter (the "**Cover Letter**"), substantially in the form attached to the Order as **Exhibit 2**;

e)      ***Ballots***. Approving the form and manner of ballots and related cover notes, substantially in the forms attached to the Order as **Exhibits 3A-1, 3A-2, 3B-1, 3B-2, 3C-1, 3C-2, 3D-1, 3D-2, 3E-1, 3E-2, and 3F** (each, a "**Ballot**" and, collectively, the "**Ballots**");

f)      ***Notices***.  Approving the form and manner of the notices to certain Holders of Claims in (1) Class 2D and (2) Class 2E, as applicable, substantially in

---

[1]      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of John Swieringa in Support of Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed concurrently herewith.  Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration or the Debtors' joint prepackaged chapter 11 plan filed concurrently with this Motion (the "**Plan**").

the forms attached to the Order as **Exhibits 4-1** and **4-2** (the "**Class 2D Notices**" and "**Class 2E Notices**," respectively).

g)    *Combined Hearing Notice*. Approving the form and manner of notice of the Combined Hearing to consider final approval of the adequacy of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code (as defined below) and confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code (the "**Combined Hearing Notice**"), substantially in the form attached to the Order as **Exhibit 5**;

h)    *Notice of Non-Voting Status and Release Opt In Form* Approving the forms and manner of the notice of non-voting status (each, a "**Notice of Non-Voting Status**") and accompanying release opt in form (the "**Release Opt In Form**") applicable to Holders of Claims or Interests that are either (i) Unimpaired under the Plan and, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and/or (ii) Impaired under the Plan and, pursuant to section 1126(g) of the Bankruptcy Code, are deemed to reject the Plan, substantially in the forms attached to the Order as **Exhibit 6**;

i)    *Plan Supplement Notice*. Approving the form and manner of notice (the "**Plan Supplement Notice**") of the Plan supplement (the "**Plan Supplement**"), substantially in the form attached to the Order as **Exhibit 7**;

j)    *Schedules, Statements, and 2015.3 Reports for the DBS Debtors*. Waiving the requirement for the DBS Debtors to file schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules and Statements**"), and initial reports of financial information with respect to entities in which the DBS Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 (the "**2015.3 Reports**"); *provided that* the Plan is confirmed no later than eighty (80) days after the Petition Date; and

k)    *Creditors' Meeting for the DBS Debtors*. Waiving the requirement that the Office of the United States Trustee for Region 7 (the "**U.S. Trustee**") convene a meeting of creditors pursuant to section 341(e) of the Bankruptcy Code (the "**Creditors' Meeting**") with respect to the DBS Debtors only; *provided that* the Plan is confirmed no later than eighty (80) days after the Petition Date.

2.    In connection with the Combined Hearing, the Debtors will seek an order by the Court (a) approving the adequacy of the Disclosure Statement, (b) confirming the Plan, and (c) granting related relief.

3.      In connection with the foregoing, the Debtors request that the Court approve the following schedule of proposed dates (the "**Confirmation Schedule**"), subject to modification if necessary and the Court's availability:

| Event | Date |
|---|---|
| Voting Record Date | June 29, 2026 |
| Deadline to Distribute Combined Hearing Notice | Two (2) business days following entry of the Order conditionally approving the Disclosure Statement (or as soon as reasonably practicable thereafter) |
| Publication Deadline | Four (4) business days following entry of the Order conditionally approving the Disclosure Statement (or as soon as reasonably practicable thereafter) |
| Deadline to File the Plan Supplement | July 23, 2026 |
| Supplemental Voting Record Date[2] | July 27, 2026 at 5:00 p.m. (prevailing Central Time) |
| Rule 3018(a) Motion Deadline | July 27, 2026 at 5:00 p.m. (prevailing Central Time) |
| Supplemental Solicitation Deadline[3] | July 30, 2026 |
| Supplemental Rule 3018(a) Motion Deadline[4] | August 3, 2026 at 5:00 p.m. (prevailing Central Time) |

---

[2]     To accommodate the Debtors' proposed deadline of July 27, 2026 to file proofs of claim (the "**General Claims Bar Date**"), the Voting Record Date applicable to any creditor that holds a claim against the DISH Wireless Debtors that is subject to the General Claims Bar Date and that files a Proof of Claim after the Voting Record Date, but on or before the General Claims Bar Date, shall be the General Claims Bar Date (the "**Supplemental Voting Record Date**").  A creditor that files a Proof of Claim by the Supplemental Voting Record Date shall receive a Solicitation Package and/or a Non-Voting Status Notice, as applicable, as soon as reasonably practical thereafter and shall be entitled to vote to accept or reject the Plan (if such claimant is entitled to vote pursuant to the Plan and the Solicitation and Voting Procedures).  If the Solicitation Agent previously provided such creditor with a Ballot on account of a scheduled claim or previous Proof of Claim filed in advance of any such Supplemental Voting Record Date, the Solicitation Agent shall update the creditors' voting amount, to the extent required under the Solicitation and Voting Procedures, but shall not be obligated to send a new Ballot.

[3]     As further described herein, with respect to Holders of Claims that are entitled to vote to accept or reject the Plan and that file Proofs of Claim after the Voting Record Date but before July 27, 2026, the Solicitation Agent will distribute Solicitation Packages via email or first class mail as soon as reasonably practicable following receipt of such Proof of Claim (if such claimant is entitled to vote pursuant to the Plan and the Solicitation and Voting Procedures).

[4]     Under the proposed Solicitation and Voting Procedures, the Debtors are not required to object to Contested Contract Claims.  Holders of Contested Contract Claim will vote in the amount of $1 to the extent set forth herein. This Supplemental Rule 3018(a) Motion Deadline is for any Claim (other than a Contested Contract Claim) that is subject to a pending objection filed with the Bankruptcy Court by July 31, 2026.

| Event | Date |
|---|---|
| Rule 3018(a) Motion Objection Deadline | August 5, 2026 |
| Voting Resolution Event Deadline | August 7, 2026 |
| Voting Deadline | August 7, 2026 at 5:00 p.m. (prevailing Central Time) |
| Opt In Deadline | August 7, 2026 at 5:00 p.m. (prevailing Central Time) |
| Plan and Disclosure Statement Objection Deadline | August 7, 2026 at 5:00 p.m. (prevailing Central Time) |
| Voting Report Deadline | August 13, 2026 (or two business days prior to any adjourned Combined Hearing) |
| Confirmation Brief Deadline | August 13, 2026 (or two business days prior to any adjourned Combined Hearing) |
| Combined Hearing | August 17, 2026, subject to the Court's availability |

## Jurisdiction, Venue, and Predicates for Relief

4.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The predicates for the relief requested herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 1007, 2002, 2003, 2015.3(d), 3001, 3016, 3017, 3018, 3020, 6003, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rules 1075-1, 2002-1, 3016-2, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and Section P of the *Procedures for Complex Cases in the Southern District of Texas* (the "**Complex Case Procedures**").

## Background

### I.       Overview of Chapter 11 Cases

6.       On June 30, 2026 (the "**Petition Date**"), each Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have requested joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed.

7.       The Debtors are subsidiaries of EchoStar Corporation (NASDAQ: ECHO) ("**EchoStar**" and, together with its Debtor and non-Debtor subsidiaries, the "**Company**"), which is not itself a Debtor in these cases.  EchoStar was founded in 1980 and provides pay-TV, wireless, and internet services to millions of customers, having pioneered technological advancements that redefined those industries.  As of the Petition Date, the Company has approximately 10,400 employees in the United States and serves more than 6 million pay-TV subscribers, approximately 7 million wireless subscribers, and approximately 641,000 broadband subscribers.  The Debtors comprise two of the Company's business segments.  The DBS Debtors operate the Company's Pay-TV segment, which includes DISH®- and Sling TV®- branded pay-TV services.  In 2025, Pay-TV generated operating income of $2.4 billion on revenue of $9.7 billion.  From 2020 to 2025, the DISH Wireless Debtors, led by DWLLC, operated the Company's Wireless segment under the Boost Mobile® and Gen Mobile® brands.

8.       The DBS Debtors commenced these prepackaged Chapter 11 Cases to implement a global resolution of disputes with holders of their debt securities pursuant to the Restructuring

Support Agreement dated as of March 19, 2026 (the "**RSA**"), which is supported by holders of approximately 88.3% of the $9.75 billion in aggregate principal amount of the DBS Debtors' secured and unsecured notes.  In accordance with the RSA, the Plan deleverages the DBS Debtors' balance sheet by providing for the reduction of the aggregate principal balance of the DBS Debtors' funded debt obligations from $9.75 billion to $5.0 billion, as such balance may be further reduced by a sweep of available cash of the DBS Debtors in excess of $500 million, commencing with the fiscal quarter ended March 31, 2027, to redeem up to the entire aggregate principal balance of the $2.5 billion of 5.750% senior secured notes due 2028.

9.      The DISH Wireless Debtors commenced these Chapter 11 Cases, as contemplated by the RSA, concurrently with the DBS Debtors to address billions of dollars of disputed claims asserted by tower lease and other 5G network infrastructure creditors following EchoStar's entry into definitive agreements to sell spectrum licenses to AT&T and SpaceX, as directed by the Federal Communications Commission (the "**FCC**") to resolve its investigation of EchoStar's use of spectrum.  The sales, which the Wireless Telecommunications Bureau (the "**Bureau**") of the FCC approved on May 12, 2026, will dispose of the spectrum licenses on which the DISH Wireless Debtors relied to operate more than 24,000 tower sites that the DISH Wireless Debtors built from the ground up at a cost of more than $13 billion—plus an additional $3 billion invested in the buildout by EchoStar's non-Debtor subsidiaries—between 2020 and 2025.  The Bureau conditioned approval of the FCC-directed sales on EchoStar's establishment of a trust funded with $2.4 billion to pay qualifying judicially determined or settled claims related to the 5G Network (the "**FCC Trust**"), which was established by EchoStar on June 26, 2026.  The Chapter 11 Cases afford holders of claims against the DISH Wireless Debtors a centralized forum to assert, liquidate, and recover against the DISH Wireless Debtors—subject to the DISH Wireless Debtors'

6

defenses—or to obtain judicially determined claims for submission to and evaluation and potential payment by the FCC Trust.

<strong>The Prepackaged Plan</strong>[5]

10.     The Plan and the Disclosure Statement, each filed contemporaneously herewith, describe in detail the transactions contemplated by the Plan and the RSA, and the recoveries provided to Holders of Claims against and Interests in the Debtors.   The following chart summarizes the classification of Claims and Interests, their respective status, and voting rights:

<strong>Classes of Claims Against and Interests in the DBS Debtors</strong>

| Class | Claims and Interests | Status | Entitled to Vote |
|---|---|---|---|
| 1A | Other Secured Claims | Unimpaired | No (Presumed to Accept) |
| 1B | Other Priority Claims | Unimpaired | No (Presumed to Accept) |
| 1C | 2026 Senior Secured Notes Claims | Impaired | Entitled to Vote |
| 1D | 2028 Senior Secured Notes Claims | Impaired | Entitled to Vote |
| 1E | 2026 Senior Notes Claims | Impaired | Entitled to Vote |
| 1F | 2028 Senior Notes Claims | Impaired | Entitled to Vote |
| 1G | 2029 Senior Notes Claims | Impaired | Entitled to Vote |
| 1H | DBS General Unsecured Claims | Unimpaired | No (Presumed to Accept) |
| 1I | DBS Intercompany Claims | Unimpaired | No (Presumed to Accept) |
| 1J | Interests in DBS Debtors | Unimpaired | No (Presumed to Accept) |

<strong>Classes of Claims Against and Interests in the DISH Wireless Debtors:</strong>

| Class | Claims and Interests | Status | Entitled to Vote |
|---|---|---|---|
| 2A | Other Secured Claims | Unimpaired | No (Presumed to Accept) |
| 2B | Other Priority Claims | Unimpaired | No (Presumed to Accept) |
| 2C | Prepetition Secured Loan Claims | Unimpaired | No (Presumed to Accept) |
| 2D | Secured Type A Claims | Unimpaired | No (Presumed to Accept) |
| 2E | DISH Wireless General Unsecured Claims | Impaired | Entitled to Vote |

---

[5]     The summary of the Plan provided herein is qualified in its entirety by reference to the Plan.  In the event of any inconsistency between this Motion and the Plan, the Plan shall govern.

7

| Class | Claims and Interests | Status | Entitled to Vote |
|-------|---------------------|--------|------------------|
| 2F | DNC Notes Guarantee Claims | Unimpaired | No (Presumed to Accept) |
| 2G | DISH Wireless Intercompany Claims | Unimpaired / Impaired | No (Presumed to Accept or Deemed to Reject) |
| 2H | Interests in DISH Wireless Debtors | Unimpaired / Impaired | No (Presumed to Accept or Deemed to Reject) |

11.     The Debtors commenced solicitation of votes on the Plan prior to the Petition Date, on June 29, 2026 (the "**Solicitation Commencement Date**").  On the Solicitation Commencement Date, the Debtors' proposed claims, noticing, and solicitation agent, Epiq Corporate Restructuring, LLC (the "**Solicitation Agent**")[6] mailed or caused to be delivered via overnight or first class mail (as applicable) to Holders of Claims in Class 1C, 1D, 1E, 1F, 1G, and 2E entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**") as of June 29, 2026 (the "**Voting Record Date**"), packages (the "**Solicitation Package**") including the Cover Letter, substantially in the form attached to the Order as **Exhibit 2**, the appropriate Ballot(s), substantially in the forms attached to the Order as **Exhibits 3A-1**, **3A-2**, **3B-1**, **3B-2**, **3C-1**, **3C-2**, **3D-1**, **3D-2**, **3E-1**, **3E-2**, and **3F** (with a pre-addressed, postage-prepaid return envelope, as applicable), and an electronic link and instructions (provided in the Cover Letter and the Ballots)[7] to access electronic copies of the Plan, the Disclosure Statement, the Solicitation and Voting Procedures, the RSA, and other related documents (excluding the Ballots) for review and download, free of charge, on the Debtors'

---

[6]    The Debtors have applied for authority to retain Epiq Corporate Restructuring, LLC as their claims, noticing, and solicitation agent.  *See Debtors' Emergency* Ex Parte *Application for Entry of an Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC, as Claims, Noticing, and Solicitation Agent*, filed contemporaneously herewith.

[7]    Holders of Contested Contract Claims against DISH Wireless L.L.C. or any other DISH Wireless Debtors that received a Class 2E Ballot on account of Contested Contract Claims also received the Class 2E Notice in substantially the form attached as **Exhibit 4-2** to the Order.

8

restructuring website maintained by the Solicitation Agent at https://dm.epiq11.com/DBS (the "**Case Website**").

12.     Holders of Claims that received the Solicitation Package were directed to follow the instructions contained in the Ballot (and described in the Disclosure Statement) to complete and submit their respective Ballot to cast a vote to accept or reject the Plan and elect to opt in to the Third-Party Release provided in Article VIII.F of the Plan.  In addition to the Plan vote and optional opt in election,  the Ballots for Holders of DISH Wireless General Unsecured Claims in Class 2E also include (a) instructions on how certain Holders of Covered Claims (as defined in the FCC Trust Agreement) in an amount greater than $100,000 may make a Type A Convenience Claim Election, and (b) information regarding the Type A Convenience Claim Election, including the implications of making such an election.  In addition, the Solicitation and Voting Procedures provide, among other things, the general voting eligibility and voting amounts of Holders in the Voting Classes, the tabulation procedures of votes to accept or reject the Plan, and special procedures applicable to Holders of Contested Contract Claims (as defined below) and Beneficial Holders of the DBS Notes Claims.

13.     The Disclosure Statement and the Ballots expressly provide that all Ballots must be *actually received* by the Solicitation Agent on or before August 7, 2026 at 5:00 p.m. (prevailing Central Time) (the "**Voting Deadline**").  The Debtors will complete a final tabulation of the Ballots on August 13, 2026.

14.     Certain Holders were not provided a Solicitation Package because such Holders are (a) Unimpaired under, and conclusively presumed to accept, the Plan, or (b) Impaired and do not receive or retain any property under, and conclusively presumed to reject, the Plan pursuant to

sections 1126(f) and 1126(g) of the Bankruptcy Code, respectively.  Such Holders are in Classes 1A, 1B, 1H, 1I, 1J, 2A, 2B, 2C, 2D, 2F, 2G, and 2H (the "**Non-Voting Classes**").

## Basis for Relief

### I.   Scheduling a Combined Hearing Is Reasonable and Appropriate.

15.   The Debtors seek a Combined Hearing to consider approval of the Disclosure Statement and the Plan.  Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a).  In addition, Bankruptcy Rule 3017(c) provides that "[a]t the time or before the disclosure statement is approved, the court: (1) must set a deadline for the holders of claims and interests to accept or reject the plan; and (2) may set a date for a confirmation hearing."  Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan.  *See* 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the court to combine a hearing on the approval of a disclosure statement with the confirmation hearing where the court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically."); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) (holding that section 105(d) of the Bankruptcy Code authorizes the court to hold combined hearings for disclosure statements and plans).  Bankruptcy Local Rule 3016-2 and Section P of the Complex Case Procedures allow the Court to combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan, so long as, contemporaneously with the filing of a disclosure statement and proposed plan, the plan proponent files a motion requesting: (a) final approval of the balloting and voting procedures to be utilized; (b) final approval of the form of notice to be provided to creditors and interest holders of the debtors; (c) final approval of the form of ballot that will be provided to creditors and interest holders entitled to vote on the

proposed plan; (d) establishment of a record date; and (e) establishment of a voting deadline – as this Motion does. Bankruptcy Rule 3020(b)(1) also provides that objections to confirmation of a plan must be filed and served "within a time fixed by the court."

16.     Here, an expeditious confirmation process and a single hearing on the Plan and Disclosure Statement are appropriate given the circumstances of these Chapter 11 Cases. *First*, creditors will not be prejudiced by the proposed timeline, which is consistent with prepackaged chapter 11 cases in this district. Given the facts and circumstances of these cases, scheduling a Combined Hearing is appropriate to ensure that the cases are handled in an efficient and economic manner, in order to preserve value for the benefit of stakeholders. A reasonably speedy emergence from chapter 11 will minimize the adverse effects of the chapter 11 filing upon the Debtors' businesses and operations, and will minimize administrative expense to the estates, as is the goal of every chapter 11 process. The Debtors have done the advance work necessary to file prepackaged cases, and the proposed schedule accounts for that. *Second*, the Debtors have requested that the Court schedule the Combined Hearing on a date that will be approximately 45 days after service of the Combined Hearing Notice and the Disclosure Statement, and the Debtors have provided notice of the Combined Hearing consistent with Bankruptcy Rules 2002 and 3017(a) and section 1128(a) of the Bankruptcy Code. *Third*, the Debtors commenced solicitation of votes on the Plan on June 29, 2026 (which is approximately 50 days prior to the requested date for the Combined Hearing), in accordance with sections 1125(g) and 1126(b) of the Bankruptcy Code.

17.     The proposed Confirmation Schedule affords all parties in interest ample notice of these Chapter 11 Cases and the anticipated schedule of events that will occur up to and including confirmation of the Plan at the Combined Hearing. The Debtors respectfully request that the Court

11

schedule the Combined Hearing on August 17, 2026, or as soon thereafter as the Court is available. The Debtors further request that the Order provide that the Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or by a notice of adjournment or notice of agenda of matters scheduled for hearing filed by the Debtors with the Court and available on the docket in these Chapter 11 Cases.

18.     The Debtors also request that the Court approve the form of Combined Hearing Notice, substantially in the form attached to the Order as **Exhibit 5**, which includes: (a) instructions on how to view or obtain electronic copies of the Disclosure Statement, the Plan, and all exhibits thereto, free of charge, from the Solicitation Agent, including on the Case Website maintained by the Solicitation Agent and the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the Plan and Disclosure Statement Objection Deadline (as defined below) and instructions for filing an objection by such deadline; and (d) notice of the Combined Hearing Date and information related thereto.

19.     The Debtors will cause the Combined Hearing Notice to be served on all known Holders of Claims and Interests as of the Voting Record Date and any other party entitled to notice under Bankruptcy Rule 2002 and applicable Bankruptcy Local Rules (regardless of whether such parties are entitled to vote on the Plan) no later than three business days after entry of the Order, or as soon as reasonably practicable thereafter.  Additionally, the Debtors propose to publish the Combined Hearing Notice or a notice substantially similar thereto within four business days following entry of the Order or as soon as reasonably practicable thereafter (the "**Publication Deadline**") in the national edition of *The New York Times* or similar publication.  In addition, the Publication Notice will be available on the Case Website.  The proposed form of Combined Hearing Notice and the length of time between service and publication of the Combined Hearing

12

Notice, in addition to the service of this Motion, will provide all parties in interest with sufficient notice of the Combined Hearing.

## II.    Conditional Approval of the Disclosure Statement

20.    The Debtors also seek conditional approval of the Disclosure Statement pursuant to this Motion, to the extent necessary and for the limited purpose of permitting the Debtors to solicit acceptance of the Plan from any additional Holders of Claims that may be entitled to vote on the Plan, with final approval of the Disclosure Statement to be determined at the Combined Hearing.  Such relief is consistent with Section P of the Complex Case Procedures, which provides that the Court may consider motions seeking conditional approval of a disclosure statement so long as such motions include a proposed order which:  (a) finally approves the balloting and voting procedures to be utilized; (b) finally approves the form of notice to be provided to creditors and interest holders of the debtors; (c) finally approves the form of ballot which will be provided to creditors and interest holders entitled to vote on the proposed plan; (d) establishes a record date; and (e) establishes a voting deadline.

21.    This Motion and the proposed Order comply with the requirements for conditional approval under Section P of the Complex Case Procedures and the other requirements of the Bankruptcy Rules and the Bankruptcy Local Rules, including Bankruptcy Local Rule 3016-2 by (a) identifying the Solicitation Agent as the balloting agent, (b) proposing the Combined Hearing, (c) seeking final approval of the Solicitation and Voting Procedures, the forms of notice to be provided to creditors, and the form of Ballots, and (d) establishing the Voting Deadline and Voting Record Date.  At the Combined Hearing, the Debtors will demonstrate that the Disclosure Statement contains "adequate information" as defined in section 1125(a) of the Bankruptcy Code. *See* 11 U.S.C. § 1126(b)(2) (providing that, if no nonbankruptcy law governs the solicitation of

13

holders of claims or interests prior to the debtors commencing Chapter 11 Cases, such solicitation must have been based on the debtors providing such holders "adequate information" as defined section 1125(a) of the Bankruptcy Code).

22.     For the avoidance of doubt, the Debtors are only seeking limited relief to continue solicitation on a postpetition basis and are not requesting that entry of the Order be a determination as to the adequacy of the Disclosure Statement at this time.  Rather, such approval will be sought at the Combined Hearing, and all parties' rights to object to the adequacy of the Disclosure Statement (subject to and in accordance with the deadlines and procedures otherwise set forth in the Order and the Solicitation and Voting Procedures) are reserved.

### III.     Approval of the Solicitation and Voting Procedures and Forms of Solicitation Materials

23.     The Court should approve the Solicitation and Voting Procedures, substantially in the form attached to the Order as **Exhibit 1**, and the related solicitation activities undertaken in connection with the Plan, as set forth below.

#### A. The Debtors' Prepetition Solicitation Was Conducted in Compliance With Applicable Non-Bankruptcy Law

24.     Section 1125(g) of the Bankruptcy Code provides that "an acceptance or rejection of the plan may be solicited from a holder of a claim or interest if such solicitation complies with applicable nonbankruptcy law and if such holder was solicited before the commencement of the case in a manner complying with applicable nonbankruptcy law."  11 U.S.C. § 1125(g).  Section 1126(b) of the Bankruptcy Code provides that:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if—(1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or (2) if there is not any such

14

> law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b).

25. Prepetition solicitation must therefore either comply with generally applicable federal and state securities laws and regulations (including the registration and disclosure requirements thereof) or, if such laws and regulations do not apply, the solicited Holders must receive "adequate information" under section 1125 of the Bankruptcy Code. *See id.*

26. Under the Plan, holders of the DBS Notes Claims will not receive any new securities. Instead, terms other than the principal amount, interest rate and payment dates are being amended pursuant to the Plan, which modifications to the DBS Notes Claims do not constitute an issuance of new securities. Because the prepetition solicitation of acceptances of the Plan does not involve the offer or sale of securities, such solicitation neither requires registration under the Securities Act of 1933 nor an exemption therefrom. To the extent any new securities are issued or offered under the Plan, such securities are not pursuant to a "public offering." Moreover, there was no general solicitation in connection with any offer or sale of securities under the Plan. Accordingly, the Debtors' prepetition solicitation complies with the requirements of section 1126(b)(1) of the Bankruptcy Code.

27. As discussed herein, the Debtors will seek a determination from the Court at the Combined Hearing that all solicited Holders received "adequate information" as defined by section 1125(a) of the Bankruptcy Code in compliance with section 1126(b)(2) of the Bankruptcy Code.

**B. Non-Solicitation of Classes Presumed to Accept or Deemed to Reject the Plan**

28. In compliance with section 1123(a)(1) of the Bankruptcy Code and as reflected in Article II of the Plan, Administrative Claims, Professional Fee Claims, Priority Tax Claims, and

DIP Financing Claims have not been classified and are not entitled to vote on the Plan.  In addition, the Plan provides that the Holders of Claims and Interests in certain Classes are presumed to accept or deemed to reject the Plan.  Specifically, Holders of Claims in Classes 1A, 1B, 1H, 1I, 1J, 2A, 2B, 2C, 2D, and 2F are unimpaired and are conclusively presumed to accept the Plan and are not entitled to vote.  *See* 11 U.S.C. § 1126(f) (each holder of a claim in an unimpaired class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required.")

29.     In addition, Holders of Claims and Interests in Classes 2G and 2H are either unimpaired or not expected to receive any recovery on account of their Claims or Interests and, thus, are either presumed to accept or deemed to reject the Plan (as applicable) and were not solicited.

30.     In lieu of the Solicitation Packages, the Debtors will cause the Solicitation Agent to send to the Holders of Claims or Interests in the Non-Voting Classes (except Classes 2G and 2H) via electronic mail, or first-class mail, the Notice of Non-Voting Status with the accompanying Release Opt In Form, substantially in the form attached to the Order as **Exhibit 6**.  With respect to Class 2G (DISH Wireless Intercompany Claims) and Class 2H (Interests in DISH Wireless Debtors), the Debtors request a waiver of any requirement to serve the Notice of Non-Voting Status, or any other type of notice in connection with the Plan, because such Claims and Interests are held by the Debtors' affiliates.

31.     The Notice of Non-Voting Status contains the full text of the release, exculpation, and injunction provisions set forth in Article VIII of the Plan and advises the Holders of Claims or Interests in the Non-Voting Classes that they can affirmatively consent to the third-party release

16

provision in <u>Article VIII.F</u> of the Plan (the "**Third-Party Release**")[8] if they timely and properly choose to opt in to the Third-Party Release.  As provided in the instructions set forth in the Release Opt In Form, the Release Opt In Form may be submitted electronically via the Solicitation Agent's online portal (the "**Opt In Portal**") at the "E-Opt In" section of the Debtors' Case Website or via first class mail, overnight courier, or hand delivery to the Solicitation Agent.  Parties that submit the Release Opt In Form using the Opt In Portal should *not* also submit a paper copy of the Release Opt In Form.  The Notice of Non-Voting Status also includes instructions for where such Holders of the Non-Voting Classes can obtain copies of the Plan, the Disclosure Statement, and related documents, and information generally about the Plan and the Combined Hearing.  The transmittal of Notice of Non-Voting Status, including the Release Opt In Form, along with the Combined Hearing Notice, in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d) and should be approved.

### C.  Solicitation of Impaired Classes Entitled to Vote to Accept or Reject the Plan

32.     As discussed above, on June 29, 2026, the Debtors commenced solicitation of votes from Holders of Claims in the Voting Classes by transmitting, via first-class mail and/or overnight mail (as applicable), the Solicitation Packages.  Given that the contents of the Solicitation Package, including the Disclosure Statement, Plan, and the other exhibits thereto, are voluminous, the Debtors have provided an electronic link and instructions for accessing such documents through the Debtors' Case Website (https://dm.epiq11.com/DBS) and/or, if requested, a printed copy of the same from the Solicitation Agent as soon as reasonably practicable.  Distribution in this manner will result in significant monetary savings for the Debtors' estates and increase recoveries to

---

[8]     For the avoidance of doubt, the Debtors will seek approval of the Third-Party Release through confirmation of the Plan and not in connection with this Motion.

creditors by reducing printing and postage costs.  Further, all documents will be available in print and email on request to the Solicitation Agent and electronically, free of charge, at the Case Website.  Moreover, any party that receives the materials in electronic format but would prefer to receive materials in paper format may contact the Solicitation Agent by: (a) writing to DISH DBS Corporation c/o Epiq Ballot Processing, 10300 SW Allen Blvd, Beaverton, OR 97005; (b) calling (888) 873-0758 (U.S./Canada toll free) or +1 (971) 414-3498 (international, for calls originating outside of the U.S./Canada); or (c) emailing DBSInformation@epiqglobal.com (with "Solicitation" in the subject line).

33.     The Disclosure Statement and the Ballots clearly state, among other things, the Voting Deadline of August 7, 2026.  Each of the Ballots also contain detailed instructions on how to complete the Ballot and make certain elections, including the Type A Convenience Claim Election contained therein, as applicable.  The Solicitation Packages and the Notice of Non-Voting Status all prominently note the various methods by which parties can obtain, at no cost, copies of the Plan and Disclosure Statement in paper or electronic form from the Solicitation Agent and on the Case Website.

### D.  Forms of Ballots

34.     The Bankruptcy Rules provide that creditors entitled to vote on a plan must be sent a form of ballot conforming to the appropriate Official Form No. 314, and that such creditors' acceptance or rejection must conform to the appropriate Official Form.  *See* Fed. R. Bankr. P. 3017(d), 3018(c).  The Ballots used in the Solicitation Packages are based on Official Form No. 314 and have been modified, as applicable, to include certain additional information that the Debtors believe to be relevant and appropriate for Holders of Claims entitled to vote to accept or reject the Plan.  Accordingly, the Ballots used in the Solicitation Packages, substantially in the

18

forms attached to the Order as **Exhibits 3A-1, 3A-2, 3B-1, 3B-2, 3C-1, 3C-2, 3D-1, 3D-2, 3E-1, 3E-2, and 3F** comply with Bankruptcy Rules 3017(d) and 3018(c), and should be approved.

### E.  The Balloting Process

35.     The Debtors, through the Solicitation Agent, have distributed the Solicitation Packages and continue to (a) solicit votes on the Plan in compliance with the Solicitation and Voting Procedures, (b) receive, tabulate, and report on Ballots, and (c) respond to inquiries relating to the solicitation and voting process.  Further, the Solicitation Agent will file a report tabulating votes on the Plan (the "**Voting Report**") with the Court by August 13, 2026, which is four calendar days before the date requested for the Combined Hearing.

36.     The Debtors request that the Solicitation Agent be authorized (to the extent not already authorized by another order of the Court) to assist the Debtors in (a) distributing additional Solicitation Packages, as needed, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims, (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Plan and Disclosure Statement, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting Holders of Claims and Interests regarding the Plan.  The Debtors or Solicitation Agent are authorized, but are not obligated to, contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, nor will any of them incur any liability for failure to provide such notification.

37.     The Solicitation Agent is required to retain all paper copies of the Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the

Solicitation Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

38.     In addition to accepting hard copy Ballots via U.S. mail, overnight courier, and hand delivery, the Debtors further request that the Solicitation Agent be authorized to accept Ballots via electronic online transmission solely through a customized online balloting portal on the Debtors' Case Website maintained by the Solicitation Agent (the "**E-Ballot Portal**").  Parties entitled to vote may, where applicable, cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a Holder to submit an electronic signature).  Instructions for electronic, online transmission of Ballots are set forth on the form of Ballot.  The encrypted data and audit trail created by such electronic submission will become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission (other than a Master Ballot, as defined below) will not be counted.

### F.  Voting and Tabulation Procedures Applicable to Beneficial Holders

39.     The Debtors have special voting and tabulation procedures applicable to beneficial holders (each a "**Beneficial Holder**") of the 2026 Senior Secured Notes in Class 1C, 2028 Senior Secured Notes in Class 1D, 2026 Senior Notes in Class 1E, 2028 Senior Notes in Class 1F, and 2029 Senior Notes in Class 1G to facilitate the efficient tabulation of the votes of such Holders by the applicable banks, brokers, or other intermediaries (each a "**Nominee**") that were identified to

the Solicitation Agent as Holders of record of such Claims.  Specifically, on the Solicitation Commencement Date, the Solicitation Agent distributed an appropriate number of Solicitation Packages, including applicable ballot distributed to each applicable Nominee (a "**Master Ballot**") identified to the Solicitation Agent as a Holder of record as of the applicable Voting Record Date.[9] All Beneficial Holder Ballots and Master Ballots clearly instruct that all Ballots must be *actually received* by the Solicitation Agent on or before the Voting Deadline or Supplemental Voting Deadline, as applicable, to be counted.

### G.  Temporary Claim Voting Procedures

40.     Generally, only holders of claims allowed under section 502 of the Bankruptcy Code are entitled to vote to accept or reject a plan.  *See* 11 U.S.C. § 1126(a) ("The holder of a claim or interest allowed under section 502 of this title may accept or reject a plan.").  Claims that are (a) listed on the DISH Wireless Debtors' schedules of assets and liabilities (the "**Schedules**") filed concurrently herewith for $0.00 or as contingent, unliquidated, or disputed, (b) specified in Proofs of Claim in an unliquidated or zero dollar amount or as contingent or disputed, or (c) the subject of pending objections filed on or before July 31, 2026, that are not allowed claims under section 502(a) of the Bankruptcy Code.  Bankruptcy Rule 3018(a), however, provides that the "court after notice and hearing may temporarily allow [any] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

41.     The Debtors propose, solely for the purpose of voting to accept or reject the Plan, and not for purposes of the allowance of, or distribution on account of, a Claim, the following

---

[9]     Nominees may use their ordinary and standard procedures to disseminate the voting materials (including the use of their own voting form) as well as the collection of votes and elections from their Beneficial Holders.

hierarchy to be used to determine the amount of the Claim associated with each Holder, and

whether each Holder should receive a Ballot or a Notice of Non-Voting Status:

a.  the Claim amount (i) settled or agreed upon by the Debtors, as reflected in a document filed with the Bankruptcy Court, (ii) set forth in an order of the Bankruptcy Court, or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

b.  the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event[10] under Section D.3 of the Solicitation and Voting Procedures;

c.  the Claim amount listed in the Schedules; *provided that* any Claims scheduled for $0.00 or as contingent, disputed, or unliquidated and for which a Proof of Claim was *not* filed by the General Claims Bar Date is *not* entitled to vote;

d.  the Claim amount asserted in a Proof of Claim—excluding any amounts that have been paid or asserted on account of any interest accrued after the Petition Date—that has been timely filed and is not otherwise contingent, unliquidated, or undetermined (based on a reasonable review by the Debtors); *provided that* claimants that file a Proof of Claim on account of a contingent, unliquidated, or undetermined Claim shall be entitled to vote on account of such Proof of Claim in a single vote in the aggregate amount of $1.00.  For the avoidance of doubt and notwithstanding anything herein, all amounts included in Proofs of Claim asserted against the Debtors on account of Contested Contract Claims (as defined below) will be deemed contingent, unliquidated, and disputed Claims and will have a single vote in the amount, for voting purposes only, of $1.00 in the aggregate per claimant, and the Debtors shall not be required to solicit votes from any Holder of a Claim with respect to any Contested Contract Claims to the extent that the Debtors determine that such Contested Contract Claim is a Class 2D Secured Type A Claim under the Plan and is Unimpaired after giving effect to applicable provisions of the Bankruptcy Code, including section 502(b)(6);[11] and

---

[10]  A "**Resolution Event**" means the occurrence of one or more of the following events on or before the Voting Resolution Event Deadline: (i) an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (ii) an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (iii) a stipulation or other agreement is executed between the Holder of such Claim and the Debtors (a) resolving the objection and allowing such Claim for voting purposes in an agreed-upon amount or (b) otherwise fixing an amount of the Claim for voting purposes; or (iv) the pending objection is voluntarily withdrawn by the objecting party.

[11]  Nothing herein shall be deemed to prejudice, impair, waive, or otherwise affect the rights of any party in interest to assert, raise, or make any argument with respect to the allowance or treatment of any Claim for any purpose, including, without limitation, distribution under the Plan. This provision is solely for the purpose of voting and shall not constitute an admission of the validity, priority, or amount of any Claim, nor shall it be construed as a waiver of any objection or defense that any party may have TXSB with respect to such Claim.

e.  any portion of the Claim amount listed in the Schedules or asserted in a Proof of Claim that is non-contingent, undisputed, or liquidated (based on a reasonable review by the Debtors) and

f.  if none of the subsections (a)-(e) apply, such Claims shall be disallowed for voting purposes.

42.  The DISH Wireless Debtors scheduled more than 1,800 Claims arising from alleged liabilities with respect to the DISH Wireless Debtors' non-residential real property leases and other agreements related to the legacy 5G Network (the "**Contested Contract Claims**") in the amount of $0.00 and as contingent, unliquidated, and disputed based on force majeure events, including after the Debtors sent notices to the relevant counterparties informing them of the FCC's unprecedent actions and other grounds excusing the Debtors' performance under relevant agreements.[12] It is not practical to estimate such Contested Contract Claims for purposes of voting. Accordingly, to the extent a Holder of a Contested Contract Claim files a timely Proof of Claim, the Debtors propose that all such Claims be allowed for voting purposes only as follows:

**Calculation of Votes with Respect to Contested Contract Claims**.  For the avoidance of doubt, each Claim scheduled in the Schedules for $0.00 or as contingent, unliquidated, or disputed shall not be entitled to vote unless a Proof of Claim has been timely filed before July 27, 2026 on account of a such Claim.  Any Proof of Claim timely filed on account of a Contested Contract Claim (i.e., Claims relating to the DISH Wireless Debtors' real property leases or other agreements related to the 5G Network, and that has not been fixed pursuant to a judgment or settlement entered into and approved by a court of competent jurisdiction, including the Bankruptcy Court, and reflects, in whole or in part, an unliquidated, contingent, or undetermined claim, regardless of whether such Claim is wholly or partially contingent or non-contingent or liquidated or unliquidated), shall be temporarily allowed, in the amount of $1.00, for voting purposes only and not for purposes of allowance or distribution; *provided* that the Debtors shall not be required to solicit votes from any Holder of a Contested Contract Claim to the extent that the Debtors determine that such Claim is a Class 2D Secured Type A Claim under the Plan and is Unimpaired after giving effect to applicable provisions of the Bankruptcy Code, including section 502(b)(6); *provided*, *further*, that such Holder will receive a Notice of Non-Voting Status on account of such

---

[12]  Any amounts owed under such agreements prior to the Debtors sending notices to the applicable contract counterparties, and which amounts the Debtors do not dispute, have been listed in the Schedules in such liquidated and undisputed amounts, as applicable.

23

Holder's Class 2D Secured Type A Claim and a notice of such Holder's classification and rights to challenge such classification and claim amount for voting purposes only, in substantially the form of the Class 2E Notice attached to the Order as **Exhibit 4-2**. The temporary allowance of a Contested Contract Claim in the amount of $1.00 is solely for voting purposes to the extent described herein and shall not be binding upon the Holder of the Contested Contract Claim, the Debtors, or any other party in interest for any purpose other than voting on the Plan.

43.     The temporary allowance of Contested Contract Claims in the amount of $1.00 is solely for voting purposes, and will not be binding upon the Holder of the Contested Contract Claim, the Debtors, or any other party in interest for any purpose other than voting on the Plan. Any Holder of a Contested Contract Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the requirements for Rule 3018(a) Motions set forth in the Solicitation and Voting Procedures.   The Debtors submit that these voting procedures are appropriate and reasonable under the circumstances of these Chapter 11 Cases and should be approved.

44.     The Debtors believe that all Contested Contract Claims should be disallowed.  Nevertheless, for purposes of affording Holders of Contested Contract Claims the opportunity to vote in the proper Class (to the extent that any such Contested Contract Claim is a Class 2E Claim), the Debtors propose to classify Contested Contract Claims for voting purposes based on the maximum theoretical Allowed amount of such Claims, after giving effect to applicable provisions of the Bankruptcy Code, including section 502(b)(6).  To the extent that this methodology places a Contested Contract Claim in Class 2E, the Holder of such Contested Contract Claim will be entitled to vote in the amount of $1.00, with all rights to seek different treatment of such Claim for voting purposes as described herein fully reserved.  The Debtors will provide Holders of Contested Contract Claims with notice of their classification and rights to

24

challenge such classification and claim amount for voting purposes only, in substantially the form of the Class 2E Notice attached to the Order as **Exhibit 4-2**.

## IV. The Court Should Approve the Confirmation Schedule in Connection with Plan Confirmation

### A. The Voting Record Date and Supplemental Voting Record Date

45.     Bankruptcy Rule 3018(b) provides that, in a prepetition solicitation, the holders of record of the applicable claims against or interests in a debtor entitled to receive ballots and related solicitation materials are to be determined "on the date specified in the solicitation." Fed. R. Bankr. P. 3018(b).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.  Fed. R. Bankr. P. 3018(a).  Here, the Cover Letter, the Disclosure Statement, and the Ballots identified June 29, 2026, as the date for determining which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan.

46.     To the extent that a creditor holds a claim and desires to file a Proof of Claim against a DISH Wireless Debtor, such creditor must do so no later than July 27, 2026, which is also the Supplemental Voting Record Date.  A creditor that files a Proof of Claim by the Supplemental Voting Record Date (and did not previously receive a Solicitation Package), shall receive from the Solicitation Agent a Solicitation Package and/or a Notice of Non-Voting Status, as applicable, via email or first class mail or as soon as reasonably practicable after a Proof of Claim is filed and shall be entitled to vote to accept or reject the Plan (if such claimant is entitled to vote pursuant to the Plan and the Solicitation and Voting Procedures), subject to the rights of parties in interest to object to such Proof of Claim, including for voting purposes.

47.     The Debtors further request that, if the Solicitation Agent previously provided a creditor with a Ballot in advance of the Supplemental Voting Record Date, the Solicitation Agent shall update such creditor's voting amount or, if applicable, such creditor's voting status, but shall

25

not be obligated to send a new Ballot.  Given the proposed timeline for confirmation of the Plan, the Debtors believe that this relief is necessary and appropriate, and in line with similar relief granted by courts in this jurisdiction and others.  *See e.g.*, *In re New Power Co.*, 438 F.3d 1113, 1117–18 (11th Cir. 2006) ("[T]he bankruptcy court may deem a claim or interest holder's vote for or against a plan as a corresponding vote in relation to a modified plan unless the modification materially and adversely changes the way that claim or interest holder is treated."); *In re Nat'l Truck Funding LLC*, 588 B.R. 175, 179 (Bankr. S.D. Miss. 2018) ("Numerous courts have held that further disclosure and re-solicitation of votes on a modified plan is only required when the modification materially and adversely affects parties who previously voted for the plan." (quoting *In re Art & Architecture Books of the 21st Century*, No. 2:13-14135, 2016 WL 1118743, at \*5 (Bankr. C.D. Cal. Mar. 18, 2016))).

### B.  The Voting Deadline

48.     Bankruptcy Rule 3018(b) provides that prepetition acceptances and rejections of a plan are valid only if the plan was transmitted to substantially all the holders of claims and interests entitled to vote on the plan and the time for voting was not unreasonably short.  Bankruptcy Rule 3017(c) provides, in relevant part, that "[a]t the time or before the disclosure statement is approved, the court: (1) must set a deadline for the holders of claims and interests to accept or reject the plan . . . ."  Fed. R. Bankr. P. 3017(c).  The Debtors launched solicitation of the Plan to all Holders of Claims in the Voting Classes on June 29, 2026.  As clearly set forth in the Disclosure Statement and Ballot, the Voting Deadline is **August 7, 2026 at 5:00 p.m. (prevailing Central Time)**, which may be extended in the Debtors' discretion or by order of this Court.

49.     The Solicitation Agent mailed or caused to be delivered via overnight or first-class mail (as applicable), the Solicitation Packages (including a link to the electronic copy of the Plan

from the Debtors' Case Website) on the Solicitation Commencement Date, and the Holders of Claims in the Voting Classes have until 5:00 p.m. (prevailing Central Time) on August 7, 2026 to consider and return votes with respect to the Plan.  All Holders of Claims or Interests in the Non-Voting Classes will also receive via electronic mail or first-class mail, a link to the electronic copy of the Plan from the Debtors' Case Website, providing sufficient time to consider and return their Release Opt In Form prior to the Voting Deadline.  Holders of Claims in the Voting Classes have adequate time to consider the Plan and Disclosure Statement, make a voting decision, and vote on the Plan or alternatively, make the Type A Convenience Claim Election, as applicable, to be treated in all respects as an unimpaired Secured Type A Claim under the Plan.  Similarly, Holders of Claims or Interests in the Non-Voting Classes have adequate time to consider the Plan and Disclosure Statement and make an informed decision whether to opt in to the Third-Party Release under the Plan and complete the Release Opt In Form by the Voting Deadline or Supplemental Voting Deadline, as applicable.

50.     In addition, to the extent that a creditor files a Proof of Claim after the Voting Record Date but before the Supplemental Voting Record Date, but did not previously receive a Solicitation Package, the Solicitation Agent shall send such creditor a Solicitation Package and/or a Notice of Non-Voting Status, as applicable, via email or first class mail or as soon as reasonably practicable after such a Proof of Claim is filed, and such creditor shall be entitled to vote to accept or reject the Plan (if such claimant is entitled to vote pursuant to the Plan and the Solicitation and Voting Procedures), subject to the rights of parties in interest to object to such Proof of Claim, including for voting purposes.. Assuming such creditor is a Holder of a Claim in a Voting Class and is entitled to vote, such Holder also has adequate time to consider the Plan and Disclosure

Statement, make a voting decision, and vote on the Plan by the Voting Deadline or Supplemental Voting Deadline, as applicable.

51.     In light of these circumstances, Holders of Claims in the Voting Classes will have adequate time to consider the Plan and the Disclosure Statement and submit their respective Ballots by the Voting Deadline or Supplemental Voting Deadline, as applicable.  Further, the majority of Holders of Claims in the Voting Classes are sophisticated investors or parties in interest represented by counsel and are able to review the Disclosure Statement, review and vote on the Plan, and respond with objections, if any, by the deadlines set forth in the Ballot and the Combined Hearing Notice.  For these reasons, the Debtors believe that the solicitation period is sufficient and appropriate for Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan.

### C.   Rule 3018(a) Motion Deadline

52.     Bankruptcy Rule 3018(a) provides, in relevant part, that "[e]ven if an objection to a claim or interest has been filed, the court may, after notice and a hearing, temporarily allow a claim or interest in an amount that the court considers proper for voting to accept or reject a plan." Fed. R. Bankr. P. 3018(a).  The Debtors request that the Court, pursuant to section 105(a) of the Bankruptcy Code, fix **July 27, 2026 at 5:00 p.m. (prevailing Central Time)** (the "**Rule 3018(a) Motion Deadline**") and **August 3, 2026 at 5:00 p.m. (prevailing Central Time)** (the "**Supplemental Rule 3018(a) Motion Deadline**") (for Claims that may be subject to an objection that is filed with the Bankruptcy Court on or prior to July 31, 2026), as the deadlines for the filing and serving of motions pursuant to Bankruptcy Rule 3018(a) requesting temporary allowance of a movant's Claim for purposes of voting (the "**Rule 3018(a) Motions**").  The Debtors also request that the Court set the deadline for the Debtors to object to any 3018 Motions for **August 5, 2026**.

28

The Debtors propose that the Court consider only those Rule 3018(a) Motions that have been timely filed in accordance with the provisions of this paragraph. The Debtors also request that, if a Holder files a timely Rule 3018(a) Motion, such Holder's Ballot shall not be counted unless a Resolution Event occurs with respect to such Contested Contract Claim or Disputed Claim no later than August 7, 2026 (the "**Voting Resolution Event Deadline**").

### D. Plan and Disclosure Statement Objection Deadline

53. Bankruptcy Rule 3017(a) provides that objections to a disclosure statement must be filed and served at any time before it is approved, or an earlier date fixed by the court. *See* Fed. R. Bankr. P. 3017(a). Additionally, Bankruptcy Rule 2002(b) provides that there should be not less than twenty-eight (28) days' notice of the time for filing objections to a disclosure statement and confirmation of a plan. Fed. R. Bankr. P. 2002(b). Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within the time set by the court." Fed. R. Bankr. P. 3020(b)(1).

54. The Debtors request that the Court establish **August 7, 2026 at 5:00 p.m. (prevailing Central Time)** as the deadline for filing and serving objections to confirmation of the Plan and final approval of the Disclosure Statement (the "**Plan and Disclosure Statement Objection Deadline**"). The proposed Plan and Disclosure Statement Objection Deadline complies with Bankruptcy Rule 2002 and will afford the Court, the Debtors, and other parties in interest reasonable time to consider any objections and proposed modifications to the Plan prior to the Combined Hearing.

55. The Debtors also request that the Court direct the manner for filing objections to the final approval of the Disclosure Statement and confirmation of the Plan, as set forth in the Combined Hearing Notice, to require that such objections, if any, must:

a.      be in writing;

b.      comply with the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court;

c.      state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

d.      be filed with the Court on or before the Plan and Disclosure Statement Objection Deadline.

## V.      Undeliverable Notices and Solicitation Materials

56.      The Solicitation and Voting Procedures provide that the Debtors are not obligated to redistribute the Solicitation Packages or the notices set forth herein to any entity to the extent that the Solicitation Packages or notices sent to such entity's listed address are returned as undeliverable.  Additionally, the Solicitation and Voting Procedures do not require the Debtors to send the Solicitation Packages or notices to any address that the Debtors have sent a notice in the last two (2) months, which notice was returned as undeliverable.  Further, the Debtors request that neither the Debtors nor Solicitation Agent should be obligated to conduct any additional research for updated addresses with respect to undeliverable Solicitation Packages or notices set forth herein.

57.      The Debtors request that the Court determine that not redistributing or not distributing, as the case may be, the Solicitation Packages and notices to such entities does not constitute inadequate notice of the Combined Hearing, the Solicitation Package, the Plan and Disclosure Statement, any deadlines sought to be approved by this Motion, or a violation of the Bankruptcy Code or the Bankruptcy Rules.  Additionally, for purposes of serving the Solicitation Packages and related notices, the Debtors request authorization to rely on the address and/or email information for the creditors receiving such notice as compiled, updated, and maintained by the

Solicitation Agent as of the Voting Record Date, without any requirement to conduct additional research for updated addresses based on undeliverable Solicitation Packages (including the Ballots) or Notices.

## VI.    Waiver of Certain Solicitation Package Mailings

58.    The Debtors request that the Court waive the requirement that they mail, or cause to be delivered, a copy of the Solicitation Packages to the Holders of Claims and Interests conclusively presumed to accept or deemed to reject the Plan (*i.e.*, Classes 2G and 2H).  *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of a court-approved disclosure statement to, among others, classes of creditors and equity security holders except as the court orders otherwise). Bankruptcy Rule 3017(d) applies, in relevant part, "after the disclosure statement has been approved." *Id.*  Accordingly, Bankruptcy Rule 3017 may be deemed to not apply here considering the prepetition solicitation process employed.  *See also* 11 U.S.C. §§ 1126(f)-(g) (providing that solicitation of parties either presumed to accept or deemed to reject is unnecessary).  The Debtors further request that they not be required to mail Solicitation Packages or other solicitation materials to Holders of Claims that have already been paid in full during the Chapter 11 Cases either through a critical vendor or cure payment, that are authorized to be paid in full in the ordinary course of business pursuant to an agreement between the parties or an order previously entered by this Court, or that have been waived or released by such Holder as reflected in a document or stipulation filed with the Court or an order entered by the Court.

59.    Distributing the Solicitation Packages to Holders of Claims and Interests not entitled to vote on the Plan when not necessary is costly and administratively burdensome.  The Debtors' resources should not be dissipated by having to satisfy this mailing requirement, especially given that the Debtors have made the Plan and Disclosure Statement available at no cost

31

on the Case Website and the Combined Hearing Notice and Publication Notice prominently display how parties in interest may access the Case Website and these materials free-of-charge.

**VII.    Extension and Conditional Waiver of (a) the U.S. Trustee's Requirement to Convene a Creditors' Meeting for the DBS Debtors and (b) the DBS Debtors' Requirement to File Schedules and Statements and 2015.3 Reports**

60.    The circumstances of these Chapter 11 Cases merit a conditional waiver of the requirements that (a) the U.S. Trustee convene a Creditors' Meeting for the DBS Debtors and (b) the DBS Debtors file their Schedules and Statements and 2015.3 Reports, in each case so long as the Plan is confirmed within eighty (80) days of the Petition Date (the "**Waiver Deadline**").

61.    Although section 341(a) of the Bankruptcy Code typically requires the U.S. Trustee to convene and preside over a meeting of the Debtors' creditors, this requirement can be waived with respect to the DBS Debtors under the circumstances present here.  Specifically, section 341(e) provides:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).

62.    Given that the Debtors commenced solicitation of votes on the Plan prepetition, the Plan has the support of the Consenting Creditors, and the allowed General Unsecured Claims against the DBS Debtors are unimpaired under the Plan and will be paid in full pursuant to the *DBS Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing, But Not Directing, the DBS Debtors to Continue their Prepetition Business Operations, Policies, and Practices and Satisfy Related Claims in the Ordinary Course of Business on a Postpetition Basis, (II) Granting Administrative Expense Priority to all Outstanding Orders and Authorizing, But Not*

32

*Directing, the DBS Debtors to Satisfy Such Obligations in the Ordinary Course, and (III) Granting Related Relief*, filed concurrently herewith, there is cause for the Court to conditionally waive the requirement that the U.S. Trustee convene the Creditors' Meeting. Accordingly, the Debtors request that the Court order that the Creditors' Meeting with respect to the DBS Debtors need not be convened if the Debtors obtain confirmation of the Plan within 80 days of the Petition Date, subject to the Debtors' right to seek extensions in consultation with the U.S. Trustee.

63. The Debtors also request that the requirement to file the DBS Debtors' Schedules and Statements and 2015.3 Reports be waived in the event the Plan is confirmed on or before the Waiver Deadline. The Court has authority to grant the Debtors' further extension "for cause" pursuant to Bankruptcy Rule 1007(c). *See* Fed. R. Bankr. P. 1007(c). Bankruptcy Rule 9006(b) further provides the Court with authority to extend the period of time to file the Schedules and Statements and 2015.3 Reports "for cause." Fed. R. Bankr. P. 9006(b)(1). Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that a debtor is "not able, after a good-faith effort, to comply with the reporting requirements; or (2) the required information is publicly available." Fed. R. Bankr. P. 2015.3(d).

64. Here, sufficient cause exists to further extend the deadline because requiring the DBS Debtors to file the Schedules and Statements and the 2015.3 Reports in the first 80 days of these cases would be time consuming and distract the Debtors' management and advisors from the work of ensuring a smooth process through confirmation and consummation of the Plan. Given the prepackaged nature of these Chapter 11 Cases and the fact that the Plan will leave the DBS General Unsecured Claims unimpaired, the Schedules and Statements and the 2015.3 Reports of the DBS Debtors would also be of limited utility to most of the DBS Debtors' creditors and parties

33

in interest.  Any benefit of requiring the DBS Debtors to prepare the Schedules and Statements and 2015.3 Reports would be minimal at best and would be significantly outweighed by the substantial expenditure of time and resources the DBS Debtors will be required to devote to the preparation and filing of these documents.  For these reasons, the Court should only require the DBS Debtors to file Schedules and Statements and 2015.3 Reports if the Plan is not confirmed on or before the Waiver Deadline, subject to the DBS Debtors' right to seek extensions in consultation with the U.S. Trustee.

65.      The DBS Debtors ask that the requested relief be granted without prejudice to the DBS Debtors' ability to seek further extensions or modifications of the requirement for the U.S. Trustee to convene a Creditors' Meeting for the DBS Debtors and for the DBS Debtors to file Schedules and Statements and 2015.3 Reports.  The DBS Debtors also request that the Court authorize the DBS Debtors to further extend the deadline to convene a Creditors' Meeting for the DBS Debtors and for the DBS Debtors to file Schedules and Statements and 2015.3 Reports without further order from the Court; *provided that* the Debtors obtain the advance written consent of the U.S. Trustee.

66.      For the avoidance of doubt, the requested waiver of the Creditors' Meeting and the filing of the Schedules and Statements and 2015.3 Reports only applies to the DBS Debtors.  The DISH Wireless Debtors have concurrently filed their respective Schedules on the Petition Date, and 2015.3 Reports, as applicable.

### **Non-Substantive Modifications**

67.      The Debtors request authorization to make non-substantive and immaterial changes to the Plan and Disclosure Statement, the Solicitation Packages, the Combined Hearing Notice, the Publication Notice, the Notice of Non-Voting Status, the Ballots, the Plan Supplement Notice,

and any other related notices and documents without further order of the Court.  These changes could include changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

## Emergency Consideration

68.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1.   This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance.   The relief requested will save costs and avoid administrative burden and confusion only if granted immediately.  The Debtors therefore request that the Court approve the relief requested in this Motion on an emergency basis.

## No Previous Request

69.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## Reservation of Rights

70.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any action taken pursuant to any order granting the relief requested herein is intended to be or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a release, waiver, or limitation of any claim or cause of action that the Debtors have (or may have) against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract,

35

or lease pursuant to section 365 of the Bankruptcy Code; (g) a release, waiver, or limitation of any of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Motion are valid and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any such liens.

**Notice**

71.    The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for Region 7 (the "**U.S. Trustee**"); (b) the United States Attorney's Office for the Southern District of Texas; (c) the state attorneys general for the states in which the Debtors operate; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission;  (f) the  Federal  Communications  Commission;  (g)  the  indenture  trustees, administrative agents, and collateral agents in respect of: (i) the 2026 Senior Secured Notes, (ii) the 2028 Senior Secured Notes, (iii) the 2026 Senior Notes, (iv) the 2028 Senior Notes, and (v) the 2029 Senior Notes; (h) counsel to the Ad Hoc Group; (i) the holders of the 30 largest unsecured claims against the DBS Debtors; (j) the holders of the 30 largest unsecured claims against the DISH Wireless Debtors; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice need be provided.

The Debtors request that the Court enter the Order granting the relief requested in this

Motion and such other and further relief as the Court deems appropriate under the circumstances.

June 30, 2026
Houston, Texas

/s/ *Charles R. Koster*

**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone:    (713) 496-9700
Facsimile:    (713) 496-9701
Email:    charles.koster@whitecase.com


Ronald K. Gorsich (*pro hac vice* pending)
Doah Kim (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Email:    rgorsich@whitecase.com
    doah.kim@whitecase.com

**WHITE & CASE LLP**
Thomas E Lauria (Texas Bar No. 11998025)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone:    (305) 371-2700
Email:    tlauria@whitecase.com


Matthew E. Linder (*pro hac vice* pending)
Laura E. Baccash (*pro hac vice* pending)
300 N. LaSalle Drive
Chicago, Illinois 60654
Telephone:    (312) 881-5400
Email:    mlinder@whitecase.com
    laura.baccash@whitecase.com


David M. Turetsky (*pro hac vice* pending)
Samuel P. Hershey (S.D. Texas Fed. No. 3465170)
Andrea Amulic (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Email:    david.turetsky@whitecase.com
    sam.hershey@whitecase.com
    andrea.amulic@whitecase.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ *Charles R. Koster*
Charles R. Koster

**Certificate of Service**

I certify that on June 30, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Charles R. Koster*
Charles R. Koster