**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, | ) | Case No. 26 -90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**STIPULATION AND AGREED ORDER
GRANTING ADEQUATE PROTECTION TO
PREPETITION NOTES SECURED PARTIES**

This Stipulation and Agreed Order Granting Adequate Protection to Prepetition DBS Notes Secured Parties (this "**Stipulation**") is entered into by and among (i) the DBS Debtors[2] and (ii) the Ad Hoc Group of holders of DBS Notes, including (a) holders (the "**2026 Secured Noteholders**") of the 2026 Senior Secured Notes issued by DBS pursuant to that certain Secured Indenture, dated November 26, 2021 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time prior to the Petition Date, the "**Secured Notes Indenture**"), by and among DBS, the guarantors identified therein, and  Wilmington Savings Fund Society, solely in its capacity as successor trustee (the "**Secured Indenture Trustee**") and U.S. Bank Trust Company, National Association solely in its capacity as successor collateral agent (the "**Secured Collateral Agent**" and, together with the 2026 Secured Noteholders and the Secured Indenture Trustee, the "**Prepetition 2026 Notes Secured Parties**") and (b) holders (the "**2028 Secured**

---

[1]     The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS.  The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

[2]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**Noteholders**" and, together with the Secured Indenture Trustee and the Secured Collateral Agent, the "**Prepetition 2028 Notes Secured Parties**" and, the Prepetition 2028 Notes Secured Parties together with the Prepetition 2026 Notes Secured Parties, the "**Prepetition Notes Secured Parties**") of the 2028 Senior Secured Notes (together with the 2026 Senior Secured Notes, the "**DBS Secured Notes**") issued by DBS pursuant to the Secured Notes Indenture.  The DBS Debtors and the Ad Hoc Group are referred to herein collectively as the "**Parties**."

**RECITALS**

**WHEREAS**, on June 30, 2026 (the **"Petition Date"**), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**");

**WHEREAS**, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, prior to the Petition Date, DBS issued the 2026 Senior Secured Notes in the original aggregate principal amount of $2,750,000,000 pursuant to the 2026 Secured Notes Indenture, and as of the Petition Date, the aggregate outstanding principal amount of the 2026 Senior Secured Notes is not less than $2,750,000,000, plus accrued and unpaid interest thereon and any fees, expenses and disbursements (including attorneys' fees, accountants' fees, appraisers' fees, auditors' fees, and financial advisors' fees), costs, charges, indemnities, and other obligations incurred by the DBS Debtors under the 2026 Secured Notes Indenture and the Security Documents as defined therein (collectively, the "**Prepetition 2026 Notes Secured Obligations**");

**WHEREAS**, prior to the Petition Date, DBS issued the 2028 Senior Secured Notes in the original aggregate principal amount of $2,500,000,000 pursuant to the 2028 Secured Notes

2

Indenture, and as of the Petition Date, the aggregate outstanding principal amount of the 2028 Senior Secured Notes is not less than $2,500,000,000, plus accrued and unpaid interest thereon and any fees, expenses and disbursements (including attorneys' fees, accountants' fees, appraisers' fees, auditors' fees, and financial advisors' fees), costs, charges, indemnities, and other obligations incurred by the DBS Debtors under the 2028 Secured Notes Indenture and the Security Documents as defined therein(collectively, the "**Prepetition 2028 Notes Secured Obligations**" and, together with the Prepetition 2026 Notes Secured Obligations, the "**Prepetition Notes Secured Obligations**");

**WHEREAS**, the Prepetition Notes Secured Obligations are secured by valid, binding, properly perfected, enforceable, non-avoidable first priority security interests in and continuing liens on the Collateral (as defined in the Secured Notes Indenture), which, for the avoidance of doubt, includes all proceeds, products, accessions, rents, and profits thereof, in each case whether then owned or existing or thereafter acquired or arising (collectively, the "**Prepetition Notes Collateral**"), subject only to Permitted Liens (as defined in the Secured Notes Indenture);

**WHEREAS**, the Prepetition Notes Collateral includes "cash collateral" as defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**");

**WHEREAS**, pursuant to section 363(c)(2) of the Bankruptcy Code, the DBS Debtors may not use Cash Collateral without the consent of the Prepetition Notes Secured Parties or authorization from the Court after notice and a hearing;

**WHEREAS,** the Prepetition Notes Secured Parties are entitled to adequate protection of their interests in the Prepetition Notes Collateral (including Cash Collateral) pursuant to sections 361, 362, and 363 of the Bankruptcy Code, for any diminution in value of such interests beginning

as of the Petition Date for any reason provided for in the Bankruptcy Code (collectively, the "**Diminution in Value**");

**WHEREAS**, the DBS Debtors have filed the *DBS Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing, but Not Directing, the DBS Debtors to Continue Their Prepetition Business Operations, Policies, and Practices and Satisfy Related Claims in the Ordinary Course of Business on a Postpetition Basis, (II) Granting Administrative Expense Priority to All Outstanding Orders and Authorizing, but Not Directing, the DBS Debtors to Satisfy Such Obligations in the Ordinary Course, and (III) Granting Related Relief* (the "**DBS Pay-All Motion**") [Docket No. 9] contemporaneously herewith.

**WHEREAS**, following good faith and arm's length negotiations, the 2026 Secured Noteholders and the 2028 Secured Noteholders (each holding a majority of the outstanding principal amount of the 2026 Secured Notes and  the 2028 Secured Notes, respectively) have agreed to the terms and conditions set forth herein and, at their request and direction, the Secured Indenture Trustee and Secured Collateral Agent also agree, to authorize the DBS Debtors' use, if any, of Cash Collateral, subject to the terms and conditions set forth in this Stipulation and Agreement to provide adequate protection to the Prepetition Notes Secured Parties;

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties stipulate and agree, and the Court orders, as follows:

<u>**STIPULATION AND AGREEMENT**</u>

1.      The Prepetition Notes Secured Parties hereby consent to the DBS Debtors' use, if any, of Cash Collateral, subject to the terms and conditions set forth in this Stipulation.

2.      As adequate protection of their respective interests in the Prepetition Notes Collateral (including Cash Collateral) for the aggregate Diminution in Value and as an inducement to the Prepetition Notes Secured Parties to consent to the use, if any, of their Cash Collateral, the DBS Debtors agree to provide the Prepetition Notes Secured Parties with the following Adequate Protection:

(a)      *Adequate Protection Liens*.   The Secured Collateral Agent is hereby granted, for the benefit of the applicable Prepetition Notes Secured Parties, effective and perfected upon the date of this Stipulation and without the necessity of the execution of any mortgages, security agreements, pledge agreements, financing statements or other agreements, to the extent of any Diminution in Value of the liens in the Prepetition Notes Collateral from and after the Petition Date, a valid, perfected supplemental  security interest in and lien upon  all now owned and after acquired post-petition property of the DBS Debtors having the same scope and effect as the prepetition liens on the Prepetition Notes Collateral (the "**Adequate Protection Liens**"), senior to all other liens, subject only to Permitted Liens.

(b)      *Current Interest Payments*. Subject to approval of the DBS Pay-All Motion by the Court, interest on the DBS Secured Notes will be paid in full in cash on a current basis during the Chapter 11 Cases on the terms and at the rates set forth in the Secured Notes Indentures (including, for the avoidance of doubt, from and after the applicable maturity date consistent with the prematurity interest schedule if the Chapter 11 Cases extend past such date, unless such DBS Secured Notes are repaid, redeemed or repurchased in full on or prior to such maturity date) (such payments, the "**Interest Payments**").

(c)      *Prepetition Notes Secured Parties' Fees and Expenses*.  Pursuant to the RSA, the DBS Debtors shall currently pay or cause to be paid, in cash, all reasonable and

documented professional fees and expenses incurred by Milbank LLP as counsel to the Ad Hoc Group ("**Ad Hoc Group Counsel**") and any local counsel or other advisor engaged by Ad Hoc Group Counsel on behalf of the Ad Hoc Group (i) following the Agreement Effective Date (as defined in the RSA) or (ii) in connection with the Chapter 11 Cases (collectively, the "**Notes Fees and Expenses**" and, together with the Interest Payments, the "**Adequate Protection Payments**"), *provided* that the Notes Fees and Expenses payable by the DBS Debtors under this Stipulation incurred through the date that is 180 days after the Petition Date shall not exceed $10,000,000 in the aggregate.  For the avoidance of doubt, (i) all reasonable and documented Notes Fees and Expenses incurred during the pendency of the Chapter 11 Cases following the date that is 180 days after the Petition Date shall be paid or caused to be paid by the DBS Debtors on a current basis and not subject to any cap, and (ii) the DBS Debtors are authorized to execute and perform under an indemnity agreement with Lazard Freres & Co LLC ("**Lazard**") in connection with its representation of the Ad Hoc Group, however, unless otherwise expressly agreed, the DBS Debtors shall otherwise have no obligation to pay or cause to be paid any fees and expenses of Lazard on or following the Petition Date.  No attorney or advisor to the Ad Hoc Group shall be required to file an application seeking compensation for services or reimbursement of expenses with the Court.  The Secured Indenture Trustee and Secured Collateral Agent retain all rights and remedies under the terms of the Secured Notes Indenture and Security Documents, and the DBS Debtors shall currently pay or cause to be paid, in cash, all of their respective reasonable and documented fees and expenses in accordance with the terms of the Secured Notes Indenture and Security Documents.

3.      Nothing in this Stipulation shall prejudice, limit or otherwise impair the rights of any Prepetition Notes Secured Party to seek new, different or additional adequate protection or assert any other right.

4.      No costs or expenses of administration of these cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceeding under the Bankruptcy Code, shall be charged against or recovered from the Prepetition Notes Collateral (including Cash Collateral) pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law, without the prior written consent of the Ad Hoc Group, and no consent shall be implied from any action, inaction or acquiescence by any of the Prepetition Notes Secured Parties, and nothing contained in this Interim Order shall be deemed to be a consent by the Prepetition Notes Secured Parties to any charge, lien, assessment or claims against the Prepetition Notes Collateral under section 506(c) of the Bankruptcy Code or otherwise.

5.      In no event shall the Prepetition Notes Secured Parties be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Prepetition Notes Collateral.

6.      The Prepetition Notes Secured Parties are each entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code and the "equities of the case" exception in section 552(b) of the Bankruptcy Code shall not apply to the Prepetition Notes Secured Parties.

7.      This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns, including any chapter 7 trustee appointed in these cases or any successor cases, and shall remain in full force and effect notwithstanding the conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code or the dismissal of these Chapter 11 Cases.

8.     This Stipulation may not be modified, amended, or supplemented except by written agreement of all Parties or approval of the Court.

9.     This Stipulation has been negotiated in good faith and at arm's length among the Parties.

10.     This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, to the extent not inconsistent therewith, the laws of the State of New York, without giving effect to principles of conflicts of laws.

11.     The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Stipulation.

12.     The headings in this Stipulation are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

13.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic signatures shall have the same force and effect as original signatures.

14.     This Stipulation shall become effective immediately upon entry of an order of the Court approving same, without the need for a further order under Bankruptcy Rule 6004(h) or otherwise.  Any stay of the effectiveness of this Stipulation is hereby waived.

Dated: _____, 2026
Houston, Texas

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY:**

July 1, 2026
Houston, Texas

/s/ *Charles R. Koster*

**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone:    (713) 496-9700
Facsimile:    (713) 496-9701
Email:            charles.koster@whitecase.com

Ronald K. Gorsich (*pro hac vice* pending)
Doah Kim (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Email:            rgorsich@whitecase.com
                      doah.kim@whitecase.com

**WHITE & CASE LLP**
Thomas E Lauria (Texas Bar No. 11998025)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone:    (305) 371-2700
Email:            tlauria@whitecase.com

Matthew E. Linder (*pro hac vice* pending)
Laura E. Baccash (*pro hac vice* pending)
300 N. LaSalle Drive
Chicago, Illinois 60654
Telephone:    (312) 881-5400
Email:            mlinder@whitecase.com
                      laura.baccash@whitecase.com

David M. Turetsky (*pro hac vice* pending)
Samuel P. Hershey (*pro hac vice* pending)
Andrea Amulic (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Email:            david.turetsky@whitecase.com
                      sam.hershey@whitecase.com
                      andrea.amulic@whitecase.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

/s/ *Lisa Laukitis*

**MILBANK LLP**
Dennis Dunne (*pro hac vice* pending)
Lisa Laukitis (*pro hac vice* pending)
Abigail Debold (*pro hac vice* pending)
55 Hudson Yards
New York, NY 10001-2163
Telephone:    (212) 530-5000
Email:            ddunne@milbank.com
                     llaukitis@milbank.com
                     adebold@milbank.com

Andrew Leblanc (*pro hac vice* pending)
1101 New York Ave NW
Washington, DC 20005
Telephone:    (212) 530-5000
Email:            aleblanc@milbank.com

-and-

**HOWLEY LAW PLLC**
Tom A. Howley (Texas Bar No. 24010115)
Eric Terry (Texas Bar No. 00794729)
TC Energy Center
700 Louisiana St., Suite 4220
Houston, Texas 77002
Telephone:  713-333-9125
Email:            tom@howley-law.com
                     eric@howley-law.com

*Counsel to the Ad Hoc Group of DBS
Noteholders*