United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 01, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, | ) | Case No. 26 -90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 5** |

**ORDER (I) AUTHORIZING THE DEBTORS
TO REDACT CERTAIN PERSONAL IDENTIFYING INFORMATION
OF NATURAL PERSONS, (II) APPROVING THE FORM AND MANNER
OF THE NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order (this "**Order**"), (i) authorizing the Debtors to redact certain personal identifying information of natural persons, (ii) approving the form and manner of notice of commencement of these Chapter 11 Cases, and (iii) granting related relief, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and entry of this Order being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that due, sufficient, and proper notice of the Motion was provided under the circumstances and in

---

[1]    The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388.  A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS.  The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

[2]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration, as applicable.

accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and upon consideration of the Motion and the First Day Declaration, and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and the relief requested in the Motion being in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and this Court having determined that the legal and factual bases set forth in support of the Motion and the First Day Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized to redact the physical addresses, email addresses, and other personal identifying information (other than the names) of any natural person from the Creditor Matrix, the 30 Largest Creditors Lists, the Schedules and Statements, the claims register(s), the master service lists, affidavits of service, proofs of claim to the extent visible on the Debtors' Website, and any other document filed with the Court.

2.      The Debtors shall provide unredacted versions of the Creditor Matrix, the 30 Largest Creditors Lists, the Schedules and Statements, the claims register(s), the master service lists, affidavits of service, proofs of claim to the extent visible on the Debtors' Website, and any other document redacted pursuant to this Order to:  (a) the Court; (b) the U.S. Trustee; (c) counsel to any official committee appointed in these Chapter 11 Cases on a confidential and professionals' eyes only basis; (d) Epiq; and (e) any other party as may be ordered by the Court or agreed to by the Debtors, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document or paper to any other person or entity.  Nothing in this Order precludes a

party in interest's right to file a motion requesting that the Court unseal the information redacted in accordance with this Order.

3. The Notice of Commencement, substantially in the form attached hereto as **Exhibit A**, is hereby approved, and the Debtors are authorized to serve the Notice of Commencement on all parties on the Creditor Matrix. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these Chapter 11 Cases and (b) the scheduling of any Creditors' Meeting.

4. The Debtors shall cause Epiq to post the Notice of Commencement on the Debtors' Website as soon as practicable after entry of this Order.

5. The Debtors, through Epiq, are authorized to serve all pleadings and papers filed in these Chapter 11 Cases, including the Notice of Commencement, by email; *provided*, that if the Debtors do not have the email address for a party in interest, then the Debtors, through Epiq, shall serve all pleadings and papers to such party in interest at the last known physical address on file.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Bankruptcy Local Rules, and the *Procedures for Complex Cases in the Southern District of Texas* are satisfied by such notice.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Nothing contained in the Motion or this Order, nor any action taken pursuant thereto, is intended to be or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable

non-bankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a release, waiver, or limitation of any claim or cause of action that the Debtors have (or may have) against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a release, waiver, or limitation of any of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any such liens.

10.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: July 01, 2026

_____

Christopher Lopez
United States Bankruptcy Judge

4