**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, | ) | Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**EMERGENCY MOTION OF
CROWN CASTLE TO ADJOURN CERTAIN MOTIONS TO THE SECOND
DAY HEARING OR, IN THE ALTERNATIVE, SET A STATUS CONFERENCE**
[Related to Docket No. 126]

**Emergency relief has been requested.  Relief is requested not later than
12:00 p.m. (Prevailing Central Time) on July 7, 2026.**

**If you object to the relief requested or you believe that emergency
consideration is not warranted, you must appear at the hearing if one is set, or
file a written response prior to the date that relief is requested in the preceding
paragraph.  Otherwise, the Court may treat the pleading as unopposed and
grant the relief requested.**

Crown Castle,[2] by and through its undersigned counsel, files this emergency motion to

(i) adjourn the hearing scheduled for July 8, 2026, set forth in the *Notice of Hearing to be Held on*

---

[1]     The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388.  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS.  The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

[2]     "Crown Castle" means, collectively, Aircomm of Avon, LLC; Atlantic Coast Communications LLC; CCATT LLC; CCTMO LLC; CCTM1 LLC; CCTM2 LLC; Coverage Plus Antenna Systems LLC; Crown Atlantic Company LLC; Crown Castle GT Company LLC; Crown Castle MU LLC; Crown Castle South LLC; Crown Castle Towers 05 LLC; Crown Castle Towers 06-2 LLC; Crown Castle Towers 09 LLC; Crown Communication LLC; Global Signal Acquisitions LLC; Global Signal Acquisitions II LLC; Global Signal Acquisitions III LLC; Global Signal Acquisitions IV LLC; GoldenState Towers, LLC; High Point Management Co. LLC; ICB Towers, LLC; Interstate Tower Communications LLC; IntraCoastal City Towers LLC; Pinnacle Towers Acquisition LLC; Pinnacle Towers Asset Holding LLC; Pinnacle Towers LLC; Pinnacle Towers III LLC; Radio Station WGLD LLC; Shaffer & Associates, Inc.; Sierra Towers, Inc.; Tower Development Corporation; Tower Systems LLC; Tower Technology Company of Jacksonville LLC; Tower Ventures III, LLC; WCP Wireless Lease Subsidiary, LLC; and TVHT, LLC.

*July 8, 2026 at 2:30 P.M. (Prevailing Central Time)* [Docket No. 126] (the "Adjournment Notice") filed by the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases related to the Bar Date Motion, the Bidding Procedures Motion, the Rejection Procedures Motion, and the Solicitation Procedures Motion (each as defined in the Adjournment Notice and, collectively, the "Motions"), or (ii) in the alternative, schedule a status conference at the Court's earliest convenience to discuss the proposed hearing on July 8, 2026. Crown Castle expects other significant creditors of DISH Wireless, L.L.C. (collectively, the "DISH Wireless Claimants") to join in this motion or seek similar relief.

## EMERGENCY MOTION

1.      As instructed by the Court at the July 1 hearing, counsel for Crown Castle and certain other DISH Wireless Claimants met and conferred with counsel to the Debtors on July 2 in an effort to reach agreement on an appropriate schedule for the relief requested in the Motions. During that discussion, the Debtors refused to consider a hearing date on the Motions later than July 8, notwithstanding the views expressed by the DISH Wireless Claimants that proceeding on July 8 would be inappropriate for the reasons described below.  Despite the DISH Wireless Claimants' unanimous opposition to proceeding on July 8, the Debtors nonetheless unilaterally filed the Adjournment Notice setting the Motions for hearing on July 8.

2.      The DISH Wireless Claimants oppose proceeding on July 8.  There is no emergency or exigency that warrants hearing the Motions on an urgent basis one week into these cases.  As discussed further below, neither the Debtors' Restructuring Support Agreement (the "RSA") nor its milestones require Court approval of the Motions, or of the schedule the Motions seek to impose on the DISH Wireless Claimants, on this accelerated timeline.  The Debtors have identified no imminent harm that would result from deferring these Motions to the second day hearing, which

is scheduled for July 23, 2026.  Nor would the Debtors suffer any harm from that adjournment—the relief requested in the Motions is not so time-sensitive that a brief delay to allow for more formal notice and due process would jeopardize the DISH Wireless Debtors' operations, which are non-existent at this point, or these cases more broadly.

3.      By contrast, proceeding on July 8 would substantially prejudice the DISH Wireless Claimants and other parties in interest.  These cases were filed only days ago, and creditors and other stakeholders have had limited opportunity to review the Motions, evaluate the relief requested, and determine whether and how to respond.  Relatedly, the U.S. Trustee has not yet had the opportunity to appoint an official committee of unsecured creditors, which will undoubtedly have views on such Motions that the Court should consider.

4.      These timing concerns are compounded by the Debtors' outright refusal to provide any discovery related to the relief sought by the Motions.  Because the Debtors would not agree to adjust the schedule, and as previewed at the first day hearing, Crown Castle and two other significant creditors (American Tower and SBA Telecommunications, LLC) served discovery requests on the Debtors and the Ad Hoc Group of DBS Bondholders (the "Ad Hoc Group") on July 3, which sought production of documents by July 5 and depositions for July 7.  The Debtors and the Ad Hoc Group informed Crown Castle late last night of their refusal to produce a single document in discovery or to produce any witness for deposition prior to the July 8 hearing, notwithstanding the Debtors' submission of two wide-ranging declarations they relied upon at the first day hearing and intend to continue to rely upon as evidence at the July 8 hearing.  Ironically, the Debtors object to discovery on the ground that the DISH Wireless Claimants' requests did not follow the applicable rules by requiring production on too short of a timeline—issues that are of course of the Debtors' own making.  The Debtors should not be permitted to seek expedited relief

3

on severely shortened notice while, at the same time, refusing to provide *any* discovery on the ground that they lack adequate time.

5.      The Motions cannot fairly be heard on July 8 without affording the DISH Wireless Claimants any discovery on factual issues plainly relevant to the relief sought, including, among others:

- the purported urgency justifying emergency relief (particularly when the sole milestone under the Debtors' RSA requires plan confirmation by the end of October);

- the extent to which the Debtors have marketed the DISH Wireless, L.L.C. assets pre-petition, which is plainly relevant to the accelerated sale process timeline under the Bidding Procedures Motion and the request for authorization to enter into the stalking horse agreement with an affiliate;

- the extent to and manner in which the Debtors actually solicited unsecured creditors of DISH Wireless, L.L.C. and its affiliated Debtors (collectively, the "DISH Wireless Debtors") prior to commencing these bankruptcy cases; and

- the basis for tying the DISH Wireless Debtors' chapter 11 cases to the chapter 11 cases of DISH DBS Corporation and its affiliated Debtors.

6.      While the Debtors will argue that the Motions seek only "procedural" relief, the "procedural" relief they seek has material substantive consequences that will prejudice the creditors and other parties in interest in these cases.  The Motions are singularly focused on creating an accelerated timeline designed to allow the Debtors to confirm a "prepackaged" joint chapter 11 plan (the "Plan") based solely on the vote of a highly-suspect $8.8 billion intercompany claim that was transferred to a third-party trust right before the commencement of these chapter

4

11 cases. The Debtors acknowledge that the intercompany claim—although it relates to amounts purportedly advanced since 2020—was not documented until August 2025, which is before independent directors for DISH Wireless L.L.C. were appointed, after the Debtors decided to sell their spectrum licenses and strand all of their 5G build out costs, and days before they fraudulently and/or preferentially transferred their 'Boost Mobile' business to a non-Debtor entity in exchange for a $5 billion reduction on the newly created intercompany loan. Despite being a public company, the Debtors' parent never publicly reported the existence of a $13 billion intercompany claim, although its public reports describe numerous other intercompany claims, including claims against DISH Wireless, L.L.C., for much smaller amounts.

7. This recently-created but never-before disclosed $8.8 billion intercompany claim is not a peripheral detail—it is the crux of the Debtors' contention that their Plan has been accepted by the requisite impaired class of creditors. The Court should not set a case schedule where the validity of such claim, and its ability to vote on the Plan, will be heavily contested by creditors with billions of dollars in claims without having any idea of the complexity of the issues involved and how long it may reasonably take to resolve them. The Debtors' refusal to provide any discovery regarding this intercompany claim deprives the DISH Wireless Claimants and the Court of meaningful information necessary to evaluate a sensible schedule that will allow all parties in interest a fair and reasonable opportunity to challenge such claim in advance of confirmation. The Debtors' unwillingness to produce documents or make witnesses available compounds this concern and leaves the DISH Wireless Claimants no ability to probe the issue in advance of July 8.

8. Honestly, if a debtor can file a plan, label it as "prepackaged," and proceed quickly on that basis where the only impaired creditor whose vote has been tabulated holds a specious

intercompany claim that was laundered immediately prior to the filing so that it is nominally held by a non-insider, this Court will obliterate decades of precedent around what constitutes a prepackaged plan and, in doing so, completely upend the bedrock protections afforded to creditors under, among others,  sections 1125 and 1129 of the Bankruptcy Code.

9.      Accordingly, the DISH Wireless Claimants respectfully request that the Court adjourn the July 8 hearing to the second day hearing on July 23, or, in the alternative, schedule a status conference by 12:00 p.m. (Prevailing Central Time) on July 7, 2026, so that these scheduling and discovery issues may be addressed before the hearing proceeds.

WHEREFORE, the DISH Wireless Claimants request that the Court adjourn the Motions to the second day hearing or, in the alternative, set a status conference.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 6, 2026
Houston, Texas

*/s/  John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Jack M. Eiband (TX Bar No. 24135185)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Emails:        jhiggins@porterhedges.com
               sjohnson@porterhedges.com
               myoung-john@porterhedges.com
               jeiband@porterhedges.com

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Brian S. Hermann (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Jeffrey J. Recher (admitted *pro hac vice*)
Grace Hotz (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Emails:        bhermann@paulweiss.com
               kkimpler@paulweiss.com
               jrecher@paulweiss.com
               ghotz@paulweiss.com

*Co-Counsel to Crown Castle*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/  John F. Higgins*
John F. Higgins

## **CERTIFICATE OF ACCURACY**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Brian S. Hermann*
Brian S. Hermann