United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 09, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| DISH DBS CORPORATION, | ) Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket No. 14** |

**ORDER (I) SETTING BAR DATES
FOR FILING PROOFS OF CLAIM, INCLUDING
REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9),
(II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND
REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM
OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING
SECTION 503(b)(9) REQUESTS, (IV) APPROVING NOTICE OF BAR DATES,
AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession

(collectively, the "**Debtors**")[3] for entry of an order (this "**Bar Date Order**") (i) establishing

deadlines for filing Proofs of Claim, including requests for payment under section 503(b)(9) of the

Bankruptcy Code, in these Chapter 11 Cases, (ii) establishing the Amended Schedules Bar Date

and the Rejection Damages Bar Date, (iii) approving the form and manner for filing such claims,

---

[1] The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388. A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS. The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] The "**DISH Wireless Debtors**" include: (a) Neyland Networks LLC; (b) DISH Wireless L.L.C. ("**DWLLC**"); (c) DISH Wireless Leasing L.L.C.; (d) DISH Wireless Retail Holding L.L.C.; (e) DISH Infinite Corporation; and (f) DISH Wireless Retail Operating L.L.C. The "**DBS Debtors**" include: (a) DISH DBS Corporation; (b) DISH Network L.L.C.; (c) DISH Operating L.L.C.; (d) DISH Broadcasting Corporation; (e) Dish Network Service L.L.C.; (f) DISH Technologies Holding Corporation; (g) DISH Technologies L.L.C.; (h) Sling Media L.L.C.; (i) Sling TV Holding L.L.C.; (j) Sling TV Purchasing L.L.C.; (k) Sling TV L.L.C.; and (l) Sling TV Gift Card Corporation.

including any section 503(b)(9) requests for payment, and (iv) approving notice of the Bar Dates, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had, if any, before this Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

**I.      The Bar Dates and Procedures for Filing Proofs of Claim.**

1.      Each entity[4] that asserts a claim (whether secured, unsecured, priority, or non-priority) against a DISH Wireless Debtor that arose or is deemed to have arisen before the Petition Date, including claims against the DISH Wireless Debtors arising under section 503(b)(9) of the Bankruptcy Code, must file an original, written proof of claim (a "**Proof of Claim**"), substantially in the form attached hereto as **Exhibit 1** (the "**Proof of Claim Form**") or Official Form 410. Except in the cases of governmental units and certain other exceptions explicitly set forth herein,

---

[4]   Except as otherwise defined herein and in the Motion, all terms used but not defined herein that are specifically defined in the Bankruptcy Code, including "entity," "claim," and "governmental unit," shall have the meanings ascribed to such terms in section 101 of the Bankruptcy Code.

all Proofs of Claims must be filed so that they are ***actually received*** by the Claims and Noticing Agent on or before **August 7, 2026, at 5:00 p.m., prevailing Central Time** (the "**Claims Bar Date**")*,* at the address and in the form set forth herein.  The Claims Bar Date does not apply to claims falling under the Governmental Bar Date, the Rejection Damages Bar Date, or the Amended Schedules Bar Date, as set forth in the Motion and this Bar Date Order.

2. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, so they are ***actually received*** by the Claims and Noticing Agent on or before **December 27, 2026, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date"**), at the address and in the form set forth herein.

3. Unless otherwise ordered, each entity asserting a claim arising from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim on account of such claim so that it is ***actually received*** by the Claims and Noticing Agent, in accordance with the instructions set forth in this Bar Date Order, on ***the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is twenty-one (21) days after the latest of (i) the proposed effective date of a rejection (as defined in the Rejection Procedures Motion, the "Rejection Date"), (ii) the date of filing of a Rejection Notice, and (iii) the date of entry of an order by this Court rejecting the applicable executory contract and unexpired lease (each, a "Rejection Order"), it being understood that***

*the Rejection Procedures Order is not a Rejection Order* (**the "Rejection Damages Bar Date"**), at the address and in the form set forth herein.

4.      If the DISH Wireless Debtors amend their Schedules, the DISH Wireless Debtors shall give notice by first-class mail of any amendment and notice of the Amended Schedules Bar Date (as defined below) to holders of claims affected thereby.  Except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, such holders must file Proofs of Claim on account of such affected claims so that they are *actually received* by the Claims and Noticing Agent, in accordance with the instructions set forth in this Bar Date Order, *by the later of (a)  the Claims Bar Date or Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is twenty-one (21) days from the date on which the DISH Wireless Debtors serve the notice of the amendment to their Schedules* (the "**Amended Schedules Bar Date**" and together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "**Bar Date**" or "**Bar Dates**").

5.      All Proofs of Claim must be filed so as to be *actually received* by the Claims and Noticing Agent on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these Chapter 11 Cases and/or receiving distribution from the Debtors on account of such claims in these Chapter 11 Cases.

**II.     Parties Required to File Proofs of Claim.**

6.      The following categories of claimants, in the capacities described below, shall be required to file a Proof of Claim by the Claims Bar Date:

a.      any entity whose claim is not listed in the applicable DISH Wireless Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in the Chapter 11 Cases or share in any distribution in any of the Chapter 11 Cases;

b.      any entity that believes its claim is improperly classified in the Schedules or listed for an incorrect amount and desires to have its claim allowed under a classification or in an amount different than set forth in the Schedules;

c.      any entity that believes its claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.      any entity alleging that its claim against a DISH Wireless Debtor is or may qualify as an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**III.    Parties Not Required to File Proofs of Claim by the Claims Bar Date.**

7.      The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Claims Bar Date:

a.      the U.S. Trustee for the Southern District of Texas (the "**U.S. Trustee**"), on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Clerk of the Court or with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.      any entity whose claim is listed on the DISH Wireless Debtors' Schedules and: (i) is *not* listed in the Schedules as "disputed," "contingent," or "unliquidated;" (ii) agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) does not dispute the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.  any Debtor or non-Debtor affiliate holding a claim against another Debtor;

f.  any entity whose claim is solely against any non-Debtor affiliates;

g.  any entity whose claim is solely against a DBS Debtor;

h.  any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of this Court;

i.  any former or present full-time, part-time, salaried, or hourly current employee of the Company;[5]

j.  any current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.  any entity holding a claim for which a separate deadline is fixed by this Court;

l.  any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; *provided* that any entity asserting a claim entitled to priority against a DISH Wireless Debtor under section 503(b)(9) of the Bankruptcy Code must file a Proof of Claim based on such claim on or prior to the Claims Bar Date;

m.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases; and

n.  any entity holding an equity interest in any Debtor.

**IV.  Requirements for Preparing and Filing Proofs of Claim.**

8.  The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.  *Contents*.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative on behalf of the claimant.

b.  *Section 503(b)(9) Claim*.  Any Proof of Claim asserting a claim against a DISH Wireless Debtor entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the DISH Wireless Debtor in the twenty (20) days prior to

---

[5]  As further described in the First Day Declaration, non-debtor affiliate Echosphere L.L.C. operates as the Company's employer of record and none of the Debtors themselves directly employ the workforce.

the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the DISH Wireless Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.  ***Electronic Signatures Permitted***.   Only Proofs of Claim signed electronically or by hand by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.  ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed without identifying a specific Debtor will be deemed as filed only against DISH Wireless L.L.C.

e.  ***Claim Against Multiple Debtor Entities***.   Except as otherwise set forth in the Bar Date Order or any other order of the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent that no Debtor or more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against DISH Wireless L.L.C.

f.  ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel (email shall suffice),[6] such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon request no later than five (5) Business Days from the date of such request; *provided*, *however*, that the failure to obtain prior written consent from the Debtors or respond to the Debtors' request for supporting documentation shall not result in the automatic disallowance or expungement of such claim.

g.  ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date, by: (i) electronic submission using the interface available on the Claims and Noticing Agent's website at https://dm.epiq11.com/DISHWireless; (ii) if submitted through non-electronic means, by first class U.S. mail, overnight U.S. mail, or other hand

---

6   Any notice to the Debtors' counsel should be addressed to:  White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131-2352, Attn.: Devin Rivero (devin.rivero@whitecase.com) and White & Case LLP, 300 N. LaSalle Drive, Chicago, Illinois 60654, Attn.: Sophia Hurley (sophia.hurley@whitecase.com).

delivery method at the addresses listed below; or (iii) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov):

**If by First-Class Mail:**
DISH Wireless L.L.C.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

**If by Hand Delivery or Overnight Courier:**
DISH Wireless L.L.C.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**.

h.    *Receipt of Service*.  Any claimant submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that the Proof of Claim was received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope to the Claims and Noticing Agent.

## V.    Identification of Known Creditors.

9.    The Debtors shall serve notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such service shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

## VI.    Procedures for Providing Notice of the Bar Date.

### A.    Service of Bar Date Notices

10.    The Debtors shall cause a written notice of the Bar Dates, substantially in the form attached as **Exhibit 2** hereto (the "**Bar Date Notice**") and a Proof of Claim Form (together, the "**Bar Date Package**") to be served via email or first class mail to the following parties (or their respective counsel, if known):

8

a.      the U.S. Trustee;

b.      the entities listed as holding the 30 largest unsecured claims against the DISH Wireless Debtors (on a consolidated basis);

c.      counsel to any statutory committee;

d.      all creditors and other known holders of claims against the DISH Wireless Debtors as of the date of entry of the Bar Date Order;

e.      all entities that have requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d) as of the date the Bar Date Order is entered;

f.      all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date the Bar Date Order is entered;

g.      all known direct equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

h.      all entities that are a party to executory contracts and unexpired leases with the Debtors;

i.      all entities that are a party to active litigation with the Debtors;

j.      all regulatory authorities that regulate the Debtors' businesses;

k.      the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

l.      the District Director of the Internal Revenue Service for the Southern District of Texas;

m.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

n.      all other entities listed on the Debtors' matrix of creditors;

o.      the Federal Communications Commission;

p.      the United States Securities and Exchange Commission; and

q.      the Office of the United States Attorney for the Southern District of Texas; and

r.      the indenture trustees, administrative agents, and collateral agents in respect of the: (1) 2026 Senior Secured Notes; (2) 2028 Senior Secured Notes; (3) 2026 Senior Notes; (4) 2028 Senior Notes; and (5) the 2029 Senior Notes.

9

11.     The Debtors shall cause the Bar Date Package to be served on all parties via email or first-class mail within two (2) business days of the date of entry of the Bar Date Order, or as soon as reasonably practicable thereafter.  The Debtors shall cause the Bar Date Package to be served on all creditors with foreign addresses within one (1) business day from the date of entry of the Bar Date Order via overnight mail.  In addition to serving such creditors via overnight mail, the Debtors shall serve the Bar Date Package on each foreign creditor for which it has an email address electronically, via email, within one (1) calendar day from the date of entry of the Bar Date Order.

12.     The Debtors shall provide all known creditors listed in the DISH Wireless Debtors' Schedules with a personalized Proof of Claim Form, which will set forth: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

13.     The Bar Dates shall be prominently displayed on the Debtors' Claims and Noticing Agent's website at https://dm.epiq11.com/DISHWireless.

### B.     Supplemental Service

14.     After the initial service of the Bar Date Packages, the Debtors may, in their discretion, effect supplemental service of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses, *provided*, that the Debtors

shall not be required to serve additional notices to entities whose notices are returned by the post office as "return to sender" without a forwarding address; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date noticing process.  In this regard, the Debtors may effect supplemental service of the Bar Date Package in these and similar circumstances at any time up to ten (10) Business Days in advance of the applicable Bar Date, with any such service being deemed timely and the Bar Date being applicable to the recipient creditors.

15.     To the extent any notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to serve additional notices to such creditors.

**C.     Publication Notice**

16.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.

17.     Specifically, the Debtors shall cause the Bar Date Notice to be published no later than four (4) Business Days after entry of the Bar Date Order, modified for publication in substantially the form attached as **Exhibit 3** hereto (the "**Publication Notice**"), on one occasion in the national edition of the *New York Times* and any such other local publications that the Debtors deem appropriate and disclose in their affidavit of service.

18.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and

sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**VII.    Consequences of Failure to File a Proof of Claim.**

19.    Any person or entity that is required, but fails, to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their chapter 11 estates (or filing a Proof of Claim with respect thereto), and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim, and shall be prohibited from voting to accept or reject any chapter 11 plan filed in these Chapter 11 Cases, participating in any distribution in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and liquidated.

**VIII.   Miscellaneous.**

20.    The Court finds cause to shorten the 30-day minimum notice period required for creditors with foreign addresses under Bankruptcy Rule 2002(p)(2).

21.    The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

12

22. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

23. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

Signed:  July 09, 2026

_____

Christopher Lopez
United States Bankruptcy Judge

## Exhibit 1

## Proof of Claim Form

**United States Bankruptcy Court for the Southern District of Texas**

**DISH Wireless L.L.C.**
**Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

**Name of Debtor (Select only one Debtor per Proof of Claim form):**

| | | |
|---|---|---|
| ❑ DISH DBS Corporation (Case No. 26-90627) | ❑ DISH Technologies Holding Corporation (Case No. 26-90634) | ❑ Neyland Networks LLC (Case No. 26-90626) |
| ❑ DISH Broadcasting Corporation (Case No. 26-90629) | ❑ DISH Technologies L.L.C. (Case No. 26-90635) | ❑ Sling Media L.L.C. (Case No. 26-90639) |
| ❑ DISH Infinite Corporation (Case No. 26-90630) | ❑ DISH Wireless L.L.C. (Case No. 26-90628) | ❑ Sling TV Gift Card Corporation (Case No. 26-90640) |
| ❑ DISH Network L.L.C. (Case No. 26-90631) | ❑ DISH Wireless Leasing L.L.C. (Case No. 26-90636) | ❑ Sling TV Holding L.L.C. (Case No. 26-90641) |
| ❑ Dish Network Service L.L.C. (Case No. 26-90633) | ❑ DISH Wireless Retail Holding L.L.C. (Case No. 26-90637) | ❑ Sling TV L.L.C. (Case No. 26-90642) |
| ❑ DISH Operating L.L.C. (Case No. 26-90632) | ❑ DISH Wireless Retail Operating L.L.C. (Case No. 26-90638) | ❑ Sling TV Purchasing L.L.C. (Case No. 26-90643) |

| | | |
|---|---|---|
| | ❑ Check box if the address on the envelope sent to you by the court needs to be updated.  Identify your replacement address in Part 1 (Section 3) below. | **For Court Use Only** |

| | |
|---|---|
| **Proof of Claim** (<u>Modified Official Form 410</u>) | **04/25** |

**Read the instructions before filling out this form.**

This form is for making a claim for payment in a bankruptcy case.  Other than a claim under 11 U.S.C § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.  Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.  Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim):  _____

Other names the creditor used with the debtor:  _____

**2.  Has this claim been acquired from someone else?**   ❑ No  ❑ Yes.   From whom?  _____

| **3.  Where should notices and payments to the creditor be sent?** **Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)** | **Where should notices to the creditor be sent?** <br><br>_____<br>Name<br><br>_____<br>Number       Street<br><br>_____<br>City                State             ZIP Code<br><br>Country (if International): _____<br><br>Contact phone: _____<br><br>Contact email: _____<br><br>Uniform claim identifier (if you use one):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br>_____<br>Number       Street<br><br>_____<br>City                State             ZIP Code<br><br>Country (if International): _____<br><br>Contact phone: _____<br><br>Contact email: _____ |
| **4.  Does this claim amend one already filed?** | ❑ No<br><br>❑ Yes.   Claim number on court claims register (if known) _____ | Filed on _____<br>        MM  / DD  / YYYY |
| **5.  Do you know if anyone else has filed a proof of claim for this claim?** | ❑ No<br><br>❑ Yes.  Who made the earlier filing?  _____ | |

| 6. Do you have any number you use to identify the debtor? | ☐ No<br><br>☐ Yes.<br><br>Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ | |
|---|---|---|
| 7. How much is the claim? | $_____ . | **Does this amount include interest or other charges?**<br><br>☐ No<br><br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ | |
| 9. Is all or part of the claim secured? | ☐ No<br><br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*<br><br>☐ Motor vehicle<br><br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____% ☐ Fixed ☐ Variable | |
| 10. Is this claim based on a lease? | ☐ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of petition. $_____** | |
| 11. Is this claim subject to a right of setoff? | ☐ No<br><br>☐ Yes. Identify the property: _____ | |
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No<br><br>☐ Yes. *Check one:*<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies. | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.<br><br>**Amount entitled to priority**<br><br>$_____<br><br><br>$_____<br><br><br><br>$_____<br><br><br>$_____<br><br><br>$_____<br><br><br>$_____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**

**Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $**_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____   _____

              MM / DD / YYYY          Signature

**Print the name of the person who is completing and signing this claim:**

Name   _____

          First name              Middle name              Last name

Title   _____

Company   _____

          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____

          Number          Street

          _____

          City                        State          ZIP Code

Contact Phone _____   Email _____

**Exhibit 2**

**Form of Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DISH DBS CORPORATION, | ) Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) (Emergency Hearing Requested) |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| # | DEBTOR | CASE NO. |
|---|---|---|
| 1. | DISH DBS Corporation | 26-90627 |
| 2. | DISH Wireless L.L.C. | 26-90628 |
| 3. | DISH Broadcasting Corporation | 26-90629 |
| 4. | DISH Infinite Corporation | 26-90630 |
| 5. | DISH Network L.L.C. | 26-90631 |
| 6. | Dish Network Service L.L.C. | 26-90633 |
| 7. | DISH Operating L.L.C. | 26-90632 |
| 8. | DISH Technologies Holding Corporation | 26-90634 |
| 9. | DISH Technologies L.L.C. | 26-90635 |
| 10. | DISH Wireless Leasing L.L.C. | 26-90636 |
| 11. | DISH Wireless Retail Holding L.L.C. | 26-90637 |
| 12. | DISH Wireless Retail Operating L.L.C. | 26-90638 |
| 13. | Neyland Networks LLC | 26-90626 |
| 14. | Sling Media L.L.C. | 26-90639 |
| 15. | Sling TV Gift Card Corporation | 26-90640 |
| 16. | Sling TV Holding L.L.C. | 26-90641 |
| 17. | Sling TV L.L.C. | 26-90642 |
| 18. | Sling TV Purchasing L.L.C. | 26-90643 |

---

[1]   The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388.  A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS.  The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

**PLEASE TAKE NOTICE THAT:**

On June 30, 2026 (the "**Petition Date**"), DISH DBS Corporation, DISH Wireless L.L.C. and their respective debtor affiliates and subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").

On [●], 2026, the Court entered an order [Docket No. [●]] (the "**Bar Date Order**")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file Proofs of Claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("**Proofs of Claim**").

For your convenience, enclosed within this notice (this "**Notice**") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the DISH Wireless Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") filed in these cases.  If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (collectively, the "**Bar Dates**"):

> a.    *Claims Bar Date*.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the DISH Wireless Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) against DISH Wireless Debtors, are required to file Proofs of Claim *by August 7, 2026 at 5:00 p.m., prevailing*

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Bar Date Order.

*Central Time*.  Except expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to any and all types of claims against the DISH Wireless Debtors that arose or are deemed to have arisen before the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code against DISH Wireless Debtors, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or the Bar Date Order.

b.      *Governmental Bar Date*. Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim by *the Governmental Bar Date (i.e., by December 27, 2026 at 5:00 p.m. prevailing Central Time)*.    The Governmental Bar Date applies to all governmental units holding Claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.      *Rejection Damages Bar Date*.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code are required to file Proof of Claim based on a claim arising from such rejection by the *Rejection Damages Bar Date, (i.e., by the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is twenty-one (21) days after the latest of (i) the proposed effective date of a rejection (as defined in the Rejection Procedures Motion, the "Rejection Date"), (ii) the date of filing of a Rejection Notice and (iii) the date of entry of an order by the Court rejecting the applicable executory contract and unexpired lease (each, a "Rejection Order"), it being understood that the Rejection Procedures Order is not a Rejection Order)*.

d.      *Amended Schedules Bar Date*.  Pursuant to the Bar Date Order, all entities holding claims affected by an amendment to the DISH Wireless Debtors' Schedules are required to file Proofs of Claim by the Amended Schedules Bar Date (*i.e.,* by the date that is *the later of (a) the Claims Bar Date or Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time on the date that is twenty-one (21) days from the date on which the DISH Wireless Debtors serve notice of such amendment to their Schedules)*.

## II.      WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following persons or entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date *must*

3

file Proofs of Claim on or before the applicable Bar Date:

      a.      any entity whose claim is not listed in the applicable DISH Wireless Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in the Chapter 11 Cases or share in any distribution in any of the Chapter 11 Cases;

      b.      any entity that believes its claim is improperly classified in the Schedules or listed for an incorrect amount and desires to have its claim allowed under a classification or in an amount different than set forth in the Schedules;

      c.      any entity that believes its claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

      d.      any entity alleging that its claim against a DISH Wireless Debtor is or may qualify as an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE A PROOF OF CLAIM BY THE CLAIMS BAR DATE

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need **not** file Proofs of Claims:

      a.      the U.S. Trustee for the Southern District of Texas, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

      b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Clerk of the Court or with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

      c.      any entity whose claim is listed on the DISH Wireless Debtors' Schedules and: (i) is **not** listed in the Schedules as "disputed," "contingent," or "unliquidated;" (ii) agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) does not dispute the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

      d.      any entity whose claim has previously been allowed by a final order of the Court;

      e.      any Debtor or non-Debtor affiliate holding a claim against another Debtor;

4

f.      any entity whose claim is solely against any non-Debtor affiliates;

g.      any entity whose claim is solely against a DBS Debtor;

h.      any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of this Court;

i.      any former or present full-time, part-time, salaried, or hourly current employee of the Company;[3]

j.      any current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.      any entity holding a claim for which a separate deadline is fixed by this Court;

l.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; *provided* that any entity asserting a claim entitled to priority against a DISH Wireless Debtor under section 503(b)(9) of the Bankruptcy Code must file a Proof of Claim based on such claim on or prior to the Claims Bar Date;

m.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases; and

n.      any entity holding an equity interest in any Debtor.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      *Contents*.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative on behalf of the claimant.

b.      *Section 503(b)(9) Claim*.  Any Proof of Claim asserting a claim against a DISH Wireless Debtor entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the DISH Wireless Debtor in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach

---

[3]   As further described in the First Day Declaration, non-debtor affiliate Echosphere L.L.C. operates as the Company's employer of record and none of the Debtors themselves directly employ the workforce.

5

documentation of any reclamation demand made to the DISH Wireless Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c.  ***Electronic Signatures Permitted***.   Only Proofs of Claim signed electronically or by hand by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.  ***Identification of the Debtor Entity***.   Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed without identifying a specific Debtor will be deemed as filed only against DISH Wireless L.L.C.

e.  ***Claim Against Multiple Debtor Entities***.   Except as otherwise set forth in the Bar Date Order or any other order of the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent that no Debtor or more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against DISH Wireless L.L.C.

f.  ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel (email shall suffice),[4] such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon request no later than five (5) Business Days from the date of such request; *provided*, *however*, that the failure to obtain prior written consent from the Debtors or respond to the Debtors' request for supporting documentation shall not result in the automatic disallowance or expungement of such claim.

g.  ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date, by:  (i) electronic submission using the interface available on the Claims and Noticing Agent's website at https://dm.epiq11.com/DISHWireless; (ii) if submitted through non-electronic means, by first class U.S. mail, overnight U.S. mail, or other hand delivery method at the addresses listed below; or (iii) electronic submission

---

[4]  Any notice to the Debtors' counsel should be addressed to:  White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131-2352, Attn.: Devin Rivero (devin.rivero@whitecase.com) and White & Case LLP, 300 N. LaSalle Drive, Chicago, Illinois 60654, Attn.: Sophia Hurley (sophia.hurley@whitecase.com).

through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov):

**<u>If by First-Class Mail:</u>**
DISH Wireless L.L.C.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

**<u>If by Hand Delivery or Overnight Courier:</u>**
DISH Wireless L.L.C.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

h.    *Receipt of Service*.  Any claimant submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that the Proof of Claim was received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.    YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.   THE DISH WIRELESS DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the DISH Wireless Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s).

If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.  ADDITIONAL INFORMATION

Copies of the DISH Wireless Debtors' Schedules, the Bar Date Order, and other information regarding these Chapter 11 Cases are available for inspection free of charge on the Debtors' website at https://dm.epiq11.com/DISHWireless.  The Schedules and other filings in these Chapter 11 Cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov.  A login identification and a password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at https://pacer.login.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

8

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC at (888) 873-0758 (Toll Free) or +1 (971) 414-3498 (Non U.S. Parties).

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**<u>Exhibit 3</u>**

**Form of Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DISH DBS CORPORATION, | ) | Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | (Emergency Hearing Requested) |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

---

**THE CLAIMS BAR DATE IS AUGUST 7, 2026 AT 5:00 P.M., PREVAILING CENTRAL TIME**

**THE GOVERNMENTAL CLAIMS BAR DATE IS DECEMBER 27, 2026, AT
5:00 P.M., PREVAILING CENTRAL TIME**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

*Deadlines for Filing Proofs of Claim*. On [●], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. [●]] (the "**Bar Date Order**") establishing certain deadlines for the filing of Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "**Proofs of Claim**"), in the Chapter 11 Cases of the following debtors and debtors in possession (collectively, the "**Debtors**"):

| # | DEBTOR | CASE NO. |
|---|--------|----------|
| 1. | DISH DBS Corporation | 26-90627 |
| 2. | DISH Wireless L.L.C. | 26-90628 |
| 3. | DISH Broadcasting Corporation | 26-90629 |
| 4. | DISH Infinite Corporation | 26-90630 |
| 5. | DISH Network L.L.C. | 26-90631 |

---

[1]   The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388. A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS. The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

| 6. | Dish Network Service L.L.C. | 26-90633 |
|---|---|---|
| 7. | DISH Operating L.L.C. | 26-90632 |
| 8. | DISH Technologies Holding Corporation | 26-90634 |
| 9. | DISH Technologies L.L.C. | 26-90635 |
| 10. | DISH Wireless Leasing L.L.C. | 26-90636 |
| 11. | DISH Wireless Retail Holding L.L.C. | 26-90637 |
| 12. | DISH Wireless Retail Operating L.L.C. | 26-90638 |
| 13. | Neyland Networks LLC | 26-90626 |
| 14. | Sling Media L.L.C. | 26-90639 |
| 15. | Sling TV Gift Card Corporation | 26-90640 |
| 16. | Sling TV Holding L.L.C. | 26-90641 |
| 17. | Sling TV L.L.C. | 26-90642 |
| 18. | Sling TV Purchasing L.L.C. | 26-90643 |

*The Bar Dates*.   Pursuant to the Bar Date Order, *all* persons and entities (except governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the DISH Wireless Debtors that arose prior to the Petition Date (*i.e.*, June 30, 2026), no matter how remote or contingent such right to payment or equitable remedy may be, including requests for payment under section 503(b)(9) of the Bankruptcy Code against DISH Wireless Debtors, MUST FILE A PROOF OF CLAIM on or before, *August 7, 2026 at 5:00 p.m., prevailing Central Time* (the **"Claims Bar Date"**).  Governmental units that have a claim or potential claim against the Debtors that arose prior to June 30, 2026, no matter how remote or contingent such right to payment or equitable remedy may be, must file a Proof of Claim on or before *December 27, 2026 at 5:00 p.m., prevailing Central Time (*the "**Governmental Bar Date**").  All persons and entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim based on claims arising from such rejection on *the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is twenty-one (21) days after the latest of (i) the proposed effective date of a rejection (as defined in the Rejection Procedures Motion, the "Rejection Date"), (ii) the date of filing of a Rejection Notice and (iii) the date of entry of an order by this Court rejecting the applicable executory contract and unexpired lease (each, a "Rejection Order"), it being understood that the Rejection Procedures Order is not a Rejection Order* (the "**Rejection Damages Bar Date**").  All entities holding claims affected by an amendment to the DISH Wireless Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "**Schedules**") are required to

file Proofs of Claim, *by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is twenty-one (21) days from the date on which the DISH Wireless Debtors serve notice of the amendment of the Schedules* (such later date, the "**Amended Schedules Bar Date**," and together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "**Bar Dates**"), as the last date and time by which claimants holding claims affected by the amendment must file Proofs of Claims against any Debtor.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim*.  Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC ("**Claims and Noticing Agent**"), on or before the Claims Bar Date (or, where applicable, on or before any other Bar Dates as set forth herein or by order of the Court) either:  (i) electronically via the interface through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov) or with Claims and Noticing Agent at https://dm.epiq11.com/DISHWireless; or (ii) by first class U.S. mail, overnight U.S. mail, or other hand delivery method at the following address as noted below:

<u>**If by First-Class Mail:**</u>
DISH Wireless L.L.C.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

<u>**If by Hand Delivery or Overnight Courier:**</u>
DISH Wireless L.L.C.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

*Contents of Proofs of Claim*.  Each Proof of Claim must:  (1) be written in legible English; (2) include a claim amount denominated in United States dollars; (3) clearly identify the Debtor against which the claim is asserted; (4) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (5) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (6) include as attachments any and all supporting

3

documentation on which the claim is based.  Please note that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent that no Debtor or more than one Debtor is listed on the Proof of Claim, the Proof of Claim will be treated as if filed only against DISH Wireless L.L.C. or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim will be deemed as filed only against DISH Wireless L.L.C.

*Electronic Signatures Permitted*.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

*Section 503(b)(9) Requests for Payment*.  Any Proof of Claim against a DISH Wireless Debtor that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also:  (1) include the value of the goods delivered to and received by the DISH Wireless Debtor in the twenty (20) days prior to the Petition Date; (2) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (3) attach documentation of any reclamation demand made to the DISH Wireless Debtor under section 546(c) of the Bankruptcy Code (if applicable).

*Additional Information*.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by:  (i) calling the Claims and Noticing Agent at (888) 873-0758 (Toll Free) or +1 (971) 414-3498 (Non U.S. Parties); or (ii) visiting https://dm.epiq11.com/DISHWireless.