**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, | ) | Case No. 26-90627 (CML) |
| DISH WIRELESS L.L.C., *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER**
**BY AND AMONG THE DEBTORS AND CERTAIN CREDITORS**
**RESOLVING THE DEBTORS' VOTING ESTIMATION MOTION**
**Re: Dkt. Nos. 168, 641, 711, 720, 728, 734, 755, 766**

This Stipulation and Agreed Order (this "**Stipulation**")[2] is made by and among the debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**") and the following creditors, in each case by and through their respective undersigned counsel.

(a) Lumen Technologies Group, LLC, CenturyLink Communications, LLC, Level 3 Communications, LLC, Qwest Communications Corporation, Qwest Communications Company, LLC, Global Crossing Telecommunications, Inc., Level 3 Telecom of Colorado, LLC, Qwest Corporation, CenturyLink of Nevada, LLC, Level 3 Telecom Holdings, LLC, WilTel Communications, LLC, and their affiliates (collectively, "**Lumen**")

(b) PTI US Acquisitions, LLC and any and all parents, subsidiaries, or other affiliates, ("**PTI**");

(c) Brightspeed Broadband, LLC ("**Brightspeed**");

[1] The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/DBS. The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in *Modified Joint Prepackaged Chapter 11 Plan of DISH DBS Corporation, DISH Wireless L.L.C., and Their Respective Affiliated Debtors and Debtors in Possession* [Dkt. No. 494] (as may be amended or supplemented from time to time, the "**Plan**").

(d) Sabre Industries, Inc. (“**Sabre**”) and DQE Communications, LLC (“**DQE**”);

(e) AIO Operating, LLC and AIO Operating 2, LLC (collectively, “**AIO**”);

(f) Irvine Management Company, Irvine Armstrong Property LLC, Houston Bowery Connection LLC, and Granada Investors LLC (“**Irvine**”);

(g) Comcast Business Communications, LLC (“**Comcast**”);

(h) Extra Space Management, Inc. (“**Extra Space Storage**”);

(i) Dallas Fort Worth International Airport Board (“**DFW**”); and

(j) Uniti Fiber LLC (“**Uniti**”) and Windstream Communications, LLC (“**Windstream**”).

Each legal entity referenced in the foregoing clauses (a) through (j) is referred to herein as a “**Creditor**,” and such entities are collectively referred to herein as the “**Creditors**.” The Debtors and the Creditors are collectively referred to herein as the “**Parties**.” The Parties hereby stipulate and agree as follows:

**WHEREAS**, on June 30, 2026, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the “**Bankruptcy Code**”) in the United States Bankruptcy Court for the Southern District of Texas (the “**Court**”).

**WHEREAS**, on July 6, 2026, the DISH Wireless Debtors filed *The DISH Wireless Debtors’ Motion for Entry of an Order Estimating Claims for Voting Purposes under Rule 3018(a)(4) of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 168] (the “**Motion**”), which requests that the Court estimate the DISH Wireless General Unsecured Claims held by the Creditors.

**WHEREAS**, on July 29, 2026, Lumen filed its *Objection to the DISH Wireless Debtors’ Motion for Entry of an Order Estimating Claims for Voting Purposes Under Rule 3018(A)(4) of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 641] and *Lumen’s Supplement to the Lumen*

*Objection to the DISH Wireless Debtors' Motion for Entry of an Order Estimating Claims for Voting Purposes Under Rule 3018(A)(4) of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 755] (collectively the "**Lumen Objection**").

**WHEREAS**, on July 31, 2026, PTI filed the *Reservation of Rights of PTI US Acquisitions, LLC and its Affiliates to the DISH Wireless Debtors' Motion for Entry of an Order Estimating Claims for Voting Purposes Under Rule 3018(a)(4) of the Federal Rules of Bankruptcy Procedures* [Dkt. No. 711] (the "**PTI Objection**").

**WHEREAS**, on July 31, 2026, Brightspeed filed the *Limited Objection and Reservation of Rights of Brightspeed Broadband, LLC to the DISH Wireless Debtors' Motion for Entry of an Order Estimating Claims for Voting Purposes Under Rule 3018(A)(4) of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 720] (the "**Brightspeed Objection**").

**WHEREAS**, on July 31, 2026, Sabre and DQE filed *Sabre Industries, Inc.'s and DQE Communications, LLC's Joint Limited Objection and Reservation of Rights to the DISH Wireless Debtors' Motion for Entry of an Order Estimating Claims for Voting Purposes Under Rule 3018(A)(4) of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 728] (the "**Sabre and DQE Objection**").

**WHEREAS**, on July 31, 2026, AIO filed the *Objection by AIO Operating, LLC Board of Managers of the 130 Fulton Street Condominium, Blackdot Site Management Company, LLC, My One Jerusalem Realty Corp., Board of Managers of the 48-54 West 138th Street Condominium, 395 Brook Realty Corporation, 1918 Main Street Associates, LLC, or Neutra Jardinette On Marathon QOZ, LLC to the Debtors' Estimation Motion* [Dkt. No. 734] (the "**AIO Objection**"), which was subsequently withdrawn [Dkt. No. 766].

**WHEREAS**, Irvine, Comcast, Extra Space Storage, Uniti, Windstream, AIO, and DFW engaged with the Debtors outside of Court to resolve informal objections to the Motion (all formal and informal objections, collectively, the "**Objections**").

**WHEREAS**, the Parties have agreed to resolve the Motion as it applies to the Creditors, and desire to memorialize the terms of their agreements in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED, IN CONSIDERATION OF THE PREMISES AND OTHER MUTUAL COVENANTS HEREIN, AND OTHER VALUABLE CONSIDERATION:**

**A. Plan Voting Matters**

1. Pursuant to Fed. R. Bankr. P. 3018(a)(4):

   a. the DISH Wireless General Unsecured Claim(s) held by Lumen against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $35,227,465.00;

   b. the DISH Wireless General Unsecured Claim(s) held by PTI against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $33,347,130.89;

   c. the DISH Wireless General Unsecured Claim(s) held by DQE against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $1,165,617.00;

   d. the DISH Wireless General Unsecured Claim(s) held by Sabre against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $444,505.00;

   e. the DISH Wireless General Unsecured Claim(s) held by Brightspeed against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $4,810,305.00;[3]

[3] For the avoidance of doubt, the DISH Wireless General Unsecured Claim(s) held by Brightspeed and temporarily allowed under this Paragraph 1(e) are the claim(s) identified at line 18 of Schedule A to the Proposed Order to the Motion in the name of CenturyTel Broadband Services, LLC (d/b/a Brightspeed) and scheduled by DISH Wireless L.L.C. at Schedule E/F entry 3.1250 (Case No. 26-

f. the DISH Wireless General Unsecured Claim(s) held by AIO against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $212,807.00;

g. the DISH Wireless General Unsecured Claim(s) held by Irvine Management Company against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $638,602.00;

h. the DISH Wireless General Unsecured Claim(s) held by Irvine Armstrong Property LLC against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $277,190.00;

i. the DISH Wireless General Unsecured Claim(s) held by Houston Bowery Connection LLC against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $115,918.00;

j. the DISH Wireless General Unsecured Claim(s) held by Granada Investors LLC against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $110,146.00;

k. the DISH Wireless General Unsecured Claim(s) held by Comcast against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $83,142,949.94;

l. the DISH Wireless General Unsecured Claim(s) held by Extra Space Storage against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $300,000.00;

m. the DISH Wireless General Unsecured Claim(s) held by DFW against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $1,512,158.96.

---

90628, Dkt. No. 3) in the name of Connect Parent Corporation dba Brightspeed, each of which refers to Brightspeed Broadband, LLC; and the Debtors, the Debtors' claims, noticing, and solicitation agent, and any disbursing agent shall treat line 18 of Schedule A, Schedule E/F entry 3.1250, and any proof of claim filed by Brightspeed Broadband, LLC, as relating to the same claim of the same creditor, and shall cause the solicitation package, ballot, and any Release Opt In Form on account of such claim to be served on Brightspeed Broadband, LLC, by serving its undersigned counsel.

n. the DISH Wireless General Unsecured Claim(s) held by Uniti against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $12,784,797.00.

o. the DISH Wireless General Unsecured Claim(s) held by Windstream against DISH Wireless L.L.C. is/are temporarily allowed, solely for the purposes of voting to accept or reject the Plan, in the aggregate amount of $3,310,677.00.

2. Notwithstanding any other provision within any order resulting from the Motion, nothing in any row of Schedule A to the Proposed Order to the Motion shall be indicative or determinative of the number of ballots that any creditor is entitled to cast with respect to any debt or tranche of debt reflected in such row. Nothing in this Stipulation shall be deemed an admission, concession, or agreement by the Creditor(s) or the Debtors that the Creditor(s) is/are entitled to cast only a single ballot or vote on account of any Claim, or a waiver of any right to assert entitlement to multiple ballots or votes on account of separate Claims, agreements, entities, Creditors, or legal rights. Likewise, nothing in this Stipulation shall be deemed an admission, concession, or agreement by the Debtors that the Creditor(s) is/are entitled to cast any particular number of ballots or votes. All rights of the Creditor(s) and the Debtors with respect to the number of Claims held, the number of ballots or votes the Creditor(s) may cast, and the treatment of any such Claims for voting purposes are expressly reserved.

3. The Motion and the Objections are fully and finally resolved with respect to the DISH Wireless General Unsecured Claim(s) held by the Creditors.

**B. Reservation of Rights Regarding Allowance of Claims for Distribution Purposes**

4. This Stipulation does not constitute an adjudication of the allowance or disallowance of any Claim addressed herein for any purpose other than voting to accept or reject

the Plan. Each such Claim remains subject to allowance or disallowance in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Plan.[4]

5. The DISH Wireless Debtors expressly reserve—and nothing in this Stipulation shall be construed as a waiver by the DISH Wireless Debtors of—all rights, claims, defenses, and arguments with respect to the Claim(s) held or asserted by the Creditors other than with respect to the voting of such Claims to accept or reject the Plan.

6. The Creditors expressly reserve—and nothing in this Stipulation shall be construed as a waiver by any of them of—all rights, claims, defenses, and arguments with respect to the Claim(s) held or asserted by such Creditors other than with respect to the voting of such Claim(s) to accept or reject the Plan.

7. Nothing in this Stipulation is or shall be construed to aggregate, consolidate, or attribute the Claim(s) of any Creditor with or to the Claim(s) of any other Creditor for purposes of voting to accept or reject the Plan.

8. Nothing in this Stipulation constitutes a finding of fact or conclusion of law with respect to: (a) whether any agreement between a Creditor and a Debtor is a lease of real property, a license, or any other type of agreement; (b) whether any agreement between a Creditor and a Debtor is an executory lease or contract assumable under section 365 of the Bankruptcy Code; (c) the applicability of section 502(b)(6) of the Bankruptcy Code with respect to any Claim; or (d) the merits of any defense to the allowance of a Claim for purposes of distribution, including

[4] The amounts set forth in Paragraph 1 shall not constitute a maximum limitation on any Creditor's Claim(s) for any other purpose other than voting to accept or reject the Plan. For the avoidance of doubt, to the extent that any provision of the Plan causes or could cause the estimated amount of any Creditor's Claim(s) under this Stipulation to constitute a maximum limitation on such Claim(s) for any purpose other than voting to accept or reject the Plan, such provision shall have no such effect with respect to any Creditor's Claim(s).

contractual or common law defenses such as force majeure, frustration of purpose, impossibility, or impracticability.

9. The temporary allowance of a Creditor's Claim(s) under this Stipulation for purposes of voting to accept or reject the Plan is without prejudice to, and shall not affect, such Creditor's right to file a proof of claim on or before the applicable bar date in any amount, including an amount greater than the amount set forth in Paragraph 1, and any such proof of claim shall constitute prima facie evidence of the validity and amount of the Claim(s) asserted therein under Bankruptcy Rule 3001(f), subject in all respects to the rights of the Debtors or any party in interest to object to such Claim(s) for any purpose other than to contest such Creditor's ability to vote to accept or reject the Plan, as to which this Stipulation shall control over any proof of claim.

10. No Party may cite, rely upon, or argue that this Stipulation reflects any Party's position regarding the merits or value of any Claim or the applicability of section 502(b)(6) of the Bankruptcy Code or any other legal or factual issue. This Stipulation shall not be offered or received into evidence for any purpose other than establishing the temporary voting amount set forth herein. For the avoidance of doubt, this Stipulation shall have no preclusive, collateral estoppel, res judicata, law-of-the-case, evidentiary, or similar effect in any proceeding.

**C. Bankruptcy Court Approval; Effectiveness of Stipulation**

11. This Stipulation is subject to the approval of the Court and shall be of no force or effect unless and until an order approving the same is entered. If this Stipulation is not approved by the Court, it shall be null and void and shall not be referred to, or used for any purpose, by any

of the Parties except as to this Paragraph 11. This Stipulation is immediately effective upon entry by the Court.

**D. Exclusive Jurisdiction**

12. The Court shall have sole and exclusive jurisdiction over the enforcement of the terms of this Stipulation as well as with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules.

**E. Modification of Stipulation**

13. This Stipulation shall not be modified, altered, amended, or vacated without written consent of all Parties hereto; provided, however, that any modification to (a) the amount for voting purposes of a particular Creditor's Claim(s) or (b) any other aspect of the voting rights of any particular Creditor shall require only a written modification signed by DISH Wireless L.L.C. and the applicable Creditor.

**APPROVED AND SO ORDERED**:

Signed: August __, 2026

____________________________________
Christopher M. Lopez
United States Bankruptcy Judge

**AGREED AND ACCEPTED**:

Dated: August 17, 2026

**WHITE & CASE LLP**

*/s/ Matthew E. Linder*

Matthew E. Linder (admitted pro hac vice)

*Proposed Counsel to the Debtors and Debtors in Possession*

**AGREED AND ACCEPTED**:

Dated: August 17, 2026

**BALLARD SPAHR LLP**

*/s/ Margaret A. Vesper*

Matthew G. Summers
(admitted *pro hac vice*)
Margaret A. Vesper (Fed. No. 3866140)

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
vesperm@ballardspahr.com

*Attorneys for Comcast Business Communications, LLC*

**HUSCH BLACKWELL LLP**

*/s/ Lucas L. Schneider*

Lucas L. Schneider (CO Bar No. 48125)
(admitted *pro hac vice*)
1801 Wewatta Street
Suite 1000
Denver, CO 80202
Telephone: (303) 389-4646
lucas.schneider@huschblackwell.com

*Counsel for Lumen*

**GENEVIEVE GRAHAM LAW, PLLC**
**DBA GRAHAM PLLC**

*/s/ Genevieve Graham*

Genevieve M. Graham
State Bar No. 24085340
4203 Montrose Blvd., Suite 550
Houston, Texas 77006
(832) 367.5705
ggraham@graham-pllc.com

*Counsel to Extra Space Storage*

**MCGINNIS LOCHRIDGE LLP**

*/s/ Christopher L. Halgren*

Christopher L. Halgren
State Bar No. 24069859
Southern District Federal Bar No. 1062824
Marcus V. Eason
State Bar No. 24092374
Southern District Federal Bar No. 2609087

Melanie H. Cruthirds
State Bar No. 24128828
Southern District Federal Bar No. 3785451
609 Main Street, Suite 2800
Houston, Texas 77002
(713) 615-8500
(713) 615-8585 (Fax)
chalgren@mcginnislaw.com
meason@mcginnislaw.com
mcruthirds@mcginnislaw.com

*Attorneys for Brightspeed Broadband, LLC*

**ORENSTEIN LAW GROUP, P.C.**

*/s/ Rosa R. Orenstein*

**ORENSTEIN LAW GROUP, P.C.**
Rosa R. Orenstein
Texas Bar No. 1753200
Nathan M. Nichols
Texas Bar No. 24060336
P.O. Box 382538
711 S. Cedar Ridge Dr
Duncanville, Texas 75138
(214) 757-9101
(972) 764-8110 (fax)
rosa@orensteinlg.com
nathan@orenstein-lg.com

*Attorneys for Dallas Fort Worth International Airport Board*

**PTI US Acquisitions, LLC and its Affiliates:**

*/s/ Vienna Anaya*
**JACKSON WALKER LLP**
Vienna Anaya (TX Bar No. 24091225)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000
Email: vanaya@jw.com

**CHOATE, HALL & STEWART LLP**
Jonathan D. Marshall (admitted *pro hac vice*)
Lucas B. Barrett (admitted *pro hac vice*)
Joshua E. Goldstein (admitted *pro hac vice*)
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Email: jmarshall@choate.com
Email: lbarrett@choate.com
Email: jgoldstein@choate.com

*Attorneys for PTI US Acquisitions, LLC and its Affiliates*

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Tori L. Remington*
Bradley C. Knapp
Texas Bar No. 24060101
601 Poydras Street, Suite 2660 New Orleans, LA70130-6036
Telephone: (504) 558-5210
Facsimile: (504) 558-5200
Email: brad.knapp@troutman.com

-and-

Matthew R. Brooks (admitted *pro hac vice*)
875 Third Avenue New York, NY 10022
Telephone: (212) 704-6000
Email: Matthew.Brooks@troutman.com

-and-

Tori L. Remington (admitted *pro hac vice*)
Hercules Plaza
1313 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: 302.777.6500
Email: tori.remington@troutman.com

*Counsel to AIO*

**BALLARD SPAHR LLP**

*/s/ Nahal Zarnighian*
Leslie C. Heilman (DE No. 4716)
Laurel D. Roglen (DE No. 5759)
Margaret A. Vesper (Fed. No. 3866140)
Erin L. Williamson (DE No. 7286)

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
roglenl@ballardspahr.com
vesperm@ballardspahr.com
ewilliamson@ballardspahr.com

-and-

Brian D. Huben (Cal. Bar No. 134354)
Dustin P. Branch (Cal. Bar No. 174909)
Nahal Zarnighian (Cal. Bar No. 313305)

2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: (424) 204-4400
Facsimile: (424) 204-4350
E-mail: hubenb@ballardspahr.com
branchd@ballardspahr.com
zarnighiann@ballardspahr.com

*Counsel to Irvine*

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Megan M. Adeyemo*
Megan M. Adeyemo
Texas State Bar No. 24099595
Kathleen M. Patrick
TX Bar No. 24037243
2200 Ross Avenue, Suite 3700
Dallas, TX 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053
Email: madeyemo@grsm.com
kpatrick@grsm.com

*Attorneys for Sabre Industries, Inc. and DQE Communications, LLC*

**DAVIS POLK & WARDWELL LLP**

/s/ *Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Eli J. Vonnegut
Noah Z. Sosnick

*Counsel to Uniti and Windstream*