United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 08, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, DISH WIRELESS L.L.C., *et al.*,[1] | ) | Case No. 26-90627 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER MODIFYING THE AUTOMATIC STAY**

This Stipulation and Agreed Order (the "**Stipulation**") is made by and among DISH Network L.L.C. ("**DNLLC**"), DISH Network Service L.L.C. ("**DNSLLC**" and, together with DNLLC, the "**Debtor Parties**"), the Wilson Claimants (as defined below), and the Lifvendahl Claimants (as defined below and, together with the Debtor Parties and the Wilson Claimants, the "**Parties**"). The Parties hereby stipulate and agree as follows:

**WHEREAS**, the Court has jurisdiction over this Stipulation pursuant to 28 U.S.C. § 1334, this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), the Parties consent to the Court's entry of a final order approving this Stipulation, and venue of the chapter 11 cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**WHEREAS**, on June 30, 2026 (the "**Petition Date**"), the Debtor Parties and certain of their affiliates and subsidiaries (collectively, the "**Debtors**") filed voluntary petitions for relief

[1] The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS. The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

**WHEREAS**, following the Petition Date, on July 3, 2026, Mr. Russell Wilson and Ms. Josslyn Lifvendahl were involved in a fatal head-on collision with a motor vehicle bearing DISH Network corporate markings (the "**Collision**") allegedly involving an employee of Linkus Enterprises, LLC ("**LinkUs**"), a subcontractor of Debtor DNLLC and/or Debtor DNSLLC, resulting in the deaths of Mr. Russell Wilson and Ms. Josslyn Lifvendahl.

**WHEREAS**, in connection with the foregoing, the Wilson Claimants and the Lifvendahl Claimants assert that they have postpetition claims against DNLLC and DNSLLC for, among other things, wrongful death (such claims, the "**Claims**").

**WHEREAS**, in connection with the foregoing, on August 5, 2026, the Estate of Russell Wilson, by and through its successor in interest and heir at law Nicole Gomez, and Nicole Gomez, individually, as an heir at law of Russell Wilson (collectively, the "**Wilson Claimants**") filed proofs of claims nos. 10834, 10836, 10842, and 10843 against DNLLC and DNSLLC in undetermined amounts for "Personal Injury/Workers Comp" (the "**Wilson POCs**").

**WHEREAS**, in connection with the foregoing, on August 5, 2026, the Estate of Josslyn Lifvendahl, by and through its successors in interest and heirs at law Dan Lifvendahl and Shannon Lifvendahl, Dan Lifvendahl, individually, as an heir at law of Josslyn Lifvendahl, and Shannon Lifvendahl, individually, as an heir at law of Josslyn Lifvendahl (collectively, the "**Lifvendahl Claimants**") filed proofs of claims nos. 10820, 10827, 10833, 10837, 10838, and 10840 against DNLLC and DNSLLC in undetermined amounts for "Personal Injury/Workers Comp" (the "**Lifvendahl POCs**").

**WHEREAS**, in connection with the foregoing, on August 10, 2026 and August 13, 2026, the Wilson Claimants filed in these chapter 11 cases the (a) *Objection of the Estate of Russell Wilson and Nicole Gomez to (I) Final Approval of the Adequacy of the Debtors' Disclosure Statement and (II) Confirmation of the Debtors' Joint Prepackaged Chapter 11 Plan* [Dkt. No. 898] (the "**Wilson DS/Plan Objection**"); (b) *Notice of Motion and Motion of the Estate of Russell Wilson and Nicole Gomez for an Order Granting Relief from the Automatic Stay to Permit Commencement and Prosecution of Post-Petition Wrongful Death and Survival Claims* [Dkt. No. 902] (the "**Wilson Lift Stay Motion**"); (c) *Emergency Motion of the Estate of Russell Wilson and Nicole Gomez for Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. §§ 503(a) and 503(b)(1)(A)* [Dkt. No. 903] (the "**Wilson Claim Allowance Motion**"); and (d) *Notice of Motion and Motion of the Estate of Russell Wilson and Nicole Gomez for Estimation of the Wilson Claims Pursuant to 11 U.S.C. § 502(c), Solely for Purposes of Plan Feasibility, Voting, Reserve Amount, and Confirmation* [Dkt. No. 1002] (the "**Wilson Estimation Motion**" and, together with the Wilson DS/Plan Objection, Wilson Lift Stay Motion, and Wilson Claim Allowance Motion, the "**Wilson Pleadings**").

**WHEREAS**, in connection with the foregoing, on August 10, 2026 and August 13, 2026, the Lifvendahl Claimants filed in these chapter 11 cases the (a) *Objection of the Estate of Josslyn Lifvendahl, Dan Lifvendahl and Shannon Lifvendahl (I) Final Approval of the Adequacy of the Debtors' Disclosure Statement and (II) Confirmation of the Debtors' Joint Prepackaged Chapter 11 Plan* [Dkt. No. 899] (the "**Lifvendahl DS/Plan Objection**"); (b) *Emergency Motion of the Estate of Josslyn Lifvendahl, Dan Lifvendahl and Shannon Lifvendahl for Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. §§ 503(a) and 503(b)(1)(A)* [Dkt. No. 900] (the "**Lifvendahl Claim Allowance Motion**"); (c) *Notice of Motion and Motion of the Estate*

*of Josslyn Lifvendahl, Dan Lifvendahl and Shannon Lifvendahl for an Order Granting Relief from the Automatic Stay to Permit Commencement and Prosecution of Post-Petition Wrongful Death and Survival Claims* [Dkt. No. 901] (the "**Lifvendahl Lift Stay Motion**"); and (d) *Notice of Motion and Motion of the Estate of Josslyn Lifvendahl, Dan Lifvendahl, and Shannon Lifvendahl for Estimation of the Lifvendahl Claims Pursuant to 11 U.S.C. § 502(c), Solely for Purposes of Plan Feasibility, Voting, Reserve Amount, and Confirmation* [Dkt. No. 1006] (the "**Lifvendahl Estimation Motion**" and, together with the Lifvendahl DS/Plan Objection, Lifvendahl Claim Allowance Motion, and Lifvendahl Lift Stay Motion, the "**Lifvendahl Pleadings**").

**WHEREAS**, the Debtor Parties, the Wilson Claimants, and the Lifvendahl Claimants wish to prosecute and resolve the Claims outside of these chapter 11 cases.

**WHEREAS**, the Parties have agreed, subject to the Bankruptcy Court's approval of this Stipulation, to modify the automatic stay that took effect on the Petition Date pursuant to section 362 of the Bankruptcy Code, pursuant to the terms set forth in this Stipulation, to permit the Wilson Claimants and the Lifvendahl Claimants to prosecute the Claims in the ordinary course outside of these chapter 11 cases.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED:**

1. *Modification of the Automatic Stay.* Upon approval of this Stipulation by the Bankruptcy Court, the automatic stay arising under section 362 of the Bankruptcy Code is hereby modified and lifted as to the Claims to permit the Wilson Claimants and the Lifvendahl Claimants:

a. to file and commence the causes of action underlying the Claims, consisting, without limitation, of wrongful death and survival causes of action arising out of the Collision, against the Debtor Parties, *provided* that LinkUs will also be named as a defendant in any Non-

Bankruptcy Court Action brought by the Wilson Claimants and Lifvendahl Claimants (the "**Non-Bankruptcy Court Action**"),

b. to file and prosecute the Non-Bankruptcy Court Action in any forum permissible under applicable non-bankruptcy law, including a California state or federal court;

c. to liquidate, as to liability and amount of damages, the causes of action underlying the Claims against the Debtor Parties, including through all stages of discovery, hearings, trial, judgment, appeal or settlement, as applicable, to determine the nature, validity, and amount of the Claims, and, to the extent applicable, to execute upon, enforce, and collect any judgment, award, or settlement obtained with respect to the Claims;

d. to obtain entry of a final judgment against the Debtor Parties in the Non-Bankruptcy Court Action; *provided*, *however*, that nothing herein shall impair or waive the Debtor Parties' right to appeal or otherwise contest any such final judgment entered in the Non-Bankruptcy Court Action.

e. to recover, enforce, and collect any judgment, award, or settlement obtained in the Non-Bankruptcy Court Action (i) against any available insurance coverage of any of the Debtor Parties, (ii) against any non-debtor party, (iii) to the extent a plan has been confirmed, in accordance with such plan as an administrative claim, and/or (iv) if necessary prior to plan confirmation, pursuant to requests for payment of administrative expenses in these chapter 11 cases;

f. to return to the Bankruptcy Court at any time in order to enforce or collect, if necessary, on any judgment, award, or settlement against the Debtors.

2. *Scope of Stay Relief*. Except to the extent set forth in Paragraph 1, the provisions of section 362 of the Bankruptcy Code, shall remain in full force and effect. Nothing contained in

this Stipulation shall constitute or operate as a waiver or modification of the automatic stay so as to permit any party in interest other than the Wilson Claimants and Lifvendahl Claimants to prosecute any claim against the Debtors or property of the Debtors' estate.

3. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any allegedly applicable insurance policy, any related agreements, or of any claim services agreements; (ii) relieves the Debtor Parties of any obligations to pay any retentions or to pay (or reimburse an insurer or third party administrator for) any deductibles; (iii) relieves the Debtor Parties of any of their other obligations under any allegedly applicable insurance policy, any related agreements, or any claim services agreements; (iv) creates or permits a direct right of action by any claimants against any of the Debtor Parties' insurers; (v) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (vi) constitutes a determination or admission that coverage exists with respect to any claims; or (vii) relieves the Wilson Claimants and/or Lifvendahl Claimants from the obligation, if any, to file a proof of claim. For the avoidance of doubt, the automatic stay is lifted, if and to the extent applicable, to allow, but not to require, the Debtor Parties' insurers and third party administrators to (i) administer, handle, defend, settle, and/or pay the claimants' claims (and any costs related thereto) subject to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreements; and (ii) draw on any and all collateral provided by or on behalf of the Debtor Parties therefor if and when the Debtor Parties fail to pay and/or reimburse any insurers and third party administrators for any such amounts.

4. *Withdrawal of Lift Stay Motions.* Upon approval of this Stipulation, the Wilson Claimants' Lift Stay Motion and the Lifvendahl Claimants' Lift Stay Motion shall be deemed

withdrawn without prejudice as moot, and the hearing thereon presently scheduled for September 8, 2026, shall be removed from the Court's calendar.

5. *Resolution of Claim Allowance Motions*. Upon approval of this Stipulation, the Wilson Claim Allowance Motion and the Lifvendahl Claim Allowance Motion are resolved as follows: (1) the Parties agree that the Claims are hereby classified as postpetition administrative claims against the Debtor Parties; and (2) the Claims shall be liquidated and paid in accordance with Paragraph 1.e above.

6. *Preservation of All Other Pleadings*. All other Wilson Pleadings and Lifvendahl Pleadings—including the Wilson Estimation Motion, the Lifvendahl Estimation Motion, the Wilson DS/Plan Objection, and the Lifvendahl DS/Plan Objection—are expressly preserved and are not resolved, withdrawn, waived, disallowed, reduced, limited or otherwise affected by this Stipulation. The Debtors reserve all rights to oppose such pleadings on any ground other than the entry into or performance of this Stipulation at or prior to the confirmation hearing, and any objection deadline or hearing dates set for such pleadings, to the extent applicable, shall be deferred until the confirmation hearing.

7. *Withdrawal of Proofs of Claim.* Within five (5) business days after entry of an order approving this Stipulation, the Wilson Claimants shall withdraw the Wilson POCs and the Lifvendahl Claimants shall withdraw the Lifvendahl POCs, in each case without prejudice. Such withdrawal is without prejudice to, and shall not be construed, asserted, or offered as a waiver, release, estoppel, bar, defense, or ground for disallowance of, (a) the Claims; (b) the assertion that the Claims arose post-petition and are entitled to administrative expense priority; (c) the Wilson Claim Allowance Motion, the Lifvendahl Claim Allowance Motion; or (d) the right to requests for

payment of administrative expenses consistent with any judgment, award, or settlement obtained in the Non-Bankruptcy Court Action, as provided in Paragraph 1(f).

8. *Binding Effect.* The stay relief granted and the agreements set forth in this Stipulation shall be binding upon and effective as to the Debtor Parties, the Debtor Parties' bankruptcy estates, any bankruptcy trustee, and any other representative, successor, assign, or fiduciary of the Debtor Parties or the Debtor Parties' estates, and shall survive and remain in full force and effect notwithstanding any future conversion of any of these chapter 11 cases to a case under another chapter of the Bankruptcy Code, the appointment of a chapter 11 or chapter 7 trustee, the dismissal of any of these chapter 11 cases, or the confirmation of any chapter 7 or chapter 11 plan.

9. *Bankruptcy Court Approval*. This Stipulation is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until an order approving the same is entered. If this Stipulation is not approved by the Bankruptcy Court, it shall be null and void and shall not be referred to or used for any purpose by any of the Parties except as to this Paragraph 6.

10. *Waiver of Rule 4001(a)(3) Stay.* The fourteen (14) day stay of the effectiveness of an order granting relief from the automatic stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived, and this Stipulation and any order approving it shall be effective immediately upon entry.

11. *Exclusive Jurisdiction.* The Bankruptcy Court shall have sole and exclusive jurisdiction over the enforcement of the terms of this Stipulation as well as with respect to all matters arising from or related to the implementation of this Stipulation (other than in the adjudication of the Claims), and the Parties hereby consent to such jurisdiction to resolve any

disputes or controversies arising from or related to this Stipulation. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas. Notwithstanding the foregoing, nothing in this Paragraph shall be deemed consent by the Wilson Claimants or the Lifvendahl Claimants to the liquidation or adjudication of the Claims by the Bankruptcy Court, or to the entry of final orders or judgment by the Bankruptcy Court on the liability of the Debtors or the amount of damages, and all rights under 28 U.S.C. §§ 157(b)(2)(B), 157(b)(5), 157(e), and 1411(a) are reserved.

12. *Reservation of Rights, Claims, and Defenses*. By entering into this Stipulation, the Parties are not waiving and shall not be deemed to have waived any available claims or defenses, including at law, equity, or otherwise, except as otherwise provided in this Stipulation. Nothing contained herein shall be deemed an admission of liability or otherwise on the part of the Debtors with respect to the Claims. Neither this Stipulation, nor any actions taken pursuant hereto, shall constitute evidence admissible against the Parties in any action or proceeding other than one to enforce the terms of this Stipulation.

13. *Effectiveness of this Stipulation*. This Stipulation is immediately effective upon entry by the Bankruptcy Court. The Parties are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Stipulation.

14. *Entire Agreement.* The Stipulation contains the entire agreement by and among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

15. *Modification of Stipulation*. This Stipulation shall not be modified, altered, amended, or vacated without written consent of all Parties hereto.

Signed: September 08, 2026

Christopher Lopez
United States Bankruptcy Judge

Submitted By:

/s/ *Estee Lewis*
**BARR & MUDFORD, LLP**
Brandon Storment
Estee Lewis
1824 Court Street / P.O. Box 994290
Redding, California 96099-4390
Telephone: (530) 243-8008
Facsimile: (503) 243-1648
Email: brandon@ca-lawyer.com
estee@ca-lawyer.com

*Counsel to the Wilson Claimants and Lifvendahl Claimants*

-and-

/s/ *Charles R. Koster*
**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

Ronald K. Gorsich (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Email: rgorsich@whitecase.com
doah.kim@whitecase.com

**WHITE & CASE LLP**
Thomas E Lauria (Texas Bar No. 11998025)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Email: tlauria@whitecase.com

Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
300 N. LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Email: mlinder@whitecase.com
laura.baccash@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
Samuel P. Hershey (S.D. Texas Fed. No. 3465170)
Andrea Amulic (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: david.turetsky@whitecase.com
sam.hershey@whitecase.com
andrea.amulic@whitecase.com

*Proposed Counsel to the Debtors and Debtors in Possession*