United States Bankruptcy Court
Southern District of Texas
ENTERED
September 08, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DISH DBS CORPORATION, DISH WIRELESS L.L.C., *et al.*,[1] | ) | Case No. 26-90627 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER AUTHORIZING THE
RETENTION OF AKIN GUMP STRAUSS HAUER
& FELD LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF DISH DBS CORPORATION, DISH
WIRELESS L.L.C., *ET AL.*, EFFECTIVE AS OF JULY 14, 2026**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin") as its counsel in connection with the Chapter 11 Cases, effective as of July 14, 2026; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the necessary parties; and the Court having found that no

1 The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/DBS. The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

2 Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

other or further notice is necessary; and the Court having reviewed the Application, the Dublin Declaration and the Harper Declaration (the Dublin Declaration and the Harper Declaration, together, the "Declarations"); and the Court finding, based on the representations made in the Application and the Declarations, that Akin does not represent any interest adverse to the Committee or the Debtors' estates with respect to the matters upon which it is to be engaged, and that it is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and the Court having found that the terms and conditions of Akin's employment as set forth in the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that the retention and employment of Akin is in the best interests of the Debtors' estates and their unsecured creditors; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328 and 1103(a), Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Akin as its counsel, effective as of July 14, 2026, to represent it in the Chapter 11 Cases and related matters and proceedings on the terms set forth in the Application and the Declarations.

3. Akin shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, any Interim Compensation Order and any other applicable orders of the Court. For billing

purposes, Akin shall keep its time in one tenth (1/10) hour increments in accordance with the Revised UST Guidelines.

4. Notwithstanding anything to the contrary in the Application, Akin shall not be entitled to reimbursement for fees and expenses incurred in connection with responding to any objection to its fees absent further order of the Court.

5. Akin shall provide ten (10) business days' notice to the Committee, the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application and the Dublin Declaration are implemented and shall file a notice setting forth such increases with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6. Notwithstanding anything in the Application to the contrary, Akin shall: (i) to the extent that Akin uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in the Chapter 11 Cases, pass through the cost of such Contractors at the same rate that Akin pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to such conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and (iv) file with this Court such disclosures, as are required by Bankruptcy Rule 2014.

7. Akin will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Akin will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. The Committee and Akin are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. To the extent the Application or the Declarations are inconsistent with this Order, the terms of this Order shall govern.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. During the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: September 08, 2026

Christopher Lopez
United States Bankruptcy Judge