**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>DISH DBS CORPORATION,<br>DISH WIRELESS L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-90627 (CML)<br><br>Jointly Administered |

**CABLEVISION LIGHTPATH LLC'S EMERGENCY MOTION TO (A) INTERVENE IN THE DISH WIRELESS DEBTORS' FIRST OMNIBUS OBJECTION TO THE CLAIMS OF CROWN CASTLE, AMERICAN TOWER, AND SBA, OR (B) IN THE ALTERNATIVE, TO HAVE THE OMNIBUS CLAIM OBJECTION DEEMED AN OBJECTION TO LIGHTPATH'S FILED PROOF OF CLAIM AND JOINDER TO COMCAST MOTION**

**Emergency relief has been requested. Relief is requested not later than October 2, 2026. If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Cablevision Lightpath LLC ("**Lightpath**"), by and through its undersigned counsel, hereby submits this emergency motion for entry of an order in substantially the form attached hereto as Exhibit A (the "**Proposed Order**") and joinder (this "**Motion**") to the emergency motion [Docket No. 1435] filed by Comcast Business Communications, LLC ("**Comcast**") on September 11, 2026 (the "**Comcast Motion**")[2]. The Comcast Motion addresses, among other things, the DISH

[1] The last four digits of DISH DBS Corporation's and DISH Wireless L.L.C.'s respective tax identification numbers are 8967 and 6388. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/DBS. The location of the Debtors' corporate headquarters and the Debtors' service address is 9601 S. Meridian Blvd., Englewood, Colorado 80112.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Comcast Motion.

Wireless Debtors' assertion of force majeure and frustration of purpose defenses raised through the DISH Wireless Debtors' First Omnibus Objection to the Claims of Crown Castle, American Tower, and SBA [Docket No. 906] (the "**Claim Objection**"). In support of this Motion, Lightpath respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this Motion, the Chapter 11 Cases, and the parties affected hereby pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas,* dated May 24, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b).

2. Venue for the Chapter 11 Cases is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Lightpath consents to the entry of a final order or judgment by this Court in connection with this Motion pursuant to Federal Rule of Bankruptcy Procedure 7008. Pursuant to Bankruptcy Local Rule 7008-1, Lightpath further consents to the entry of final orders or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith, consistent with Article III of the United States Constitution.

4. The predicates for the relief requested herein are sections 105(a) and 1109 of the Bankruptcy Code and rule 2018(a) of the Bankruptcy Rules.

## BACKGROUND

5. On August 6, 2026, Lightpath filed its proof of claim asserting its claim for $85,464,369.12, a Class 2E DISH Wireless General Unsecured Claim (the "**Lightpath Claim**"),

against Debtor DISH Wireless L.L.C. ("**DISH Wireless**"), as more fully specified in the Lightpath proof of claim. In its Estimation Motion[3], DISH Wireless estimated the Lightpath Claim for voting purposes in the amount of $77,211,719, subject to its alleged force majeure and frustration of purpose defenses, which it has preserved. Lightpath is not a "tower creditor" of DISH Wireless: it is a trade creditor that provided services to DISH Wireless pursuant to customary commercial terms. DISH Wireless has not asserted that Section 502(b)(6) applies to the Lightpath Claim.

6. Beginning in September 2025, DISH Wireless asserted to Lightpath that EchoStar's sale of spectrum licenses and related FCC actions gave rise to force majeure and frustration of purpose defenses excusing its performance under multiple services agreements. DISH Wireless's force majeure position as to the Lightpath Claim is reflected in the parties' letter correspondences dated September 12, 2025, September 15, 2025, September 25, 2025, and October 24, 2025. Lightpath expects that DISH Wireless will object to the Lightpath Claim on the basis of these asserted defenses.

7. This Motion and the Comcast Motion arise from the assertion by DISH Wireless of substantially similar force majeure and frustration of purpose defenses, based on largely overlapping facts, that DISH Wireless has asserted are applicable to all 5G Network claimants (including Comcast, Lightpath and the tower claimants). Comcast filed the Comcast Motion seeking to intervene in the Claim Objection, or, in the alternative, to have the Claim Objection deemed an objection to Comcast's own proof of claim, so that it can litigate those defenses. By this Motion, Lightpath requests the same relief and to preserve its rights with respect to any such defenses asserted by DISH Wireless against the Lightpath Claim.

---

[3] As used herein, "**Estimation Motion**" means the *DISH Wireless Debtors' Motion for Entry of an Order Estimating Claims for Voting Purposes Under Rule 3018(a)(4) of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 168].

## MOTION AND JOINDER

8. Lightpath joins in and adopts the arguments and authorities set forth in the Comcast Motion regarding DISH Wireless's force majeure and frustration of purpose defenses as if fully set forth herein, in each case as respects Lightpath's own claim, contracts, and course of dealing.

9. Because DISH has asserted the same defenses against Lightpath, based on substantially overlapping facts, Lightpath has the same substantial and direct interest as Comcast in participating in and being heard on the litigation of those defenses. Resolving those defenses without Lightpath's participation would deny Lightpath due process and an opportunity to be heard on the critical issues underlying the Lightpath Claim. Accordingly, Lightpath respectfully requests that the Court grant this Motion.

## REQUEST FOR EMERGENCY CONSIDERATION

10. Lightpath respectfully requests emergency consideration of this Motion. At the September 14, 2026 status conference, the Court indicated that it intended to rule on Comcast's pending motion to intervene after October 2, 2026. Because the relief requested herein is directly related to that motion and may bear on the scope of the Court's ruling, Lightpath respectfully requests that this Motion be considered simultaneously with the Court's ruling on the pending motion to intervene. Expedited consideration will ensure that the Court has the benefit of Lightpath's position before resolving the intervention issues and will avoid potential prejudice or the need for further proceedings after a ruling is entered.

## RESERVATION OF RIGHTS

11. Lightpath expressly reserves all rights, claims, defenses, setoffs, and recoupments, and its right to amend or supplement this Motion and/or make such other and further objections as necessary or appropriate, including, but not limited to, any proposed order in regard to the Claim

Objection and the Comcast Motion. Nothing herein is intended to or shall constitute a waiver of any rights Lightpath may otherwise have or assert in these Cases.

**NOTICE**

12. Lightpath will provide notice of this Motion to: (a) the Debtors; (b) the Office of the United States Trustee for Region 7; (c) counsel to the Official Committee of Unsecured Creditors; (d) Comcast; (e) counsel to the tower companies; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be provided.

Dated: September 16, 2026
Houston, Texas

*/s/ Michael Fishel*

**FISHEL LAW GROUP**
Michael Fishel (SBN 24082998)
602 Sawyer, Suite 400
Houston, TX 77007
Telephone: (713) 294-0379
Email: michael@FishelLawGroup.com

*- and -*

**SIMPSON THACHER & BARTLETT LLP**
David R. Zylberberg (admitted *pro hac vice*)
Dov Gottlieb (admitted *pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Fax: (212) 455-2502
Email: david.zylberberg@stblaw.com
dov.gottlieb@stblaw.com

*Co-Counsel to Cablevision Lightpath LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on September 16, 2026.

*/s/ Michael Fishel*
Michael Fishel